DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
SHERRI SOKELAND KAISER, State Bar #197986
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:     (415) 554-4691
Facsimile:      (415) 554-4747
E-Mail:           sherri.kaiser@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
MAYOR GAVIN NEWSOM and POLICE CHIEF
HEATHER FONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,<br><br>            Plaintiffs,<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in his official capacity; POLICE CHIEF HEATHER FONG, in her official capacity, and Does 1-10,<br><br>            Defendants. | Case No. C09-2143 PJH<br><br>DECLARATION OF MARIA PROTTI IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION,<br>Fed. R. Civ. P. 12(b)(1)<br><br>Hearing Date:   September 23, 2009<br>Time:              9:00 a.m.<br>Place:             Courtroom 5, 17th Floor |

I, MARIA PROTTI, declare as follows:

1. I have personal knowledge of the facts stated below, except those facts stated on information and belief, which I believe to be true.

2. I am employed by the City and County of San Francisco ("the City") in the Office of the City Attorney. I have been a Deputy City Attorney in that Office since 1996, and have been Director of that Office's Law Libraries since 2000. I hold a Masters Degree in Library and Information Science, as well as a Juris Doctor degree and a Masters Degree in Public Administration. I am a member of the California Bar.

3. In my current employment capacity, my daily duties include searching legal databases such as Lexis and Westlaw and more general informational databases available on the internet. I have been using both Lexis and Westlaw on a regular basis since 1979.

4. I have taught numerous classes in legal research at the University of Oklahoma College of Law, including a course entitled "Computer Assisted Legal Research" and courses in advanced legal research. I also have taught a seminar in Law Library Information Management at the University of Oklahoma Graduate School of Library and Information Studies.

5. I understand that the plaintiffs in this lawsuit challenge Sections 613.10(g), 1290, and 4512 of the San Francisco Police Code.

6. Between July 6 and July 9, 2009, I ran computerized searches through a number of Westlaw databases for court decisions or other documents evidencing or suggesting any person has ever been prosecuted under any of these Police Code sections. Specifically, I ran searches in (1) a database composed, *inter alia,* of reported and unreported decisions and orders issued by the California state cases from 1850 to date, or by the United States Supreme Court, the Ninth Circuit Court of Appeals, or the United States District Courts located in California; (2) a database composed of opinions of the California Attorney General; and (3) a database composed of secondary California legal sources. I ran each of the aforementioned Westlaw searches using as search terms the specific code sections the plaintiffs in this suit challenge. (In the case of Police Code Section 613.10(g), I searched for any and all subsections of 613.10, rather than only for 613.10(g), because subsection (g) previously bore a different subsection designation under a prior version of 613.10.) In the

aforementioned searches, I also used as search terms descriptors derived from the subjects of the three challenged ordinances, such as "handgun," "firearm," "revolver," "locked container, and "trigger lock." These searches did not locate any decision, order, or other document that evidenced or suggested any person has ever been prosecuted for an alleged violation of Sections 613.10(g), 1290, and/or 4512 of the San Francisco Police Code.

7.   Also between July 6 and July 9, 2009, I ran computerized searches through a number of Lexis databases for documents evidencing or suggesting anyone has ever been prosecuted under Sections 613.10(g), 1290, and/or 4512 of the San Francisco Police Code. Specifically, I ran searches in (1) a Lexis database analogous to the Westlaw database composed of reported and unreported California state or federal decisions; (2) a database composed of opinions of the California Attorney General; and (3) a database composed of secondary California legal sources. I ran each of the aforementioned Lexis searches using the same substantive search terms as I had used in the Westlaw searches. (I modified the format, although not the substance, of some search terms because Lexis and Westlaw each employ somewhat different search parameters, such as punctuation). As with my Westlaw searches, none of my Lexis searches located any decision, order, or other document that indicated or suggested any person has ever been prosecuted under Sections 613.10(g), 1290, and/or 4512 of the San Francisco Police Code.

8.   Within the same timeframe, I also ran computerized searches in a historical San Francisco Chronicle newspaper database, and in a database composed of articles published in the San Francisco Chronicle from 1995 onward. These searches employed the same search terms as I had used in searching the Westlaw and Lexis databases. Again, in neither San Francisco Chronicle database did I locate any article or other document that indicated that anyone has ever been prosecuted under Sections 613.10(g), 1290, and/or 4512 of the San Francisco Police Code.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct. Executed this 9 day of July, 2009, at San Francisco, California.

*Maria Protti*
MARIA PROTTI

DECLARATION OF MARIA PROTTI                     3                         n:\govlit\li2009\091333\00567746.doc
USDC No. C09-2143 PJH