C. D. Michel - S.B.N. 144258
Don B. Kates - S.B.N. 39193
Glenn S. McRoberts - SBN 144852
Hillary J. Green - S.B.N. 243221
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445
Email: cmichel@tmllp.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ESPANOLA JACKSON,  PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL  RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,<br><br>Plaintiffs<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in his official capacity; POLICE CHIEF GEORGE GASCON, in his official capacity, and Does 1-10,<br><br>Defendants. | CASE NO. C09-2143 PJH<br><br>**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

Plaintiffs bring this Amended Complaint for Declaratory and Injunctive Relief against the above-named Defendants as a matter or course pursuant to Federal Rules of Civil Procedure, Rule 15(a)(1)(A).  Defendants have not yet filed a responsive pleading to Plaintiffs' initial complaint.  Defendants have filed a motion

1  to dismiss under Rule 12(b)(1), set for hearing September 23, 2009.   Plaintiffs seek

2  to obviate the need, if any, for such hearing by way of this amended complaint, and

3  to that end allege as follows:

4

5                              **INTRODUCTION**

6       1. Plaintiffs bring this suit to challenge the validity of San Francisco Police

7  Code §§ 4512, 1290, and 613.10(g) enacted by Defendant City and County of San

8  Francisco and enforced by its Mayor, Gavin Newsom, and its Chief of Police,

9  George Gascon (collectively, "CITY").[1] Each of these code sections violates

10 Plaintiffs' right to keep and bear arms under the Second Amendment to the United

11 States Constitution and, in particular, their right to defend themselves and others by

12 exercising that right within the sanctity of their own homes.

13      2. San Francisco Police Code § 4512 (hereafter, "Section 4512") requires that

14 handguns kept within the home be stored in a *locked* container or *disabled* with a

15 trigger lock.  Thus, Section 4512 requires Plaintiffs and other city residents to

16 render and keep their handguns inoperable and, in effect, useless for immediate

17 self-defense purposes.

18      3. The United States Supreme Court recently struck down a similar "trigger

19 lock" ordinance in *District of Columbia v. Heller*, 128 S. Ct. 2783, 2818, 171 L.

20 Ed. 637, 680 (2008), holding "the District's requirement (as applied to respondent's

21 handgun) that firearms in the home be rendered and kept inoperable at all times . . .

22 makes it impossible for citizens to use them for the core lawful purpose of self-

23 defense and is hence unconstitutional."

24      4. CITY's requirement that handguns in the home be stored in a locked

25

26 _____

27   [1]George Gascon recently replaced former Chief of Police, Heather Fong, who
   retired after the initial Complaint was filed. As Chief Fong was sued in her
28   official capacity, only, Plaintiffs take this opportunity to substitute in Chief
   Gascon.

1 container or disabled with a trigger lock likewise makes it impossible for city

2 residents, including Plaintiffs, to use their handguns for the core lawful purpose of

3 self-defense – particularly in urgent, life-threatening situations when the need to

4 exercise the Constitutional right to self-defense is most acute. As the Supreme

5 Court in *Heller* recognized, in such life-threatening situations, one has little time –

6 if any – to fumble around in the dark and remove a trigger lock or open and retrieve

7 a handgun from a safe to ward off a violent attack. As in *Heller*, CITY's

8 requirements here violate Plaintiffs' right to defend themselves against such attacks

9 by exercising their Second Amendment right to keep and bear arms.

10     5. In addition, San Francisco Police Code § 1290's blanket prohibition against

11 the "discharge [of] any firearms" within the City and County of San Francisco –

12 with no exception for self-defense discharges within the home – violates Plaintiffs'

13 right to keep and bear arms in defense of self and others as guaranteed by the

14 Second Amendment. Section 1290 criminalizes and deters the exercise of that

15 right.

16     6. Plaintiffs also challenge on Second Amendment grounds CITY's ban on

17 the sale, lease or transfer of ammunition that "serves no sporting purpose." (San

18 Francisco Police Code § 613.10(g), hereafter "Section 613.10(g)".) Banning

19 ammunition because it "serves no sporting purpose" places an unnecessary and

20 undue burden upon the right to keep and bear arms for their "core lawful purpose of

21 self-defense." Self-defense is not a "sport."

22     7. Section 613.10(g) also bans all ammunition designed to expand or

23 fragment upon impact. Section 613.10(g)'s ban is grossly overinclusive, in effect,

24 banning all ammunition designed for close-quarters self-defense purposes. As a

25 result, Plaintiffs are prohibited from purchasing ammunition commonly used

26 nationwide for self-defense – the same ammunition used by law enforcement for

27 defense of self and others. Banning the sale of ammunition specifically designed

28 for self-defense violates Plaintiffs' right to keep and bear arms under the Second

1   Amendment and defeats its "core lawful purpose of self-defense."

2       8.  Moreover, Section 613.10(g)'s ban on the sale/purchase of any and all

3   ammunition that "serves no sporting purpose" is vague and overbroad, and fails to

4   adequately inform Plaintiffs or anyone about which ammunition is in fact banned,

5   in violation of Plaintiffs' rights to Due Process under the Fifth Amendment.

6       9.  Accordingly, Plaintiffs seek declaratory and injunctive relief to invalidate

7   and halt CITY's enforcement of Sections 4512, 1290, and 613.10(g).

8                           **JURISDICTION and VENUE**

9       10.  The Court has original jurisdiction of this civil action pursuant to 28

10  U.S.C. § 1331 because the action arises under the Constitution and laws of the

11  United States, thus raising federal questions.  The Court also has jurisdiction under

12  28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 in that this action seeks to redress the

13  deprivation, under color of the laws, statutes, ordinances, regulations, customs and

14  usages of the State of California and political subdivisions thereof, of rights,

15  privileges or immunities secured by the United States Constitution and by Acts of

16  Congress.  The Court has supplemental jurisdiction over Plaintiffs' state law claims

17  asserted herein under 28 U.S.C. § 1367 because such claims arise out of the same

18  case or controversy as the federal claims.

19      11.  Plaintiffs' claims for declaratory and injunctive relief are authorized by 28

20  U.S.C. §§ 2201 and 2202, respectively.

21      12.  Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2),

22  because a substantial part of the events or omissions giving rise to the claims

23  occurred in this district.

24                          **INTRADISTRICT ASSIGNMENT**

25      13.  Pursuant to Civil Local Rule 3-2(c), this action arises in the County of San

26  Francisco because a substantial part of the events or omissions giving rise to the

27  claims occurred in that County.  Pursuant to Civil Local Rule 3-2(d), this action

28  should be assigned to either the San Francisco or Oakland Division.

**PARTIES**

14. Plaintiff Espanola Jackson is a seventy-four-year-old woman who resides in San Francisco. She is an African American civil rights activist who owns handguns and keeps them in her home for self-defense and other lawful purposes.

15. Plaintiff Paul Colvin is an eighty-four-year-old resident of San Francisco, who owns handguns and keeps them in his home for self-defense and other lawful purposes. Due to his age, Plaintiff Colvin finds opening a gun safe or unfastening a trigger lock to be difficult.

16. Plaintiff Thomas Boyer is a resident of San Francisco. He is a gay civil rights activist and an officer of the San Francisco Chapter of Pink Pistols, an organization that represents the interests of gay, lesbian, bisexual and transgendered firearms owners, with specific emphasis on self-defense issues, in over 32 states with 40 chapters. Mr. Boyer owns handguns and keeps them in the home for self-defense and other lawful purposes.

17. Plaintiff Larry Barsetti is a resident of San Francisco. He is a retired police officer and Secretary of the San Francisco Veteran Police Officer's Association. He, as well as many other veteran police officers, owns handguns and keeps them in the home for self-defense and other lawful purposes.

18. Plaintiff David Golden is a resident of San Francisco who owns handguns and keeps them in the home for self-defense and other lawful purposes. He has been harassed by city agencies regarding the manner of storage of firearms in his home.

19. Plaintiff Noemi Margaret Robinson is a female homeowner in San Francisco who owns handguns and keeps them in the home for self-defense and other lawful purposes.

20. Plaintiff National Rifle Association of America, Inc. (hereafter "NRA") is a non-profit association incorporated under the laws of New York, with its principal place of business in Fairfax, Virginia. The NRA has a membership of

1   approximately 4 million persons.  NRA members reside in the City and County of

2   San Francisco, including Plaintiff David Golden.  The purposes of the NRA include

3   protection of the right of citizens to have firearms for the lawful defense of their

4   families, persons, and property, and to promote public safety and law and order.

5   The NRA brings this action on behalf of itself and its members, some of whom

6   reside in, and others of whom travel through, the City and County of San Francisco.

7        21.  Plaintiff San Francisco Veteran Police Officers Association (hereafter,

8   "SFVPOA") is an organization that represents the interests of veteran police

9   officers in the City and County of San Francisco.  Many of these veteran police

10  officers own handguns and live within the City and County of San Francisco,

11  including Plaintiff Larry Barsetti.

12       22.  Each of the individual Plaintiffs identified above are citizens and

13  taxpayers of the City and County of San Francisco who presently intend to keep

14  their handguns within the home in a manner ready for immediate use to protect

15  themselves and their families from attack by violent intruders, as is their right under

16  the Second Amendment to the United States Constitution – a right the CITY now

17  denies them by: (1) forcing them to keep their guns in an inoperable condition

18  pursuant to Section 4512; and (2) forcing them to use only ammunition that "serves

19  a sporting purpose" pursuant to Section 613.20(g).  Plaintiffs also fear prosecution

20  under Section 1290 for discharging a firearm within city limits should they

21  discharge a firearm while exercising their right to self-defense while in the home.

22       23.  The individual Plaintiffs presently intend to and forthwith would keep

23  their handguns operable within the home, i.e., not disabled by a trigger lock or

24  locked in a container, and loaded with ammunition designed for self-defense, e.g.,

25  hollow-point or frangible ammunition, if this court declared the ordinances

26  challenged herein void and unenforceable or otherwise enjoined their enforcement.

27       24.  Each of the associational Plaintiffs identified above has individual

28  members who, like the named individual Plaintiffs, are citizens and taxpayers of the

City and County of San Francisco who have an acute interest in keeping their handguns within the home in a manner ready for immediate use to protect themselves and their families, but are prevented from doing so by CITY's enforcement of Sections 4512, 1290, and 613.10(g), and thus have standing to seek declaratory and injunctive relief to halt that enforcement; the interests of these members are germane to their respective associations' purposes; and neither the claims asserted nor the relief requested herein requires that these members participate in this lawsuit individually.

25. Many members of the associational Plaintiffs presently intend to and forthwith would keep their handguns operable within the home, i.e., not disabled by a trigger lock or locked in a container, and loaded with ammunition designed for self-defense, e.g., hollow-point or frangible ammunition, if this court declared the ordinances challenged herein void and unenforceable or otherwise enjoined their enforcement.

26. Defendant City and County of San Francisco is a municipal corporation acting as such by and under state law. Defendant City and County of San Francisco is a "person" acting under color of state law within the meaning of 42 U.S.C. § 1983, and principally responsible for implementing and enforcing Sections 4512, 1290, and 613.10(g).

27. Defendant Gavin Newsom is the current mayor and chief executive officer of Defendant City and County of San Francisco. Defendant Newsom is an agent, servant, and/or employee of Defendant City and County of San Francisco, acting under color of state law as that phrase is used in 42 U.S.C. § 1983, responsible for enforcing Sections 4512, 1290 and 613.10(g). Defendant Newsom is sued in his official capacity.

28. Defendant George Gascon is the Chief of Police of Defendant City and County of San Francisco. Defendant Gascon is an agent, servant, and/or employee of Defendant City and County of San Francisco, acting under color of state law as

1  that phrase is used in 42 U.S.C. § 1983, responsible for enforcing Sections 4512,

2  1290 and 613.10(g). Defendant Gascon is sued in his official capacity.

3  **GENERAL ALLEGATIONS**

4  29. In August of 2007, Defendant Newsom signed into law and CITY began

5  enforcing San Francisco Police Code § 4512, which provides in pertinent part: "No

6  person shall keep a handgun within a residence unless the handgun is stored in a

7  locked container or disabled with a trigger lock that has been approved by the

8  California Department of Justice." (A copy of San Francisco Police Code § 4512 is

9  attached hereto as Exhibit "A" and incorporated herein.)

10  30. Under CITY's policy, a person may not keep a working handgun in the

11  home for emergency use – at least not one that is readily accessible and unsecured

12  by locking devices, which is by definition what is required in an emergency. In

13  short, the CITY's policy renders a person's handgun useless in a self-defense

14  emergency, just as it renders one's right to keep and bear arms in the home for self-

15  defense meaningless. Moreover, CITY's trigger lock requirement has no exception

16  for self-defense use, subjecting anyone who uses a handgun in self-defense in the

17  home to possible arrest and prosecution.

18  31. On June 26, 2008, the United States Supreme Court held in *District of*

19  *Columbia v. Heller*, 128 S. Ct. 2783, 2821-22 (2008), that "the District's ban on

20  handgun possession in the home violates the Second Amendment, as does its

21  prohibition against rendering any lawful firearm in the home operable for

22  immediate self-defense."

23  32. The *Heller* decision invalidated CITY's policy under San Francisco's

24  Section 4512 that prohibits the rendering of lawful handguns in the home operable

25  for immediate self-defense by requiring all handguns to be stored in a locked

26  container or disabled with a trigger lock.

27  33. In addition to rendering Plaintiffs' handguns inoperable within the home

28  for immediate self-defense, CITY prohibits the sale of ammunition intended for use

1    in self-defense situations, pursuant to Section 613.10(g).  Thus, in the unlikely

2    event that Plaintiffs have sufficient time to render their handguns operable to ward

3    off  attacks within their homes, CITY requires them to do so only with ammunition

4    suitable for "sporting purposes," rather than ammunition specifically designed for

5    use in self-defense emergencies.  This further limits the ability of Plaintiffs to

6    adequately and safely defend themselves and their families within the sanctity of

7    their own homes, as is their right under the Second Amendment.

8        34.  CITY also prohibits the discharge of any firearm within city limits,

9    pursuant to Section 1290, without any exception for self-defense, thereby

10   subjecting Plaintiffs and others within the city to criminal charges for discharging a

11   firearm within their homes in defense of themselves or others.

12       35.  To date, CITY has failed to repeal and continues to enforce Sections

13   4512, 1290 and 613.10(g) despite the Supreme Court's ruling in *Heller* that the

14   Second Amendment guarantees the right of individuals to keep and bear arms and,

15   specifically, to keep handguns in the home operable for immediate self-defense.

16       36.  Plaintiffs Espanola Jackson, Paul Colvin, Thomas Boyer, Larry Barsetti,

17   David Golden, and Noemi Margaret Robinson, are responsible law-abiding adults

18   qualified to own firearms under the laws of the United States and the laws of the

19   State of California.  Plaintiffs seek to lawfully possess handguns in their homes in

20   an operable state for immediate self-defense use, along with handgun ammunition

21   intended for use in defense of self or others.

22       37.  Plaintiffs presently intend to exercise their rights to defend themselves,

23   their homes and families by keeping firearms in the home, including handguns,

24   available for immediate use by assembling them, removing trigger locks, removing

25   them from locked storage containers, and loading them with the appropriate

26   ammunition and, if necessary, discharging them in defense of self or others.

27   CITY's policies under Sections 4512, 1290 and 613.10(g) prevent them from doing

28   so and otherwise criminalize the exercise of Plaintiffs' Second Amendment rights.

38.  Because CITY has not repealed and continues to enforce Sections 4512, 1290 and 613.10(g), Plaintiffs continue to face the potential for criminal prosecution by exercising their Constitutional right to keep a handgun in the home that is operable for immediate self-defense, to use ammunition suitable for that purpose and, if necessary, to discharge the handgun in defense of themselves or others.

39.  Because CITY has not repealed and continues to enforce Sections 4512, 1290 and 613.10(g), Plaintiffs are subjected to irreparable harm in that they are unable to keep their handguns within the home in a manner ready for immediate use to protect themselves and their families from attack by violent intruders.  But for these provisions, Plaintiffs would forthwith, at any time they deem it reasonable and necessary, keep their handguns in their residences without being stored in a locked container or disabled with a trigger lock; would forthwith purchase ammunition designed for self-defense use without regard to whether it serves any sporting purpose; and would discharge their firearms if threatened with imminent deadly force consistent with the laws of the State of California.

## DECLARATORY JUDGMENT ALLEGATIONS

40.  There is an actual and present controversy between the parties hereto in that Plaintiffs contend that CITY's policy of forbidding residents from possessing handguns in an operable condition, loaded with suitable ammunition, and available for immediate use in self-defense is unlawful, and presents an ongoing, unnecessary – and dangerous –  burden on Plaintiffs' right to self-defense under the Second Amendment, as does the threat of prosecution for discharging a firearm in self-defense.  CITY denies these contentions.  Plaintiffs desire a judicial declaration of their rights and CITY's duties, namely, that CITY's policies under Sections 4512, 1290 and 613.10(g) violate Plaintiffs' Second Amendment rights.  Plaintiffs should not have to face criminal prosecution by CITY for exercising their Constitutional right to keep and bear arms to defend themselves and their families or,

1 alternatively, give up those rights in order to comply with the CITY ordinances
2 challenged herein.

3 **INJUNCTIVE RELIEF ALLEGATIONS**

4     41.  If an injunction does not issue enjoining CITY from enforcing Sections
5 4512, 1290 and 613.10(g), Plaintiffs will be irreparably harmed.  Plaintiffs are
6 presently and continuously injured by these laws insofar as they preclude them
7 from effectively exercising their Second Amendment right to defend themselves
8 and their families within the sanctity of their own homes.  Sections 4512 and
9 613.10(g) deny Plaintiffs the right to keep and bear handguns in the home that are
10 immediately usable for self-defense and loaded with ammunition suitable for that
11 purpose – or to keep and use such firearms and ammunition in that manner and for
12 that purpose without fear of criminal prosecution under those sections and Section
13 1290.

14     42.  If not enjoined by this Court, CITY will continue to enforce Sections
15 4512, 1290 and 613.10(g) in derogation of Plaintiffs' Second Amendment rights.

16     43.  Plaintiffs have no plain, speedy, and adequate remedy at law.  Damages
17 are indeterminate or unascertainable and, in any event, would not fully redress any
18 harm suffered by Plaintiffs as a result of being unable to access an operable
19 handgun loaded with appropriate ammunition for the defense of themselves and
20 their families.

21     44.  Finally, the "irreparable harm" and unascertainable "damage" that could
22 result from CITY's ongoing violation of Plaintiffs' Constitutional right to keep and
23 bear arms in defense of themselves and their families – within the sanctity of their
24 own homes – includes severe physical injury and death.

25     45.  The injunctive relief sought would eliminate that irreparable harm, and
26 allow Plaintiffs to defend themselves in accordance with their right to do so under
27 state and federal law.  Accordingly, injunctive relief is appropriate.

28 / / /

## FIRST CLAIM FOR RELIEF: VALIDITY OF SFPC § 4512

### Violation of the Second Amendment Right to Keep and Bear Arms

(U.S. Const., Amend.'s II and XIV)

46. Paragraphs 1-45 are realleged and incorporated herein by reference.

47. The Fourteenth Amendment to the United States Constitution provides in part: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law . . . ." The Second Amendment is applicable to the States and political subdivisions thereof through the Fourteenth Amendment.

48. The Second Amendment to the United States Constitution provides: "A well regulated militia, being necessary to the security of a free State, the right of the people to keep and bear arms, shall not be infringed." The Supreme Court of the United States has interpreted the Second Amendment to at a minimum guarantee the right of responsible, law-abiding adults to keep firearms in their dwellings in a condition suitable for immediate self-defense.

49. The Fourteenth Amendment to the United States Constitution extends that guarantee through its Due Process Clause so as to apply against state and local government entities, including CITY.

50. CITY's enactment in August of 2007 and enforcement of Section 4512, which mandates all handguns kept in the home be stored in a locked container or disabled with a trigger lock, precludes Plaintiffs from keeping a handgun in the home that is operable for immediate self-defense.

51. CITY's continued enforcement of Section 4512 under color of state law impermissibly infringes upon the right of the people, including Plaintiffs herein, to keep and bear arms as guaranteed by the Second Amendment to the United States Constitution.

52. Regarding enforcement of Section 4512, CITY has publicly stated that:

1   "Just because you legally possess a gun in the sanctity of your locked home doesn't

2   mean that we're not going to walk into that home and check to see if you're being

3   responsible and safe in the way that you conduct your affairs."

4       53.  On May 6, 2009, a city official came unannounced to Plaintiff Golden's

5   San Francisco residence and demanded to see his firearms – firearms he legally

6   possessed – to determine whether they were properly stored in a locked box.

7       54.  CITY has no documents indicating that it has advised the public or its law

8   enforcement personnel that it did not intend to enforce Section 4512 when it was

9   passed in August 2007, nor that it has stopped enforcing Section 4512 at any time

10  following its enactment.

11      55.  On information and belief, CITY has never advised the public or its law

12  enforcement personnel that it did not intend to enforce Section 4512 when it was

13  passed in August 2007, nor that it has stopped enforcing Section 4512 at any time

14  following its enactment.

15

16  **SECOND CLAIM FOR RELIEF: VALIDITY OF SFPC § 613.10(g)**

17  **Violation of the Second Amendment Right to Keep and Bear Arms**

18  (U.S. Const., Amend.'s II and XIV)

19      56.  Paragraphs 1- 55 are realleged and incorporated herein by reference.

20      57.  CITY's enactment and enforcement of San Francisco Police Code

21  § 613.10(g), which bans the sale of any ammunition that "serves no sporting

22  purpose" or is designed to expand or fragment upon impact is contrary to and

23  infringes upon the Second Amendment right to keep and bear arms for defense of

24  self and others.

25      58.  The ammunition specifically banned by Section 613.10(g) (hollow-point

26  and similar ammunition) is the very type of ammunition most suitable for self-

27  defense, especially in close quarters, e.g., within one's home, because it has greater

28  stopping power and is less likely to pass through the intended target or ricochet off

1   hard surfaces and injure innocent bystanders. That is a primary reason such

2   ammunition is used – and preferred – by law enforcement. CITY recognizes this

3   fact, as is evident in the exception provided in Section 613.10(g) for the purchase

4   of "conventional hollow-point ammunition with a solid lead core when the

5   purchase is made for official law enforcement purposes."

6       59. Ammunition that is designed to expand or fragment upon impact is the

7   antithesis of so-called "cop-killer" ammunition, which is designed to penetrate

8   body armor (and whose sale is otherwise prohibited by California and federal law).

9   Plaintiffs are *not* seeking legalization of "cop-killer" ammunition.

10       60. Prohibiting law-abiding residents from using the type of ammunition best

11   suited for self-defense conflicts with Plaintiffs' right to self-defense, which is at the

12   core of the Second Amendment right to keep and bear arms, rendering the

13   ammunition ban unconstitutional.[2]

14

15       [2] San Francisco Police Code section 613.10(g) reads in full, as follows:

16

17   (g) The licensee shall not sell, lease or otherwise transfer to any person any
ammunition that:

18   (1) Serves no sporting purpose;

19   (2) Is designed to expand upon impact and utilize the jacket, shot or materials

20   embedded within the jacket or shot to project or disperse barbs or other objects
that are intended to increase the damage to a human body or other target

21   (including, but not limited to, Winchester Black Talon, Speer Gold Dot, Federal

22   Hydra-Shok, Hornady XTP, Eldorado Starfire, Hollow Point Ammunition and
Remington Golden Sabre ammunition; or

23   (3) Is designed to fragment upon impact (including, but not limited to, Black

24   Rhino bullets and Glaser Safety Slugs).

25   This subsection does not apply to conventional hollow-point ammunition with a
solid lead core when the purchase is made for official law enforcement purposes

26   and the purchaser is authorized to make such a purchase by the director of a
public law enforcement agency such as the Chief of the San Francisco Police

27   Department or the Sheriff of the City and County of San Francisco.

28

61.   CITY has no documents indicating that it has advised the public or its law enforcement personnel that it did not intend to enforce Section 613.10(g) when it was passed, nor in August 2007 when Section 613.10 was last amended, nor that it has stopped enforcing Section 613.10(g) at any time following its enactment.

62.   On information and belief, CITY never has advised the public or its law enforcement personnel that it did not intend to enforce Section 613.10(g) when it was passed, nor in August 2007 when Section 613.10 was last amended, nor that it has stopped enforcing Section 613.10(g) at any time following its enactment.

## THIRD CLAIM FOR RELIEF: VALIDITY OF SFPC § 1290

### Violation of the Second Amendment Right to Keep and Bear Arms

(U.S. Const., Amend.'s II and XIV)

63.   Paragraphs 1- 62 are realleged and incorporated herein by reference.

64.   CITY's enactment and enforcement of San Francisco Police Code § 1290, which criminalizes the discharge of any firearms within the City and County of San Francisco, without a self-defense exception, further threatens to punish Plaintiffs for discharging any firearm, including a handgun lawfully used within the home for self-defense, all in violation of Plaintiffs' right to keep and bear arms under the Second Amendment.[3]

65.   CITY has a history of enforcing or threatening to enforce Section 1290. San Francisco police have advised homeowners, who have otherwise lawfully discharged firearms in self-defense to thwart late-night criminal attacks in their

---

[3] Section 1290 reads, in full, as follows:
   No person or persons, firm, company, corporation or association shall fire or discharge any firearms or fireworks of any kind or description within the limits of the City and County of San Francisco. Provided, however, that public displays of fireworks may be given with the joint written consent of the Fire Marshal and the Chief of Police.

1  homes, that they would be arrested for discharging their firearms unless they stated
2  the discharges were "accidental." The police further advised these homeowners
3  that it was the city's policy to arrest anyone who discharged a firearm within the
4  city, and that there was no exception for discharges within one's home while
5  defending oneself from criminal attack.

6      66. CITY has no documents indicating that it has advised the public or its law
7  enforcement personnel that it did not intend to enforce Section 1290 when it was
8  enacted in October 1938, nor that it has stopped enforcing Section 1290 at any time
9  following its enactment.

10      67. On information and belief, CITY never has advised the public or its law
11  enforcement personnel that it did not intend to enforce Section 1290 when it was
12  enacted in October 1938, nor that it has stopped enforcing Section 1290 at any time
13  following its enactment.

14

15  **FOURTH CLAIM FOR RELIEF: VALIDITY OF SFPC § 613.10(g)**
16  **Violation of the Fifth Amendment Right to Due Process**
17  (U.S. Const., Amend. V and XIV)

18      68. Paragraphs 1-67 are realleged and incorporated herein by reference.

19      69. Section 613.10(g) bans the sale (and necessarily the purchase) of
20  ammunition that "[s]erves no sporting purpose" or is designed to expand or
21  fragment upon impact. This provision, on its face and as applied, is vague insofar
22  as it fails to give the person of ordinary intelligence a reasonable opportunity to
23  know what is prohibited, so that he or she may act accordingly.

24      70. Section 613.10(g) also fails to provide explicit standards for those who
25  must apply it, and thus impermissibly delegates basic policy matters to policemen,
26  judges, and juries for resolution on an ad hoc and subjective basis, with the
27  attendant dangers of arbitrary and discriminatory application of CITY's sales ban.

28      71. Moreover, the provisions, in particular the undefined phrase, "serves no

1   sporting purpose," inevitably leads citizens – both sellers and buyers of ammunition

2   – to steer far wider of the "unlawful zone" of conduct  than if the boundaries of the

3   forbidden areas were clearly marked, thus further undermining Plaintiffs' ability to

4   exercise their right to keep and bear arms under the Second Amendment.

5        72.  Section 613.10(g) also is overbroad, both on its face and as applied,

6   inasmuch as not all ammunition unsuitable for "sporting purposes" or designed to

7   expand or fragment upon impact is unsuitable for self-defense purposes, and thus

8   the provisions of Section 613.10(g) prohibit and/or deter protected conduct,

9   specifically activity (the purchase of ammunition) necessarily associated with the

10  right to keep and bear arms for self-defense under the Second Amendment.

11       73.  The vague and overbroad provisions of Section 613.10(g) violate

12  Plaintiffs' right to Due Process under the Fifth Amendment.

13

14           **FIFTH CLAIM FOR RELIEF:**

15      **VALIDITY OF SFPC §§ 4512, 1290 and 613.10(g)**

16    **Violation of the Right to Self-Defense Under State Law**

17        (Cal. Const., art. 1 § 1, Cal. Penal Code § 12026)

18       74.  Paragraphs 1-74 are realleged and incorporated herein by reference.

19       75.  Each of the municipal ordinances, Sections 4512, 1290 and 613.10(g),

20  challenged above under federal law also violates pertinent California laws,

21  including California Penal Code § 12026(b), and innumerable statutes which

22  authorize, either expressly or implicitly, the use of firearms in self-defense.

23  California public policy likewise implies the right to discharge handguns or other

24  firearms for defense of self, family, home and business.  In particular, California

25  law guarantees the right of law-abiding responsible adults to acquire and possess

26  lawful handguns in their own homes and offices for defense of self, family, home

27  and business, as recognized in *Fiscal v. City and County of San Francisco*, 158

28  Cal.App.4th 895, 907-908 (2008).

76.  In addition, California Constitution Article 1, § 1 guarantees certain inalienable rights, among them the right to defend one's life, liberty, and property. Section 1 provides, in full, as follows:

§ 1. Inalienable rights

All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

77.  California Penal Code § 12026 (b) guarantees the right of law-abiding responsible adults to acquire and possess lawful handguns in the sanctity of their own homes and offices for lawful purposes, including the exercise of their Constitutional right to self-defense under Article 1, Section 1, quoted above.  Penal Code section 12026, subdivision (b) reads in full:

No permit or license to purchase, own, possess, keep, or carry, either openly or concealed, shall be required of any citizen of the United States or legal resident over the age of 18 years who resides or is temporarily within this state, and who is not within the excepted classes prescribed by Section 12021 or 12021.1 of this code [relating to certain persons convicted of crimes and to narcotics addicts] or Section 8100 or 8103 of the Welfare and Institutions Code [relating to persons with mental disorders], to purchase, own, possess, keep, or carry, either openly or concealed, a pistol, revolver, or other firearm capable of being concealed upon the person within the citizen's or legal resident's place of residence, place of business, or on private property owned or lawfully possessed by the citizen or legal resident.

78.  Implicit in Penal Code § 12026(b) guaranteeing the right of law-abiding responsible adults to acquire and possess handguns in their homes and offices is

1  that those whom California law authorizes to possess handguns are entitled to
2  discharge them when in defense of self, family, home and business, and otherwise
3  exercise their right to defend their life, liberty and property under Article 1, Section
4  1 of the California Constitution.

5  79.  As noted above in the claims for relief under federal law, the provisions of
6  Section 4512 render handguns inoperable and thus useless in self-defense
7  emergencies; Section 1290 prohibits the discharge of any firearm – with no
8  exception for self-defense use within the home or on private property (where Penal
9  Code § 12026 entitles one to possess a handgun); and Section 613.10(g) bans the
10  sale (and consequently the purchase and use) of ammunition designed specifically
11  for self-defense.

12  80.  Therefore, San Francisco Police Code Sections 4512, 1290 and 613.10(g),
13  separately and/or in combination, infringe upon the right to self-defense recognized
14  and guaranteed by the Article 1, Section 1 of the California Constitution, in
15  conjunction with laws such as Penal Code § 12026(b) which make it clear that,
16  under California law, the right to self-defense contemplates and includes the lawful
17  use of handguns.[4]

18  81.  Accordingly, Plaintiffs are entitled to declaratory and injunctive relief to
19  stop CITY's enforcement of these three sections.

20
21  **PRAYER**
22  WHEREFORE Plaintiffs pray for relief as follows:

23  1) For a declaration that San Francisco Police Code § 4512 infringes upon the
24  right to keep and bear arms protected by the Second Amendment, as incorporated

25

26
27  [4] Plaintiffs recognize that under current state law, Article 1, Section 1, standing
    alone, does not expressly guarantee an individual right to keep and bear arms,
28  only an inalienable right to defend one's life, liberty, and property. (*Kasler v.
    Lockyer*, 23 Cal. 4th 472, 481 (2000).)

into the Fourteenth Amendment, by impermissibly forbidding residents from keeping handguns in the home available for immediate use in defense of self and others;

2) For a preliminary and permanent prohibitory injunction forbidding CITY and its agents, employees, officers, and representatives, including Defendants Mayor Newsom and Police Chief Gascon, from enforcing, or attempting to enforce San Francisco Police Code § 4512;

3) For a declaration that San Francisco Police Code § 613.10(g) infringes upon the right to keep and bear arms protected by the Second Amendment, as incorporated into the Fourteenth Amendment, by impermissibly forbidding dealers from selling (and residents from purchasing) ammunition designed for use in defense of self and others within the City and County of San Francisco;

4) For a declaration that San Francisco Police Code § 613.10(g) is, on its face and as applied, vague and overbroad in violation of Plaintiffs' right to Due Process under the Fifth Amendment, as incorporated into the Fourteenth Amendment.

5) For a preliminary and permanent prohibitory injunction forbidding CITY and its agents, employees, officers, and representatives, including Defendants Mayor Newsom and Police Chief Gascon, from enforcing, or attempting to enforce San Francisco Police Code §613.10(g);

6) For a declaration that San Francisco Police Code § 1290 infringes upon the right to keep and bear arms protected by the Second Amendment, as incorporated into the Fourteenth Amendment, by impermissibly forbidding the discharge of any firearm within the City and County of San Francisco, without an exception for otherwise lawfully discharging a firearm within the home or on private property for the defense of self and others;

7) For a preliminary and permanent prohibitory injunction forbidding CITY and its agents, employees, officers, and representatives, including Defendants Mayor Newsom and Police Chief Gascon, from enforcing, or attempting to enforce

1  San Francisco Police Code § 1290;

2  　　8) In the alternative, under Plaintiffs' Fifth Claim for Relief pursuant to

3  California law, for: (1) a declaration that San Francisco Police Code §§ 4512, 1290,

4  and/or 613.10(g) infringe upon the right to use a handgun in defense of self and

5  others guaranteed by Article 1, section 1 of the California Constitution in

6  conjunction with California Penal Code § 12026 and related state laws; and (2) a

7  preliminary and permanent prohibitory injunction forbidding CITY and its agents,

8  employees, officers, and representatives, including Defendants Mayor Newsom and

9  Police Chief Gascon,  from enforcing, or attempting to enforce San Francisco

10  Police Code §§ 4512, 1290 and/or 613.10(g);

11  　　9) For remedies available pursuant to 42 U.S.C. § 1983 and for an award of

12  reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988,

13  California Code of Civil Procedure § 1021.5 (private attorney general statute)

14  and/or other applicable state and federal law;

15  　　10)  For such other and further relief as may be just and proper.

16  Date: August 24, 2009　　　　　　　MICHEL & ASSOCIATES, P.C.

19  　　　　　　　　　　　　　　　　/S/
20  　　　　　　　　　　　　　　　C. D. Michel
　　　　　　　　　　　　　　　　Attorney for Plaintiffs