| | |
|---|---|
| 1 | C. D. Michel - S.B.N. 144258 |
| | Don B. Kates - S.B.N. 39193 |
| 2 | Glenn S. McRoberts - SBN 144852 |
| | Hillary J. Green - S.B.N. 243221 |
| 3 | MICHEL & ASSOCIATES, LLP |
| | 180 E. Ocean Boulevard, Suite 200 |
| 4 | Long Beach, CA 90802 |
| | Telephone: 562-216-4444 |
| 5 | Facsimile: 562-216-4445 |
| | Email: cmichel@michelandassociates.com |
| 6 | |
| 7 | Attorneys for Plaintiffs |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, <br><br> Plaintiffs <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in his official capacity; POLICE CHIEF HEATHER FONG, in her official capacity, and Does 1-10, <br><br> Defendants. | CASE NO. C09-2143 PJH <br><br> **NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Hearing Date: October 21, 2009 <br> Time: 9:00 a.m. <br> Place: Courtroom 5, 17th Fl. <br><br> Hon. Phyllis J. Hamilton |

TO DEFENDANT CITY AND COUNTY OF SAN FRANCISCO, et al.:

PLEASE TAKE NOTICE that on October 21, 2009, at 9:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Phyllis J. Hamilton in Courtroom 5 of the above-referenced Court, located at 450 Golden Gate Avenue,

1  San Francisco, California, Plaintiffs will and hereby do move the Court to stay all
2  proceedings in this action pending a final decision by the United States Court of
3  Appeals for the Ninth Circuit following its en banc review of *Nordyke v. King*, 563
4  F.3d 439 (9th Cir. 2009), on the grounds that the current action is premised on the
5  decision in *Nordyke* and staying this case pending a decision in that action will
6  conserve judicial resources without causing Defendants prejudice.
7      The motion to stay is based on the memorandum of points and authorities,
8  below, the Declaration of C. D. Michel filed herewith, the pleadings, records and
9  papers filed herein, and such other evidence or argument as may be presented at or
10 by the hearing on the motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION & PROCEDURAL POSTURE**

    Plaintiffs' Complaint for Declaratory and Injunctive Relief challenges, primarily on Second Amendment grounds, the validity of three firearms-related ordinances enacted by the City and County of San Francisco. Plaintiffs filed their complaint on May 15, 2009, the month following the decision in *Nordyke v. King*, 563 F.3d 439 (9th Cir. 2009), wherein the court held that the Second Amendment is incorporated by the Fourteenth and therefore applicable to state and local government action. In short, Plaintiffs' main claims arise from Defendants' alleged violations of Plaintiffs' Second Amendment rights, rights enforceable against Defendants as a consequence of the *Nordyke* decision.

    In response, on July 9, 2009, Defendants filed a 12(b)(1) motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction. The hearing is set for September 23, 2009.

    On July 29, 2009, the Ninth Circuit Court of Appeals on its own motion issued an order for *Nordyke* to be reheard en banc. By separate order on that date, the Court advised the parties that en banc oral argument would take place during the week of September 21, 2009. On August 21, 2009, the Court set the en banc

1 | hearing for September 24. Thus, the law supporting Plaintiffs' case is in limbo.
2 | Whether the *en banc* panel upholds, refines, or reverses the three-judge panel's
3 | ruling on Second Amendment incorporation will seriously impact the instant
4 | action, hence the need for a stay. (*See* Declaration of C.D. Michel, filed herewith,
5 | and orders attached thereto.)

On August 24, 2009, Plaintiffs filed their AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, in part, in response to concerns raised in Defendants' motion to dismiss and to obviate the need for further briefing or hearing on that motion.

## II. ARGUMENT

### A. A Stay will Preserve Judicial Resources and Allow the Major Issue in the Instant Action to be Resolved by an En Banc Panel of the Ninth Circuit Court of Appeals in the Near Future

With the Appellate Court decision to rehear *Nordyke*, en banc, the legal basis for the instant action, Second Amendment incorporation, is once again an open question. Part of the Appellate Court's Order of July 29, 2009, regarding en banc review was a reminder that *Nordyke* cannot be cited as authority for any proposition. Thus the initial inquiry by this Court in the instant action would be whether or not the Second Amendment applies to the City and County of San Francisco, i.e., whether it is incorporated by the Fourteenth Amendment to apply against the states and their subdivisions. That is the primary question before the Appellate Court in its en banc review of *Nordyke*, set for hearing September 24, 2009. Because the Appellate Court should resolve the issue of incorporation within a few months thereafter, it would be a waste of judicial resources for this court to engage in an identical inquiry regarding incorporation, or for the parties to brief the issue. In short, a stay will prevent the waste of judicial resources in litigating issues in the instant action that will undoubtedly be resolved shortly following the Ninth Circuit's en banc review of the *Nordyke* opinion.

Granting a stay under these circumstances is well within this Court's

discretion. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 680, 706 (1997). In particular, district courts have authority under Federal Rule of Civil Procedure 16(a)(3) to schedule proceedings in a case to "discourag[e] wasteful pretrial activities." As the Ninth Circuit has noted, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1111 (9th Cir. 2005) (quoting *Leyva v. Certified Grocers of Calif.*, 593 F.2d 857, 863-64 (9th Cir. 1997)). The Second Amendment incorporation issue has been fully briefed by the *Nordyke* parties; multiple amicus curiae briefs have been filed. There can be no doubt that judicial resources would be preserved by waiting for the Court of Appeals to resolve that issue.

### B. Defendants Do Not Oppose a Stay, Nor Will They Be Prejudiced by the Stay

When evaluating the propriety of a stay, the Court should also consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

In this situation, a stay causes no prejudice to either party. In all likelihood the appellate court decision will come down well before the issue would be briefed, heard, and resolved in this action and, of course, would be controlling in any event. Moreover, Plaintiffs, and not Defendants, are moving the Court to grant a stay. The prejudice, if any, caused be this stay would fall only upon Plaintiffs, the parties seeking declaratory and injunctive relief. Defendants will suffer no prejudice.

Finally, the only issue Plaintiffs are aware of that would warrant en banc review in *Nordyke* is the decision that the Second Amendment to the United States Constitution is incorporated by the Fourteenth Amendment and thus applicable to the states and municipalities, i.e., to San Francisco. Because that issue is central to Plaintiffs' case, and the Appellate Court's ruling will be controlling authority, Plaintiffs see no benefit in proceeding with the instant action until a final decision is rendered by the en banc panel in *Nordyke*. *See* Declaration of C.D. Michel at ¶ 5.

Defendants, as indicated in the Joint Case Management Conference Statement, do not oppose staying this action. *See* Declaration of C.D. Michel at ¶ 6.

### III.   CONCLUSION

Based on the foregoing, Plaintiffs request that this Court grant its motion to stay all proceedings in this action until thirty (30) days after a final decision by the *en banc* panel following its review of *Nordyke v. King*.

Date: August 27, 2009                    MICHEL & ASSOCIATES, LLP


_/S/_____
C. D. Michel
Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,<br><br>Plaintiffs<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY; POLICE CHIEF HEATHER FONG, in her official capacity, and Does 1-10,<br><br>Defendants. | CASE NO.: CV-09-2143-PJH<br><br>NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of: **NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Sherri Kaiser, Deputy City Attorney
City and County of San Francisco
Office of the City Attorney
City Hall 1 Drive Carlton B. Goodlett Place
San Francisco, CA 94102 - 4682

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 27, 2009.

/S/
_____
C. D. Michel
Attorney for Plaintiffs