DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
SHERRI SOKELAND KAISER, State Bar #197986
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:    (415) 554-4691
Facsimile:    (415) 554-4747
E-Mail:       sherri.kaiser@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
MAYOR GAVIN NEWSOM and POLICE CHIEF
GEORGE GASCON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in his official capacity; POLICE CHIEF GEORGE GASCON, in his official capacity, and Does 1-10,<br><br>                    Defendants. | Case No. C09-2143 PJH<br><br>**SAN FRANCISCO DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO RELATE CASES**:<br><br>*Pizzo v. Newsom*, Case No. C09-4493CW, and<br><br>*Jackson v. City and County of San Francisco*, Case No. C09-2143 PJH |

## INTRODUCTION

On September 23, 2009, Plaintiff Therese Marie Pizzo filed suit against the same San Francisco defendants to challenge the same San Francisco gun ordinances on the same legal theories

as those already at issue in this earlier-filed case. Compare *Pizzo v. Newsom*, N.D. Cal. C09-4493CW, with *Jackson v. City and County of San Francisco*, N.D. Cal. C09-2143 PJH. On November 2, 2009, the plaintiffs in *Jackson* filed a motion to relate *Pizzo*. The Plaintiff in *Pizzo* has likewise recognized, in Section VIII of her Civil Cover Sheet, that *Pizzo* and *Jackson* are related cases. The *Jackson* Defendants and the San Francisco Defendants in *Pizzo* now write in support of the motion to relate.

**I.     MOST OF THE DEFENDANTS, SUBJECT MATTER AND LEGAL CLAIMS IN THE TWO ACTIONS ARE IDENTICAL.**

The complaints in both *Jackson* and *Pizzo* attack San Francisco Police Code §§ 4512 (requiring safe storage of firearms in residences), 613.10(g) (banning unusually dangerous ammunition), and 1290 (a discharge ban). Both complaints name the City and County of San Francisco, as well as San Francisco's Mayor and Police Chief as defendants. Both complaints allege that the San Francisco laws violate the Second Amendment and that § 613.10(g) also violates the right to due process. And the main claims of both cases hinge on the disposition of other Second Amendment cases scheduled to be heard and decided by the United States Supreme Court this term. To this great extent, the two complaints are not just related – they are identical.

Unlike *Jackson*, the complaint in *Pizzo* also attacks several state and federal laws related to concealed weapons as violating the Second Amendment and/or equal protection clause. Pizzo names the San Francisco County Sheriff and California Attorney General's Office as additional defendants on account of these concealed weapons claims. But these new claims and defendants are sufficiently like the claims and defendants common to both cases that they cannot justify denying the motion to relate. Like the claims against the San Francisco laws, the claims against state and federal concealed weapons laws depend largely on the pending Supreme Court cases. And on a practical level, the concealed weapons claims mean only an extra section in the briefing and opinion. Moreover, one of the two additional defendants, the San Francisco County Sheriff, is represented by the same counsel as all of the other San Francisco defendants in both cases.

Because these cases are so closely related, and because the differences between them are far smaller than their commonalities, the Court should deem them related.

## II. THE PENDING CHALLENGES TO THE CONSTITUTIONALITY OF THREE SAN FRANCISCO GUN CONTROL LAWS SHOULD BE DECIDED UNIFORMLY.

These cases present important constitutional questions of first impression on matters of grave public concern and safety.  In such circumstances, the importance of uniform decision is particularly acute.  San Francisco believes that its safe storage, unreasonably dangerous ammunition and firearm discharge laws help protect its citizenry from serious peril, and even one child's life lost by an unnecessary or inconsistent injunction of its safe storage law is far too high a price to pay on account of legal uncertainties.  Warring opinions would also leave San Francisco in an impossible bind, because it could not follow the law of one opinion without breaking the law of the other.  Where, as here, a single, indivisible set of legal obligations is at issue in two, nearly identical cases, the Court should relate the cases to assure the City that it will receive a single, consistent mandate from the Court that it will be able to obey.

## CONCLUSION

For the foregoing reasons, the San Francisco Defendants in both cases support the *Jackson* Plaintiffs' motion to relate *Pizzo* and *Jackson*.  The City also agrees that the Court should stay the *Pizzo* case for the same reasons and on the same terms as it has already stayed *Jackson*.

Dated:  November 5, 2009

>
> DENNIS J. HERRERA
> City Attorney
> WAYNE SNODGRASS
> SHERRI SOKELAND KAISER
> Deputy City Attorneys
>
>
> By:            /s/                              .
>          SHERRI SOKELAND KAISER
>
> Attorneys for Defendants City and County of San Francisco, Mayor Gavin Newsom and Police Chief George Gascon

# PROOF OF SERVICE

(on parties in the Therese Marie Pizzo v. CCSF, et al.; USDC No. C09-4493 CW)

I, DIANA QUAN, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action. I am employed at the City Attorney's Office of San Francisco, City Hall, Room 234, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102-4682.

On November 5, 2009, I served the following document(s):

**SAN FRANCISCO DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO RELATE CASES**

on the following persons at the locations specified:

| | |
|---|---|
| **GARY W. GORSKI**<br>**THE LAW OFFICES OF GARY W. GORSKI**<br>**1207 Front Street, Suite 15**<br>**Sacramento, CA  95814**<br>**Telephone:  (916) 965-6800**<br>**Facsimile:   (916) 965-6801**<br>**Email: usrugby@pacbell.net** | **DANIEL M. KARALASH**<br>**THE LAW OFFICE OF DANIEL M. KARALASH**<br>**1207 Front Street, Suite 15**<br>**Sacramento, CA  95814**<br>**Telephone:  (916) 787-1234**<br>**Facsimile:   (916) 787-0267**<br>**Email: dmkaralash@surewest.net** |
| **GEOFFREY LLOYD GRAYBILL**<br>**CALIFORNIA ATTORNEY GENERAL'S OFFICE**<br>**1300 I Street, Suite 125**<br>**P.O. Box 944255**<br>**Sacramento, CA  94244-2550**<br>**Telephone:  (916) 324-5465**<br>**Facsimile:   (916) 324-8835**<br>**Email: geoffrey.graybill@doj.ca.gov** | **Email courtesy copies only served on:**<br><br>**DUSTIN MACFARLANE**<br>**LAW OFFICE OF DUSTIN MACFARLANE**<br>**Email:  dustinmacfarlane@gmail.com**<br><br>**BRIAN KENNEDY**<br>**LAW OFFICE OF BRIAN KENNEDY**<br>**Email:  brian_kennedy6@yahoo.com** |

in the manner indicated below:

☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

☒ **BY ELECTRONIC MAIL**: I caused a copy of such document to be transmitted via electronic mail in Portable Document Format ("PDF") Adobe Acrobat from the electronic address: diana.*quan@sfgov.org*

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct. Executed November 5, 2009, at San Francisco, California.

/s/
DIANA QUAN