UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESPANOLA JACKSON, et al.,

    Plaintiff(s),

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendant(s).
_____/

No. C 09-2143 PJH

**ORDER DENYING RELATED CASE REQUEST**

Defendants seek an order relating this case with *Pizzo v. City and County of San Francisco, et al.,* C09-4493 CW. This case was filed on May 15, 2009, by six individuals and two organizations (the National Rifle Association, and the San Francisco Veteran Police Officers Association), against CCSF, Mayor Newsom, and Chief of Police Heather Fong. Newsom and Fong were sued in their official capacities only. Plaintiffs seek declaratory and injunctive relief.

Plaintiffs challenge a San Francisco law (Police Code § 4512) which mandates that any handgun kept in a residence in S.F. be stored in a locked container or disabled with an approved trigger lock. Plaintiffs also challenge a law (Police Code § 613.10(g)) which prohibits the sale of ammunition intended for use in what plaintiffs call "self-defense situations," and another law (Police Code § 1290) that prohibits the discharge of any firearm within the city limits, without any exception for self-defense.

Plaintiffs assert five causes of action – that § 4512 violates the Second Amendment to the U.S. Constitution; that § 613.10(g) violates the Second Amendment; that § 1290 violates the Second Amendment; that § 613.10(g) is overly vague and therefore violates

the Due Process Clause of the Fifth Amendment; that all three challenged statutes violate the right to self defense under the California Constitution and the California Penal Code.

The *Pizzo* case was filed on September 23, 2009, by one individual, against CCSF, Mayor Newsom, former Chief of Police Heather Fong, present Chief of Police George Gascon, S.F. Sheriff Mike Hennessey, and California Attorney General Edmund G. Brown. Newsom, Fong, and Hennessey are sued in both individual and official capacities, and Gascon and Brown are sued in their official capacities only. Plaintiffs seek damages, and declaratory and injunctive relief.

Plaintiff challenges Police Code § 4512, Police Code § 1290, California Penal Code § 12050, et seq. (providing police and sheriffs with absolute discretion regarding the issuance of concealed weapons permits); California Penal Code § 12031(b) (prohibiting carrying of loaded firearm on one's person or in one's vehicle while in public place or on public street, with exception for police officers and retired police officers); and Police Code 613.10(g).

Plaintiff asserts ten causes of action – that § 4512 violates the Second Amendment to the U.S. Constitution; that § 1290 violates the Second Amendment; that Penal Code § 12050, et seq., violates the Second Amendment; that Penal Code § 12050, et seq., violates the Equal Protection Clause of the Fourteenth Amendment; that Penal Code § 12031(b) violates the Equal Protection Clause; that enforcement of the federal Law Enforcement Officers Safety Act (LEOSA), 18 U.S.C. §§ 926B, 926C, violates the Equal Protection Clause; that § 613.10(g) violates the Second Amendment; that § 613.10(g) violates the Fifth Amendment Due Process Clause; that Police Code §§ 4512, 1290, 613.10(g), and Penal Code § 12050, et seq., are invalid because they violate the Constitution and laws of the State of California; and that Police Code §§ 4512, 1290, 613.10(g), and Penal Code § 12050, et seq. violate the Due Process Clause of the Fourteenth Amendment.

Defendants contend that the two cases should be related simply because each

challenges the validity and constitutionality of the same sections of the S.F. Police Code. It is clear from the above recitation of the claims, that while there are some similarities in the provisions of the Police Code that are challenged, and that both cases assert violations of the Second Amendment, there are far more differences between the two complaints. They involve different plaintiffs, and although both name three of the same defendants, *Pizzo* names a number of defendants that are not named in *Jackson*, and several defendants are sued in their individual capacity, unlike *Jackson*. Different provisions of the various laws are challenged and the underlying basis for the challenges are different.

Civil Local Rule 3-12 defines a related case as one in which the actions concern substantially the same parties, property, transaction or event. The court finds that these two cases do not concern substantially the same parties, and there is no property, transaction or event at issue in the complaints. The court has not and does not interpret the rule as providing for a related case determination just because the same laws might be challenged by different lawsuits. Thus, all cases brought by different plaintiffs, challenging the new San Francisco gun ordinance, might be similar, but they are not, in the court's view, related within the meaning of Rule 3-12.

**IT IS SO ORDERED.**

Dated: November 20, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge

3