1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE SNODGRASS, State Bar #148137
   SHERRI SOKELAND KAISER, State Bar #197986
3  Deputy City Attorneys
   1 Dr. Carlton B. Goodlett Place
4  City Hall, Room 234
   San Francisco, California 94102-4682
5  Telephone:  (415) 554-4691
   Facsimile:  (415) 554-4747
6  E-Mail:     sherri.kaiser@sfgov.org

7  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
8  MAYOR GAVIN NEWSOM and POLICE CHIEF
   HEATHER FONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASOCIATION, | Case No. C09-2143 RS |
|---|---|
| Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in his official capacity; POLICE CHIEF HEATHER FONG, in her official capacity, and Does 1-10, | |
| Defendants. | |

Pursuant to this Court's order dated March 18, 2010, the parties hereby submit this Joint Case Management Conference Statement.

**1.    Date case was filed**

May 15, 2009.

**2.    List or description of all parties**

There are both individual and organizational plaintiffs. The individual plaintiffs are Espanola Jackson, Paul Colvin, Thomas Boyer, Larry Barsetti, David Golden, and Noemi Margaret Robinson. The organizational plaintiffs are the National Rifle Association and the San Francisco Veteran Police Officers Association.

Defendants are the City and County of San Francisco, and its Mayor and Police Chief in their official capacities only.

**3.    Summary of all claims**

A.    Whether, assuming the forthcoming U.S. Supreme Court decision in *McDonald v. Chicago* holds that the Second Amendment is incorporated against the States, and in light of its recent decision in *District of Columbia v. Heller* (2008) 128 S. Ct. 2783, 2818, 171 L. Ed. 637, 680, several San Francisco ordinances unduly burden Plaintiffs' Right to Keep and Bear Arms under the Second Amendment to the United States Constitution.

B.    Whether SFPC § 613.10(g) also violates Plaintiffs' right to Due Process under the Fifth Amendment to the United States Constitution insofar as its ban on all ammunition that "serves no sporting purpose" is both vague and over-broad.

C.    Whether the three challenged ordinances also violate related California laws: including (1) Article 1, section 1 of the California Constitution (right to self defense); (2) California Penal Code § 12026(b) (right to possess handgun in home or business); (3) and innumerable statutes, and the public policy they express,

authorizing the use of firearms in self-defense, especially in light of *Fiscal v. City and County of San Francisco* (2008) 158 Cal.App.4th 895.

D. Whether the Court has jurisdiction over the case, or should decline to exercise that jurisdiction for prudential reasons, where defendants contend that none of the challenged ordinances have been enforced against plaintiffs and the plaintiffs face no immediate threat of enforcement.

**4. Brief description of the event underlying the action**

Plaintiffs challenge the validity of three San Francisco ordinances: (1) San Francisco Police Code ("SFPC") § 4512, enacted in August of 2007, which provides in pertinent part: "No person shall keep a handgun within a residence unless the handgun is stored in a locked container or disabled with a trigger lock that has been approved by the California Department of Justice;" (2) SFPC § 613.10(g) (amended most recently in August 2007), which prohibits the sale of all ammunition that "serves no sporting purpose" or is designed to expand or fragment upon impact; and (3) SFPC § 1290, which prohibits without exception (e.g., for self-defense) the discharge of any firearms within the limits of the City and County of San Francisco.

**5. Description of relief sought and damages claimed with an explanation as to how damages are computed**

Plaintiffs request the following relief:

1) For a declaration that San Francisco Police Code §§ 4512, 613.10(g), and 1290 infringe upon the right to keep and bear arms protected by the Second Amendment or the right to Due Process under the Fifth Amendment, as incorporated into the Fourteenth Amendment;

2) For a preliminary and permanent prohibitory injunction forbidding City and County of San Francisco and its agents, employees, officers, and representatives, including Defendants Mayor Newsom and Police Chief Fong, from enforcing, or attempting to enforce San Francisco Police Code §§ 4512, 613.10(g), and 1290;

3)  In the alternative, pursuant to California law, for: (1) a declaration that San Francisco Police Code §§ 4512, 1290, and/or 613.10(g) infringe upon the right to use a handgun in defense of self and others guaranteed by Article 1, section 1 of the California Constitution, in conjunction with California Penal Code § 12026 and related state laws; and (2) a preliminary and permanent prohibitory injunction forbidding the City and County of San Francisco and its agents, employees, officers, and representatives, including Defendants Mayor Newsom and Police Chief Fong, from enforcing, or attempting to enforce San Francisco Police Code §§ 4512, 1290 and/or 613.10(g); for attorneys fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, California Code of Civil Procedure § 1021.5 (private attorney general statute) and/or other applicable state and federal law.

**6.     Status of discovery (including any limits or cutoff dates)**

This case has not yet entered the discovery phase, nor has the Court yet issued a Case Management Order.

**7.     Procedural history of the case including previous motions decided and/or submitted, ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings pending or concluded, and any previous referral to a magistrate judge**

Defendants responded to the complaint with a motion to dismiss, alleging that plaintiffs lacked standing because they had alleged no injury nor an imminent threat of enforcement of the challenged statutes against them.  On August 24, 2009, prior to the hearing, plaintiffs filed a First Amended Complaint that mooted the motion.

On August 27, 2009, the Court held an Initial Case Management Conference.  The parties informed the Court that they had stipulated to stay the case pending resolution of the question whether the Second Amendment is incorporated against the States, which was soon to be decided by the Ninth Circuit in *Nordyke v. King*.  The Court agreed to stay this case, and in the meantime the U.S. Supreme Court has taken up the incorporation issue in *McDonald v. Chicago*, which has now been heard but not yet decided.  A decision is anticipated by the end of June 2010. The stay is set be lifted once the Ninth Circuit issues its *Nordyke* opinion, which has been stayed pending the *McDonald* opinion. Plaintiffs now believe the stay should end with the issuance of the *McDonald* opinion.  Defendants believe the

stay should continue until the *Nordyke* decision is issued.  This issue is unresolved between the parties.  In any event, once the Court lifts the stay, defendants will have 20 days to respond to the First Amended Complaint.

In November 2009, both parties asked the Court to relate a later-filed case, *Pizzo v. Newsom*, N.D. Cal. No. C09-4493CW, to this case.  Except for the addition of a claim against the State's concealed carry regulations and the addition of a few more San Francisco officials as defendants, that case is identical to this case.  It attacks all the same San Francisco ordinances on all the same legal bases, and it even copies some of the exact language of plaintiffs' complaint.  Judge Hamilton denied the request on November 20, 2009.

**3.     Other deadlines in place (before reassignment), including those for dispositive motions, pretrial conferences and trials**

None.

**4.     Any requested modification of these dates and the reason for the request**

None.

**5.     Whether the parties will consent to a magistrate judge for trial**

Defendants do not consent.

**6.     Whether Judge Seeborg has previously conducted a settlement conference in this case**

No.

**7.     Whether there exists an immediate need for a case management conference to be scheduled in this action.**

No.  This case should remain stayed at least until the Second Amendment incorporation question has been decided in the *McDonald* case, and possibly until the Ninth Circuit issues its en banc opinion in *Nordyke v. King*. The *McDonald* opinion is expected to issue by the end of June 2010; the timeline for the *Nordyke* opinion is less cetain.  The defendants suggest a case management

////

////

////

////

1 | conference be scheduled once the stay is lifted. The plaintiffs suggest a scheduling conference be held
2 | in July 2010, after the *McDonald* decision is issued.
3 | Dated:  April 2, 2010

DENNIS J. HERRERA
City Attorney
WAYNE SNODGRASS
SHERRI SOKELAND KAISER
Deputy City Attorneys


By:              /s/                              .
      SHERRI SOKELAND KAISER

Attorneys for Defendants City and County of San Francisco, Mayor Gavin Newsom and Police Chief Heather Fong


MICHEL & ASSOCIATES, P.C.


By:              /s/                              .
      C.D. MICHEL
      Attorney for Plaintiffs