DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
SHERRI SOKELAND KAISER, State Bar #197986
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:     (415) 554-4691
Facsimile:     (415) 554-4747
E-Mail:        sherri.kaiser@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
MAYOR GAVIN NEWSOM and CHIEF OF POLICE
GEORGE GASCÓN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in his official capacity; POLICE CHIEF HEATHER FONG,[1] in her official capacity, and Does 1-10,<br><br>Defendants. | Case No. C09-2143 RS<br><br>**DEFENDANTS' PARTIAL OPPOSITION TO MOTION FOR RELIEF FROM STAY**<br><br>Hearing Date:     July 22, 2010<br>Time:             1:30 p.m.<br>Place:            Courtroom 3, 17th Floor |

---

[1] Police Chief Heather Fong has retired. Current Chief of Police George Gascón is now the proper defendant.

Opposition to Motion for Relief from Stay        1        n:\govlit\li2010\091333\00638300.doc
USDC No. C09-2143 RS

**INTRODUCTION**

Defendants City and County of San Francisco and its named officials (collectively, "City") oppose the Motion For Relief From Stay as premature. When all parties jointly asked the Court to stay this case, both sides stipulated that the stay would last until the Ninth Circuit heard and issued its *en banc* decision in *Nordyke v. King*. [I would note somewhere here that Nordyke has already been argued.] *See* Declaration of C.D. Michel In Support of Motion for Relief From Stay ("Michel Dec."), Ex. A (8/27/09 Minute Order reflecting stipulation) & Ex. B (7/29/09 Ninth Circuit order granting en banc review). Now Plaintiffs argue that the Supreme Court's recent incorporation decision in *McDonald v. Chicago*, --- S.Ct. ----, 2010 WL 2555188 (No. 08-1521, June 28, 2010), serves the same purpose as the still awaited decision in *Nordyke,* so this Court should lift the stay. But Plaintiffs are leaving a few important things out of their request.

First, even though it has now opened thousands of state and local laws to Second Amendment challenge, the Supreme Court has not identified the standard of review for Second Amendment claims, nor is there yet guidance from any of the federal circuit courts. Second, the *en banc* court in *Nordyke* must decide how to scrutinize a local ordinance under the Second Amendment and will have to provide some missing guidance on that central question. Third, while Plaintiffs assert that incorporation was the only issue of importance in *Nordyke*, that is plainly wrong. Now that incorporation has been decided, there is no more pressing issue in Second Amendment jurisprudence than how to analyze a claim, the very question teed up before the Ninth Circuit. Fourth, once the stay is lifted, the City must file a response to the amended complaint within 20 days. Michel Dec., Ex. A. Since *Nordyke* will contain the only controlling guidance for interpreting the Second Amendment beyond the narrow principle that the use of handguns in the home for self-defense cannot be completely prohibited (*District of Columbia v. Heller*, 128 S.Ct. 2783 (2008)), lifting the stay now would require the City to formulate its arguments and defenses blindly, risking the need for everyone, the Court included, to withdraw, amend or reconsider every paper in light of the eventual ruling in *Nordyke*. Frankly, until *Nordyke* issues, there is simply no point in proceeding.

While the stay should not be lifted wholesale, the City would agree to lift the stay for the limited purpose of allowing it to bring a motion to consolidate *Pizzo v. Newsom*, a nearly identical case

currently before Judge Wilken, with this case. Unlike a substantive responsive pleading, a motion to consolidate is purely procedural, and the Second Amendment standard of review has no bearing on its resolution. Deciding on the best structure for the litigation will be a worthwhile use of the time it takes for the Ninth Circuit to issue *Nordyke* and may well advance the case significantly. In contrast, prematurely lifting the entire stay so that the parties can run off half-cocked into the uncharted terrain of the Second Amendment, particularly when the Ninth Circuit may be about to issue a map, has little to recommend it.

In the end, one can only speculate why the NRA and its attorneys might want to re-enliven their case against "liberal" San Francisco as quickly as possible in the media glare surrounding the *McDonald* decision. But the doctrinal and practical considerations that counsel against lifting the stay suggest that in this instance it may not have been their concern for thoughtful and efficient case management.

## ARGUMENT
### I. THE STAY SHOULD REMAIN IN PLACE PENDING POSSIBLE GUIDANCE ON THE SECOND AMENDMENT STANDARD OF REVIEW IN *NORDYKE V. KING*.

Even after two lengthy and detailed U.S. Supreme Court opinions on the Second Amendment in just two years, there is next to nothing to guide lower courts as they begin adjudicating this newly determined constitutional right – not even a standard of review. *See Heller*, 128 S.Ct. at 2821; *McDonald*, 2010 WL 2555188, at *24-27. Because the Ninth Circuit may provide critical guidance on that point in its *en banc Nordyke* opinion, this Court should await that decision as originally contemplated in the stay order.

*Heller* established only that individuals have a core Second Amendment right to keep and use handguns in their homes for the purpose of self-defense that cannot be completely prohibited. In dicta, the Court rejected rational basis and "judicial interest-balancing" as potential standards of review, but it did not say what its preferred approach would be. *Heller*, 128 S.Ct. at 2817 n.27 (rejecting rational basis scrutiny); 2821 (rejecting interest-balancing approach); 2817-18 ("Under any of the standards of scrutiny that we have applied to constitutional rights," the challenged law "would fail constitutional muster."). *McDonald v. Chicago* held that the Second Amendment is incorporated against state and

local governments, but it kept with *Heller's* approach of deferring any decisions about the standard of review. Its guidance on how to apply the Second Amendment was phrased in the most general of terms. So, for example, the Court explained generally that while the Second Amendment in some manner limits the ability of local governments to legislate solutions to gun-related social problems, it "by no means eliminates" that power, and "[r]easonable firearms regulations will continue." *McDonald* at *24 (internal quotation marks and citations omitted). It also reiterated assurances first made in *Heller* that the Second Amendment does not cast doubt on certain longstanding laws that prohibit felons and the mentally ill from owning guns, forbid carrying firearms in "sensitive places" like schools and government buildings, or regulate the commercial sale of arms. *Id*. at *25 ("We repeat those assurances here. Despite municipal respondents' doomsday proclamations, incorporation does not imperil every law regulating firearms.") Beyond this small list of acceptable laws, offered without explanation, and the flatly unconstitutional ban on operable handguns in the home for purposes of self-defense, there is no further guidance. Not even from the Courts of Appeals. At least not quite yet.

But soon the Ninth Circuit in *Nordyke* will resolve a Second Amendment challenge to a local law that is not among the Supreme Court's short list of examples, so it will necessarily contribute to the scarce Second Amendment jurisprudence, whether by providing another entry on the list, a principle of decision, or both. The *en banc* court must decide whether an Alameda County ordinance prohibiting the possession of guns or ammunition on County property runs afoul of the Second Amendment. *Nordyke v. King*, 563 F.3d 439, 457-58 (9th Cir. 2009) (*en banc* review granted). *McDonald* only determined that Plaintiffs here have the right to assert a Second Amendment challenge against the City; *Nordyke* will most likely determine whether their claims will succeed.

In his declaration, Mr. Michel implies that the only meaningful question in *Nordyke* was incorporation, not the actual Second Amendment analysis, when he avers "that [the] only issue that would warrant *en banc* review in *Nordyke* is the decision that the Second Amendment to the United States Constitution is incorporated by the Fourteenth Amendment and thus applicable to the states." Michel Dec. ¶9. True or false, this assertion is irrelevant. Now that the Ninth Circuit has granted *en*

*banc* review, whatever its reason, the *en banc* court will resolve the entire case, including the Second Amendment challenge.

Fourth, it would be wasteful to require the City to respond to the Amended Complaint without knowing the Ninth Circuit's approach to evaluating a Second Amendment claim.  That information will necessarily influence the City's formulation of its arguments and defenses, and there is a significant likelihood that the City will need to withdraw or amend motions and pleadings to reflect what will be virtually the only controlling precedent.  The issuance of new authority of that magnitude would presumably also give the City grounds to seek reconsideration of any matters that this Court may have decided.  And lifting the stay now as plaintiffs seek would similarly waste the time of plaintiffs and the Court, which would have to respond to and adjudicate the controlling issues in the same absence of legal guidance.  There is no reason to knowingly risk so much wasted time and effort on everyone's part when the parties stipulated to a stay pending the *en banc* decision in *Nordyke*.  That is the agreed-upon approach, the court-ordered approach, and above all the most sensible and efficient approach.

## II. THE COURT SHOULD LIFT THE STAY FOR THE LIMITED PROCEDURAL PURPOSE OF ALLOWING SAN FRANCISCO TO FILE A MOTION TO CONSOLIDATE.

While the City opposes a wholesale lifting of the stay for all of the reasons set forth above, the City would agree to lifting the stay for the limited purpose of moving to consolidate a nearly identical case pending before Judge Wilken with this case.  See *Pizzo v. Newsom*, N.D. Cal. C09-4493CW.  The Plaintiffs in both cases challenge the same three San Francisco gun-related ordinances on the same legal bases.  *Pizzo* distinguishes itself only by adding a challenge to the state and federal laws regulating the right to carry concealed weapons.

The City can bring a motion to consolidate in the usual course once the stay is lifted, but it may be more efficient to deal with this major procedural question now as a way to move the case forward while awaiting a decision in *Nordyke*.  Moreover, the cases are currently in the same procedural posture, which would greatly facilitate any possible consolidation.  That may not be the case for long.

## CONCLUSION

For the foregoing reasons, the Court should deny the request to lift the stay in its entirely but grant limited relief from the stay to allow the City to file a motion to consolidate.

Dated: July 1, 2010

>DENNIS J. HERRERA
>City Attorney
>WAYNE SNODGRASS
>SHERRI SOKELAND KAISER
>Deputy City Attorneys
>
>
>By: *s/Sherri Sokeland Kaiser*
>     SHERRI SOKELAND KAISER
>
>Attorneys for Defendants City and County of San Francisco, Mayor Gavin Newsom and Police Chief George Gascón

Opposition to Motion for Relief from Stay
USDC No. C09-2143 RS
6
n:\govlit\li2010\091333\00638300.doc