|   |   |
|---|---|
| 1 | C. D. Michel - S.B.N. 144258 |
|   | Don B. Kates - S.B.N. 39193 |
| 2 | Glenn S. McRoberts - SBN 144852 |
|   | Hillary J. Green - S.B.N. 243221 |
| 3 | MICHEL & ASSOCIATES, PC |
|   | 180 E. Ocean Boulevard, Suite 200 |
| 4 | Long Beach, CA 90802 |
|   | Telephone: 562-216-4444 |
| 5 | Facsimile: 562-216-4445 |
|   | Email: cmichel@michellawyers.com |

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, <br><br> Plaintiffs <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY; POLICE CHIEF HEATHER FONG, in her official capacity, and Does 1-10, <br><br> Defendants. | **CASE NO.: CV-09-2143-RS** <br><br> **REPLY TO DEFENDANT'S PARTIAL OPPOSITION TO MOTION FOR RELIEF FROM STAY** <br><br> Hearing Date: July 22, 2010 <br> Time: 1:30 p.m. <br> Place: Courtroom 3, 17th Floor |
|---|---|

---

1

**REPLY TO DEFENDANT'S PARTIAL OPPOSITION TO MTN FOR RELIEF FROM STAY**

Plaintiffs hereby Reply to Defendants Opposition to Plaintiff's Motion for Relief from Stay.

## I. THERE IS NO NEED TO WAIT FOR THE *NORDYKE* DECISION

### A. The Incorporation Issue Has Been Resolved

Defendants' Opposition rests on one argument: that the *Nordyke v. Alameda* case, still pending and itself stayed before the Ninth Circuit *en banc* panel, will address not only the incorporation issue, but also the standard of review that should be applied when a law is challenged as an unconstitutional infringement on the Second Amendment right to keep and bear arms. Having the standard of review decided would be helpful to this Court in this case.

But when this stay was sought, it was not so that the standard of review issue could be resolved. The stay was put in place so that the incorporation issue could be resolved by the *Nordyke* court. There was, and still is, no reason to expect the *Nordyke* court to further address the standard of review issue.

The three judge panel in *Nordyke* first decided that the Second Amendment was incorporated into the Fourteenth Amendment. It then nonetheless upheld the constitutionality of the ordinance being challenged in *Nordyke*. The court avoided the need for any elaborate standard of review analysis by simply relying on one of the articulated exceptions to the Second Amendment's protections (for "sensitive places") that had been listed by the United States Supreme Court in its June 2008 decision in *District of Columbia v. Heller*, 128 S.Ct. 2783 (2008)).

The *Heller* case was the Supreme Court's pronouncement that the Second Amendment does protect an individual (as opposed to a collective) right to keep and bear arms. But the opinion only limited the federal government, since Washington, D.C. is a federal enclave. Once that question was answered, several cases across the country became potential vehicles for resolving the next legal issue, whether the Second Amendment was "incorporated" into the Fourteenth Amendment so as to limit state and local infringement of the right to keep and bear

arms. *Nordyke* became the test case on incorporation in the Ninth Circuit. In the Seventh Circuit the case was *McDonald vs. Chicago*.[1] (*See NRA of Am., Inc. v. City of Chicago*, 567 F.3d 856 (7th Cir. 2009)). In the Second Circuit the case was *Maloney v. Cuomo*, 554 F.3d 56 (2d Cir. 2009).

*McDonald* and *Maloney* held that the Second Amendment was not incorporated. Because the Ninth Circuit's holding on incorporation was unprecedented, and because it was contrary to the Court of Appeals' holdings in the *McDonald* and *Maloney* cases, the Ninth Circuit *en banc* panel took up the case.

But while oral argument was pending before the Ninth Circuit *en banc* panel, the Supreme Court was poised to take up the *McDonald* case out of the Seventh Circuit to address the incorporation issue. The *en banc* panel oral argument took place on the morning of September 24, 2009. That afternoon, even before the Supreme Court had formally granted cert in *McDonald*, the *en banc* panel stayed the *Nordyke* case pending the resolution of the incorporation issue in the *McDonald* case by the United States Supreme Court.

The Supreme Court thereafter granted cert in *McDonald*. It issued its ruling on June 28, 2011 and held that right to self defense and the right to keep and bear arms are fundamental individual rights, and that the Second Amendment is incorporated into the Fourteenth so as to limit state and local infringment of these fundamental rights.

So the incorporation issue has now been resolved by the United States Supreme Court in the *McDonald* case. That is what we were waiting for.

/ / /

/ / /

---

[1] The caption of the Seventh Circuit decision is *NRA of Am., Inc. v. City of Chicago*, 567 F.3d 856 (7th Cir. 2009). This is because *NRA v. City of Chicago*, *NRA v. Village of Oak Park*, and *McDonald v. City of Chicago* were all consolidated in the Court of Appeal and only one opinion was issued.

3

**REPLY TO DEFENDANT'S PARTIAL OPPOSITION TO MTN FOR RELIEF FROM STAY**

### B. There is No Reason to Believe the Ninth Circuit Will Address Standard of Review Any More Than it Already Has

The standard of review issue was not addressed by the Supreme Court in *McDonald*. And it is quite unlikely that the standard of review will be addressed by the *Nordyke en banc* panel either. In fact, now that the incorporation issue is resolved, and considering the ordinance was reviewed by the Ninth Circuit three judge panel and found to be constitutional, quite likely the *Nordyke* decision from the *en banc* panel will simply be to affirm the three judge panel decision with no further analysis. The three judge panel's decision on incorporation has turned out to be the one that the Supreme Court adopted. There is now no need for the *en banc* panel to second guess the three judge panel's decision on the related issue of the constitutionality of the ordinance. The standard of review was not the reason that the *en banc* panel took the case, the standard of review was not a central issue in the underlying case, and there is no reason to believe that it will now become an issue that the *en banc* panel will address.

In fact, counsel for the *Nordykes* has unsuccessfully attempted to urge the Ninth Circuit to allow additional briefing post *McDonald*. The court does not seem inclined to elaborate or reconsider any aspect of the case. (*See* Filed Order Appellant's Motion for Supplemental Briefing Denied at 125, *Nordyke, et al. v. King, et al.*, No. 07-15763 (9th Cir. Apr. 2, 2010)).

It is simply untrue that the en banc panel *must* decide whether the Alameda County ordinance prohibiting the possession of guns or ammunition on county property runs afoul of the Second Amendment, as Defendants argue. (Opposition, 4:17-20). The *en banc* panel need not decide that issue at all, and there is no reason to believe that the *en banc* panel will ever address the constitutionality of the challenged ordinance. It is quite likely that the decision from the *en banc* panel reviewing the three judge panel will simply read that the three judge panel decision is upheld.

While we can at best speculate about what the *en banc* panel could do with the standard of review, there are a number of cases where the standard of review has been addressed since the *Heller* decision came down.  (*See*, *e.g.*, *United States v. Skoien*, 587 F.3d 803 (7th Cir. 2009); *United States v. Emerson*, 270 F.3d 203 (5th Cir. 2001); *United States v. Arzberger*, 592 F.Supp.2d 590 (S.D.N.Y. 2008); *Peruta v. County of San Diego*, 678 F.Supp.2d 1046 (S.D.Cal. 2010); *United States v. Engstrum*, 609 F.Supp.2d 1227 (D.Utah 2009); *United States v. Marzzarella*, 595. F.Supp.2d 596 (W.D. Pa. 2009); *United States v. Pettengill*, 682 F.Supp.2d 49 (D.Me. 2010); *United States v. Gillman*, 2010 U.S. Dist. LEXIS 63453 (D. Utah June 24, 2010); *United States v. Brown*, 2010 U.S. Dist. LEXIS 51515 (E.D. Va. May 25, 2010); *United States v. Walker*, 2010 U.S. Dist. LEXIS 39473 (E.D. Va. Apr. 21, 2010); *United States v. Bena*, 2010 U.S. Dist. LEXIS 33945 (N.D. Iowa Apr. 6, 2010); *United States v. Hendrix*, 2010 U.S. Dist. LEXIS 33756 (W.D. Wis. Apr. 5, 2010); *Heller v. District of Columbia*, 2010 U.S. Dist. LEXIS 29063 (D.D.C. Mar. 26, 2010); *People v. Flores*, 169 Cal.App.4th 568 (2008)).

To the extent the parties or this Court needs guidance, these and other sources and cases can be referred to.

## II. PLAINTIFFS DO NOT OPPOSE CONSOLIDATION, BUT THAT ISSUE HAS ALREADY BEEN CONSIDERED BY THE COURT

The parties to this case have previously jointly requested that this case be consolidated with another case that raised similar, but not identical issues. Although Plaintiffs had no objection if the court wants to consolidate those cases, the court declined to relate or consolidate the cases when we previously asked. There is certainly no reason to lift the stay solely for the purpose of considering that motion again.

/ / /

/ / /

/ / /

## CONCLUSION

There is no longer a need for this case to be stayed. Plaintiffs' motion should be granted.

Date: July 8, 2010  MICHEL & ASSOCIATES, PC

/s/
C. D. Michel
Attorney for Plaintiffs

**REPLY TO DEFENDANT'S PARTIAL OPPOSITION TO MTN FOR RELIEF FROM STAY**

| | |
|---|---|
| 1 | **IN THE UNITED STATES DISTRICT COURT** |
| 2 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA** |
| 3 | **SAN FRANCISCO DIVISION** |

| | | |
|---|---|---|
| 4 | ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, | ) CASE NO.: CV-09-2143-RS ) ) ) **CERTIFICATE OF SERVICE** ) ) ) ) ) |
| 9 | Plaintiffs | ) |
| 10 | vs. | ) |
| 11–14 | CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY; POLICE CHIEF HEATHER FONG, in her official capacity, and Does 1-10, | ) ) ) ) ) |
| 15 | Defendants. | ) |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of:

**REPLY TO DEFENDANT'S PARTIAL OPPOSITION TO MOTION FOR RELIEF FROM STAY**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Wayne Snodgrass, Deputy City Attorney
Sherri Kaiser, Deputy City Attorney
City and County of San Francisco
Office of the City Attorney
City Hall 1 Drive Carlton B.
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 8, 2010.

/S/
C. D. Michel
Attorney for Plaintiffs'

7

**REPLY TO DEFENDANT'S PARTIAL OPPOSITION TO MTN FOR RELIEF FROM STAY**