1 | C. D. Michel - S.B.N. 144258
Don B. Kates - S.B.N. 39193
2 | Glenn S. McRoberts - SBN 144852
Hillary J. Green - S.B.N. 243221
3 | MICHEL & ASSOCIATES, PC
180 E. Ocean Boulevard, Suite 200
4 | Long Beach, CA 90802
Telephone: 562-216-4444
5 | Facsimile: 562-216-4445
Email: cmichel@michellawyers.com
6 |

7 | Attorneys for Plaintiffs

8 |

9 | **IN THE UNITED STATES DISTRICT COURT**

10 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11 | **SAN FRANCISCO DIVISION**

12 | ESPANOLA JACKSON,  PAUL ) **CASE NO.: CV-09-2143-RS**
COLVIN, THOMAS BOYER, )
13 | LARRY BARSETTI, DAVID ) **NOTICE OF PREVIOUS RULING**
GOLDEN, NOEMI MARGARET )
14 | ROBINSON, NATIONAL  RIFLE )
ASSOCIATION OF AMERICA, )
15 | INC. SAN FRANCISCO VETERAN )
POLICE OFFICERS )
16 | ASSOCIATION, )

17 | )

18 |                Plaintiffs )

19 |                vs. )

20 | CITY AND COUNTY OF S  N )
FRANCISCO, MAYOR GAVIN )
21 | NEWSOM, IN HIS OFFICIAL )
CAPACITY; POLICE CHIEF )
22 | HEATHER FONG, in her official )
capacity, and Does 1-10, )
23 | )
                Defendants. )
24 | )

25 |

26 |

27 |

28 |

1

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2       PLEASE TAKE NOTICE that on July 22, 2010, this Court took under submission

3  Plaintiff's Motion for Relief from Stay pending a decision by the United States Court of Appeals

4  for the Ninth Circuit in *Nordyke v. King*, No. CV-99-04389-MJJ (N.D. Cal. filed Sept. 17, 1999).

5       At the hearing on this Motion, Defendants' counsel expressed concerns about lifting the

6  stay on this case while a somewhat similar case, *Pizzo v. County of San Francisco, et al.*, C09-

7  4493 CW, remained stayed, and requested that these cases be consolidated. It should be noted that

8  this Court has already held these cases *not* to be related within the meaning of Local Rule 3-12.

9  For the Court's reference, attached hereto as Exhibit "A" is a true and accurate copy of the Order

10  Denying Related Case Request, docketed as number twenty-six on the Court's record.

11

12    Date: July 22, 2010              MICHEL & ASSOCIATES, PC

13

14                               /s/

15                               C. D. Michel
                             Attorney for Plaintiffs

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ESPANOLA JACKSON, et al.,

        Plaintiff(s),

        v.

CITY AND COUNTY OF SAN
FRANCISCO, et al.,

        Defendant(s).

_____/

No. C 09-2143 PJH

**ORDER DENYING RELATED
CASE REQUEST**

      Defendants seek an order relating this case with *Pizzo v. City and County of San Francisco, et al.,* C09-4493 CW. This case was filed on May 15, 2009, by six individuals and two organizations (the National Rifle Association, and the San Francisco Veteran Police Officers Association), against CCSF, Mayor Newsom, and Chief of Police Heather Fong. Newsom and Fong were sued in their official capacities only. Plaintiffs seek declaratory and injunctive relief.

      Plaintiffs challenge a San Francisco law (Police Code § 4512) which mandates that any handgun kept in a residence in S.F. be stored in a locked container or disabled with an approved trigger lock. Plaintiffs also challenge a law (Police Code § 613.10(g)) which prohibits the sale of ammunition intended for use in what plaintiffs call "self-defense situations," and another law (Police Code § 1290) that prohibits the discharge of any firearm within the city limits, without any exception for self-defense.

      Plaintiffs assert five causes of action – that § 4512 violates the Second Amendment to the U.S. Constitution; that § 613.10(g) violates the Second Amendment; that § 1290 violates the Second Amendment; that § 613.10(g) is overly vague and therefore violates

**United States District Court**
For the Northern District of California

1  the Due Process Clause of the Fifth Amendment; that all three challenged statutes violate

2  the right to self defense under the California Constitution and the California Penal Code.

3     The *Pizzo* case was filed on September 23, 2009, by one individual, against CCSF,

4  Mayor Newsom, former Chief of Police Heather Fong, present Chief of Police George

5  Gascon, S.F. Sheriff Mike Hennessey, and California Attorney General Edmund G. Brown.

6  Newsom, Fong, and Hennessey are sued in both individual and official capacities, and

7  Gascon and Brown are sued in their official capacities only.  Plaintiffs seek damages, and

8  declaratory and injunctive relief.

9     Plaintiff challenges Police Code § 4512, Police Code § 1290, California Penal Code

10  § 12050, et seq. (providing police and sheriffs with absolute discretion regarding the

11  issuance of concealed weapons permits); California Penal Code § 12031(b) (prohibiting

12  carrying of loaded firearm on one's person or in one's vehicle while in public place or on

13  public street, with exception for police officers and retired police officers); and Police Code

14  613.10(g).

15     Plaintiff asserts ten causes of action – that § 4512 violates the Second Amendment

16  to the U.S. Constitution; that § 1290 violates the Second Amendment; that Penal Code

17  § 12050, et seq., violates the Second Amendment; that Penal Code § 12050, et seq.,

18  violates the Equal Protection Clause of the Fourteenth Amendment; that Penal Code §

19  12031(b) violates the Equal Protection Clause; that enforcement of the federal Law

20  Enforcement Officers Safety Act (LEOSA), 18 U.S.C. §§ 926B, 926C, violates the Equal

21  Protection Clause; that § 613.10(g) violates the Second Amendment; that § 613.10(g)

22  violates the Fifth Amendment Due Process Clause; that Police Code §§ 4512, 1290,

23  613.10(g), and Penal Code § 12050, et seq., are invalid because they violate the

24  Constitution and laws of the State of California; and that  Police Code §§ 4512, 1290,

25  613.10(g), and Penal Code § 12050, et seq. violate the Due Process Clause of the

26  Fourteenth Amendment.

27     Defendants contend that the two cases should be related simply because each

28

United States District Court
For the Northern District of California

1     challenges the validity and constitutionality of the same sections of the S.F. Police Code.

2     It is clear from the above recitation of the claims, that while there are some similarities in

3     the provisions of the Police Code that are challenged, and that both cases assert violations

4     of the Second Amendment, there are far more differences between the two complaints.

5     They involve different plaintiffs, and although both name three of the same defendants,

6     *Pizzo* names a number of defendants that are not named in *Jackson*, and several

7     defendants are sued in their individual capacity, unlike *Jackson*.  Different provisions of the

8     various laws are challenged and the underlying basis for the challenges are different.

9         Civil Local Rule 3-12 defines a related case as one in which the actions concern

10    substantially the same parties, property, transaction or event.  The court finds that these

11    two cases do not concern substantially the same parties, and there is no property,

12    transaction or event at issue in the complaints.  The court has not and does not interpret

13    the rule as providing for a related case determination just because the same laws might be

14    challenged by different lawsuits.  Thus, all cases brought by different plaintiffs, challenging

15    the new San Francisco gun ordinance, might be similar, but they are not, in the court's

16    view, related within the meaning of Rule 3-12.

17         **IT IS SO ORDERED.**

18    Dated: November 20, 2009

19                                       PHYLLIS J. HAMILTON
20                                       United States District Judge

21

22

23

24

25

26

27

28

1

## IN THE UNITED STATES DISTRICT COURT

2

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

## SAN FRANCISCO DIVISION

4 | ESPANOLA JACKSON, PAUL | ) CASE NO.: CV-09-2143-RS
COLVIN, THOMAS BOYER,
5 | LARRY BARSETTI, DAVID
GOLDEN, NOEMI MARGARET | ) CERTIFICATE OF SERVICE
6 | ROBINSON, NATIONAL RIFLE
ASSOCIATION OF AMERICA,
7 | INC. SAN FRANCISCO VETERAN
POLICE OFFICERS
8 | ASSOCIATION,

9

10                Plaintiffs

11                vs.

12 | CITY AND COUNTY OF SAN
FRANCISCO, MAYOR GAVIN
13 | NEWSOM, IN HIS OFFICIAL
CAPACITY; POLICE CHIEF
14 | HEATHER FONG, in her official
capacity, and Does 1-10,

15                Defendants.

16

17 IT IS HEREBY CERTIFIED THAT:
       I, the undersigned, am a citizen of the United States and am at least eighteen
18 years of age.  My business address is 180 E. Ocean Blvd., Suite 200, Long Beach,
California, 90802.

19     I am not a party to the above-entitled action. I have caused service of:

20                **NOTICE OF PREVIOUS RULING**

21 on the following party by electronically filing the foregoing with the Clerk of the
District Court using its ECF System, which electronically notifies them.

22   Wayne Snodgrass, Deputy City Attorney
23   Sherri Kaiser, Deputy City Attorney
     City and County of San Francisco
24   Office of the City Attorney
     City Hall 1 Drive Carlton B.
25   San Francisco, CA 94102

26     I declare under penalty of perjury that the foregoing is true and correct.
Executed on July 22, 2010
27                                    /S/
                              _____
                              C. D. Michel
28                            Attorney for Plaintiffs'

3