DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
SHERRI SOKELAND KAISER, State Bar #197986
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:  (415) 554-4691
Facsimile:   (415) 554-4747
E-Mail:      sherri.kaiser@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
MAYOR GAVIN NEWSOM and POLICE CHIEF
GEORGE GASCÓN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in his official capacity; POLICE CHIEF GEORGE GASCÓN, in his official capacity, and Does 1-10,<br><br>Defendants. | Case No. C09-2143 RS<br><br>**DECLARATION OF SHERRI SOKELAND KAISER IN SUPPORT OF MOTION TO ENLARGE TIME TO RESPOND TO FIRST AMENDED COMPLAINT AND EXCEED OTHERWISE APPLICABLE PAGE LIMITS** |

I, Sherri Sokeland Kaiser, declare as follows:

1. I am a Deputy City Attorney for the City and County of San Francisco. I am the attorney of record for all defendants in this case and in *Pizzo v. Newsom*, Case No. 09-4493 CW, currently pending before Judge Wilken. I make the following statements of my own personal knowledge unless otherwise indicated. If called to testify to the truth of these statements, I would and could testify competently thereto.

2. Until very recently, Plaintiffs have taken the position that *Pizzo v. Newsom* should be consolidated with this case. In their Notice of Related Cases (Docket No. 24), Plaintiffs argued that, "[c]onducting these cases before different Judges would create an unduly burdensome duplication of labor and expense and a risk of conflicting results. These cases should be deemed related, and possibly consolidated." *Id*. at 3. And, as recently as the briefing and hearing on their motion to lift the stay, Plaintiffs represented to the Court that they did not oppose consolidation. E.g., Docket No. 33 at 5.

3. Since this Court issued its Order Granting Motion to Lift Stay on September 13, 2010 (Docket No. 37), I have repeatedly attempted to meet and confer with opposing counsel, C.D. Michel, in regard to stipulating to consolidation, extending the City's time to respond to Plaintiff's Amended Complaint, and agreeing to longer page limits for both sides' briefing. Mr. Michel refused to stipulate to consolidation, and he decided not to respond to my other attempts to reach voluntary agreements.

4. Attached hereto as Exhibit A is a true and correct copy of the email I sent to Mr. Michel and counsel for the parties in *Pizzo* at 10:31 a.m. on 9/13/10 asking them to stipulate to consolidation. Attached hereto as Exhibit B is a true and correct copy of the email response that Mr. Michel sent me at 4:49 on 9/13/10 indicating, without explanation, that Plaintiffs suddenly oppose consolidation.

5. Attached hereto as Exhibit C is a true and correct copy of the email I sent to Mr. Michel and his associates at 5:13 p.m. on 9/13/10, suggesting times to talk by phone to discuss the grounds and schedule for my motions to dismiss, as well as a motion for summary judgment that Plaintiffs propose to file. I suggested that we try to resolve as much as we could without resort to litigation. Mr. Michel did not call me at the times I proposed, nor did he suggest other possible times to discuss these issues.

6. Attached hereto as Exhibit D is a true and correct copy of an email I received from Mr. Michel at 6:08 p.m. on 9/15/10, in which he inquires whether I am available for a December 2, 2010 hearing on a motion for summary judgment. Mr. Michel also explains why he believes that timing is permissible under the applicable procedural rules.

7. Attached hereto as Exhibit E is an email I set to Mr. Michel and his associates at 12:13 p.m. on 9/16/10. In it, I explain that I cannot agree to a hearing date of 12/2/10 because I do not agree that the procedural rules permit a motion for summary judgment to be heard until at least 42 days after an answer to the Amended Complaint is filed, and it is uncertain when that triggering date will be. I also point out that refusing to stipulate to consolidation will slow progress in the case, whereas he seems to want to move as quickly as possible. I again ask him to stipulate to consolidation, and I also request that he agree to extend the time for me to respond to the Amended Complaint to 21 days after an order on a stipulation to consolidation. Mr. Michel never responded to these requests.

8. Attached hereto as Exhibit F is a true and correct copy of an email that Mr. Michel sent to me at 3:27 p.m. on 9/19/10. In it, he suggests that he will respond to my prior email if I will preview the grounds for my motion to dismiss and explain why I believe a motion to consolidate would be successful.

9. Attached hereto as Exhibit G is a true and correct copy of an email I sent to Mr. Michel and his associates at 11:46 a.m. on 9/20/10. In it, I set forth at length the City's 23 grounds for its Rule 12 motion and the City's views on consolidation. I then ask him to agree to consolidation, to extending the time for the City to answer, to higher page limits on the briefing, and to voluntarily make any relevant amendments to his pleadings before I file my motions. Given his history of silence, I advised him that his failure to respond to my email by the close of business would be presented to the Court as a rejection of my attempts to meet and confer. Mr. Michel did not respond to that email.

10. On September 21, 2010, I emailed the parties about scheduling a hearing date on the motion I intend to file to consolidate *Pizzo* with *Jackson*. Mr. Michel responded to that email within a few hours. The combined responses of counsel indicate that the first available hearing date for the Court and the parties is December 9, 2010. Barring exigent circumstances, the City will file its motion to consolidate this week and set it for hearing on December 9, 2010.

11. The only prior modification of time in this case was Mr. Michel's voluntary agreement to extend the City's time to respond to the initial complaint from June 16 to July 9, 2009.

12. There is no case management schedule in this case, so the case schedule and the Court's calendar will remain unaffected if it grants the requested extension of time. But in fact, granting an extension of time to file the motion to dismiss will likely provide a time savings. While it may take a little longer to resolve the motion to dismiss in *Jackson* if the Court delays it until after it hears the City's motion to consolidate, granting consolidation would save the Court fully half of the considerable time it would otherwise take for two judges of the same court to consider, hear and resolve the same complicated motion to dismiss twice: once in *Jackson* and again in *Pizzo*.

13. At the initial case management conference in this case, Judge Hamilton noted that she was prepared to stay the case immediately if both parties agreed. I indicated the City's agreement, withdrew its pending motion to dismiss, and requested that the full statutory period to respond to the Amended Complaint, which had been filed three days earlier, would begin only when the Court lifted the stay. The Court stayed the case with that proviso in a minute order dated August 27, 2009. Docket No. 22.

14. I do not believe that I can fairly present all of the issues in the City's anticipated Rule 12 motion in 25 pages. Given the number of issues, and the novelty and complexity of the Second Amendment claims in particular, I believe that it will be challenging to present the City's arguments in 50 pages.

I hereby declare under penalty of perjury that the foregoing statements are true and correct. Executed this 22nd day of September 2010 at San Francisco, California.

                                    s/*Sherri Sokeland Kaiser*
                                  SHERRI SOKELAND KAISER