# EXHIBIT G

## TO

## DECLARATION OF SHERRI SOKELAND KAISER IN SUPPORT OF MOTION TO ENLARGE TIME TO RESPOND TO FIRST AMENDED COMPLAINT AND EXCEED OTHERWISE APPLICABLE PAGE LIMITS


**RE: Jackson Motions**
Sherri Kaiser   to: C.D. Michel <CMichel@michellawyers.com>     09/20/2010 11:46 AM
Cc: "Clint B. Monfort", "Glenn S. McRoberts", "Hillary J. Green"

Hi Chuck,

I'm happy to share the assorted grounds for the City's Rule 12 motions to try to move things forward. It is a little complicated, since there are three ordinances at issue and multiple grounds, sometimes overlapping, that apply to each. I will organize by ordinance and number the grounds, sometimes in groups:

Safe Storage:
    1&2) No harm or imminent threat of prosecution against any plaintiffs (standing and ripeness)
    3) No Second Amendment violation as a matter of law (minimal burden on in-home self defense, authorized in Heller, compelling government interest)
    4&5) No CA const. violation (no such right or, if in doubt, court should refuse supplemental jurisdiction or exercise Pullman abstention)
    6&7) No state law preemption (no state law expressly or impliedly preempts safe storage requirements or, if in doubt, refer question to state courts by refusing supplemental jurisdiction or abstaining)

Licensing Restriction on Sale of Unusually Injurious Ammunition:
    8&9) No harm or imminent threat of prosecution against any plaintiffs; plaintiffs not within zone of interest (standing and ripeness)
    10) No Second Amendment violation as a matter of law (no constitutional right to buy unusually injurious ammunition, minimal if any burden on in-home self defense, analogous to prohibitions approved by Heller, compelling government interest)
    11) No Fifth Amendment Vagueness violation (relaxed standard in non-criminal, economic context, plaintiffs do not have knowledge of reasonable retailer, notice adequate)
    12&13) No CA const. violation (no such right or, if in doubt, court should refuse supplemental jurisdiction or exercise Pullman abstention)
    14&15) No state law preemption (no state law expressly or impliedly preempts local prohibition of sale of unusually injurious ammunition or, if the Court is in doubt, it should refer question to state courts by refusing supplemental jurisdiction or abstaining)

Firearm Discharge Ban:
    16&17) No harm or imminent threat of prosecution against any plaintiffs (standing and ripeness)
    18) Or, if standing allowed, then in-home self-defense exception observed by City, thus no Second Amendment violation
    19&20) No CA const. violation (no such right or, if in doubt, court should refuse supplemental jurisdiction or exercise Pullman abstention)
    21&22) No state law preemption (no state law expressly or impliedly preempts local prohibition of sale of unusually injurious ammunition or, if the Court is in doubt, it should refer question to state courts by refusing supplemental jurisdiction or abstaining)

In addition, I will file a Rule 12(e) motion for more definite statement in regard to the allegation in the Amended Complaint that David Golden "has been harassed by city agencies regarding the manner of storage of firearms in his home." As stated, this allegation is too vague and uncertain to allow the City to determine whether Mr. Golden may have standing to challenge the Safe Storage Ordinance. That is my 23rd ground for a Rule 12 motion.

As for your question about consolidation, the simple answer is that bifurcation and similar procedures are available under FRCP 42 to separate the related and unrelated portion of cases, which is not the case with a simple notice to relate. Judge Seeborg could consolidate the near-identical portions of the two cases and leave the CCW claims before Judge Wilken, or he could take all claims and simply bifurcate the

CCW claims for separate adjudication.

In light of all of this information and my continuing efforts to resolve whatever we can without burdening the Court, I now ask you to agree to the following:

1. Please stipulate to consolidation of the legal challenges to S.F.P.C. sections 4512, 613.10(g), and 1290 in *Pizzo* with the *Jackson* case, with the CCW claims in *Pizzo* to be adjudicated separately as determined by the Court.

2. Please stipulate to extending the time for the City to respond to your Amended Complaint to (a) 60 days or, (b) provided the City files a motion or stipulation seeking consolidation by Friday 9/24, 30 days after the Court issues an order on consolidation, whichever is later. If you would like a similar extension of your time to oppose, the City would not object.

3. Please stipulate that, in light of the 23 separate grounds to dismiss identified by the City, you have no objection to increasing the page limits for the briefing on the City's responsive motions to 45 (opening), 45 (opposition), and 20 (reply).

4. If there are any claims that you may wish to amend in light of my explanation of the City's grounds to dismiss, or if you wish to provide a more definite statement alleging the material facts that would allow the City to evaluate Mr. Golden's claim of standing, please let me know.

I need to know your position on these four items by <u>close of business today</u>. If you cannot meet that deadline for some reason, please advise me of when I can expect your reply, or I will indicate that you do not agree to the City's requests when I file the necessary motions with the Court.

Thanks, Chuck. I look forward to hearing from you.

Best regards,
Sherri

Sherri Sokeland Kaiser
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
(415) 554-4691 (direct)
(415) 554-4747 (fax)

CONFIDENTIAL COMMUNICATION
This communication is subject to attorney-client and/or work product
privilege. If you received it in error, please notify the sender and
permanently delete it.