| | |
|---|---|
| 1 | C. D. Michel - S.B.N. 144258 |
| | Glenn S. McRoberts - SBN 144852 |
| 2 | Clinton Monfort- S.B.N. 255609 |
| | MICHEL & ASSOCIATES, PC |
| 3 | 180 E. Ocean Boulevard, Suite 200 |
| | Long Beach, CA 90802 |
| 4 | Telephone: 562-216-4444 |
| | Facsimile: 562-216-4445 |
| 5 | Email: cmichel@michellawyers.com |
| 6 | |
| | Attorneys for Plaintiffs |

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,

   Plaintiffs

vs.

CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY; POLICE CHIEF HEATHER FONG, in her official capacity, and Does 1-10,

   Defendants.

CASE NO.: CV-09-2143-RS

**PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO FIRST AMENDED COMPLAINT AND EXCEED OTHERWISE APPLICABLE PAGE LIMITS**

Pursuant to Civil L.R. 7-3(b), Plaintiffs hereby declare to the Court they do not oppose Defendants' Motion to Enlarge Time to Respond to First Amended Complaint and Exceed Otherwise Applicable Page Limits.

///

///

---

1

STATEMENT OF NONOPPOSITION TO MOTION TO ENLARGE TIME             CV-09-2143-RS

1    Plaintiffs have no objection to the City's requested relief from deadlines and
2  page limits, and were in the process of attempting to address these and other issues
3  when Defendants' unexpectedly filed the Motion without further discussion.
4    Despite Defendants efforts to paint Plaintiffs' in a negative light as silent and
5  unavailable in the face of multiple meet and confer attempts, this is simply not the
6  case.  Rather, Plaintiffs received a lengthy e-mail from opposing counsel on
7  Monday, September 20 that included multiple issues and set an arbitrary deadline
8  of less than six hours to respond.  Defendants never consulted with Plaintiffs on the
9  extension issue again prior to filing the Motion just forty-eight hours later, despite
10 the fact that counsels' offices continued to communicate on multiple other issues in
11 the interim. (See e-mail chain attached hereto as Exhibit "A").
12   In fact, in response to Defendants' e-mail of September 20 that very same day,
13 Plaintiffs' counsel inquired whether Defendants would stipulate to allow Plaintiffs'
14 to amend their Complaint to drop Plaintiffs' state law claims.  Though this would
15 have eliminated many of Defendants' concerns, Plaintiffs have yet to receive a
16 response as of the time of filling.  In the meantime, Plaintiffs' counsel had been
17 working diligently to prepare a formal letter in response to the numerous issues
18 raise by Defendants. (See letter dated September 23, 2010 attached as Exhibit "B.")
19   As noted in Plaintiffs' letter, in light of Defendants' pursuit of multiple
20 preliminary motions and requests for time extensions that will significantly delay
21 resolution of this case on the merits, Plaintiffs will move the Court for injunctive
22 relief pending resolution of this action as soon as the Court's calendar permits.
23 / / /
24 / / /
25 / / /
26
27
28

1   Accordingly, Plaintiffs do not oppose Defendants' Motion to Enlarge Time to
2   Respond to First Amended Complaint and Extend Appropriate Page Limits.

4   Date: September 24, 2010          MICHEL & ASSOCIATES, PC

6                                      /s/ C.D. Michel
7                                     C. D. Michel
                                      Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,<br><br>Plaintiffs<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY; POLICE CHIEF HEATHER FONG, in her official capacity, and Does 1-10,<br><br>Defendants. | CASE NO.: CV-09-2143-RS<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' STATEMENT OF NON-OPPOSITION TO DEFENDANTS' MOTION TO ENLARGE TIME TO RESPOND TO FIRST AMENDED COMPLAINT AND EXCEED OTHERWISE APPLICABLE PAGE LIMITS**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Wayne Snodgrass, Deputy City Attorney
Sherri Kaiser, Deputy City Attorney
City and County of San Francisco
Office of the City Attorney
City Hall 1 Drive Carlton B.
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. Executed on September 24, 2010.

/S/ C.D. Michel
C. D. Michel

---

4

STATEMENT OF NONOPPOSITION TO MOTION TO ENLARGE TIME              CV-09-2143-RS

# EXHIBIT "A"

SENIOR COUNSEL:
C. D. MICHEL

SPECIAL COUNSEL:
VICTOR J. OTTEN
W. LEE SMITH

ASSOCIATE COUNSEL:
SEAN A. BRADY
SCOTT M. FRANKLIN
HILLARY J. GREEN
THOMAS E. MACIEJEWSKI
CLINT B. MONFORT
JOSEPH A. SILVOSO, III
TAMARA M. RIDER
LOS ANGELES, CA

Writer's Direct Contact:
(562) 216-4441
cmichel@michellawyers.com

OF COUNSEL:
DON B. KATES
SAN FRANCISCO, CA

RUTH P. HARING
LOS ANGELES, CA

GLENN S. McROBERTS
SAN DIEGO, CA

AFFILIATE COUNSEL:
JOHN F. MACHTINGER
JEFFREY M. COHON
LOS ANGELES, CA

DAVID T. HARDY
TUCSON, AZ



### MICHEL & ASSOCIATES, P.C.
Attorneys at Law

September 23, 2010

Ms. Sherri Sokeland Kaiser
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
**VIA FAX (415) 554-4747 & U.S. MAIL**

Re: *Jackson v. City and County of San Francisco*, No. 09-2143

Dear Ms. Kaiser:

I write in response to your e-mails of Thursday, September 16, and Monday, September 20, 2010.

In those correspondence, you suggest that state and local rules would not permit the Court to hear our proposed Plaintiffs' Motion for Summary Judgment by December 2, 2010.

You also indicated that your clients intend to file a Motion to Consolidate this action with *Pizzo v. City and County of San* Francisco, No. 09-4493, despite the fact that the Court has already expressly refused to relate the two cases.

Finally, you reiterated your intention to file another Motion to Dismiss, despite the fact that Plaintiffs already filed an Amended Complaint to address your previous Motion to Dismiss, and set forth twenty-three grounds for the dismissal motion.

### Timeliness of Plaintiffs' Proposed Motion for Summary Judgment

Although it does not appear "set in stone" that Plaintiffs may not have their Motion for Summary Judgment heard on a date that would require the City to file its Opposition brief prior to twenty-one days after its Answer is due, it does appear you are essentially correct that if Defendants proceed with a Motion to Consolidate and a renewed Motion to Dismiss prior to filing a responsive pleading, we will not be able to expedite a hearing on our Motion for Summary Judgment.

Of course, this would not be an issue if Defendants actually filed an Answer. Plaintiffs' proposed hearing date sets Defendants' Opposition due date much further out than the twenty-one days

Ms. Sokeland Kaiser
September 23, 2010
Page 2

after a responsive pleading is due as generally required by Federal Rule of Civil Procedure 56(c)(1)(b). The problem with regard to the timeliness of Plaintiffs' Motion for Summary Judgment lies with Defendants' insistence on proceeding with a Motion to Consolidate and another Motion to Dismiss.

### Motion to Consolidate this Case with *Pizzo v. City and County of San Francisco*

Defendants' insistence on proceeding with a Motion to Consolidate, despite previous instruction from the court that the two cases are not even related, appears to be nothing more than a delay tactic. In previous correspondence, Defendants appear to rely on the Court's inclusion of a one-sentence statement, in a footnote, that either of the Parties are free to file a Motion to Consolidate to justify this motion. But the Courts' inclusion of this footnote more likely speaks to Defense counsels' improper attempt to raise the issue during hearing on Plaintiffs' Motion for Relief from Stay than to the wisdom of bringing the motion.

In your correspondence of September 20, 2010, you suggest that:

> [T]he simple answer is that bifurcation and similar procedures are available under FRCP 42 to separate the related and unrelated portion of cases, which is not the case with a simple notice to relate. Judge Seeborg could consolidate the near-identical portions of the two cases and leave the CCW claims before Judge Wilken, or he could take all claims and simply bifurcate the CCW claims for separate adjudication.

Of course, this course of action is anything but simple. Your suggestion that the court's ability to bifurcate portions of the case does not support the court's consolidation of this case with *Pizzo* in light of previous instruction from the court on the nature of the two cases and in light of recent and soon-to-come substantive and procedural developments in each case.

Remember the Court's previous statements about the differences between the two cases that preclude their being related:

> Defendants contend that the two cases should be related simply because each case challenges the validity and constitutionality of the same sections of the S.F. Police Code. It is clear . . . that while there are some similarities in the provisions of the Police Code that are challenged, and that both cases assert violations of the Second Amendment, there are far more differences between the two complaints. They involve different plaintiffs, and although both name three of the same defendants, Pizzo names a number of defendants that are not named in Jackson, and several defendants are sued in their individual capacity, unlike Jackson. Different provisions of the various laws are challenged and the underlying basis for the challenges are different.
>
> Civil Local Rule 3-12 defines a related case as one in which the actions concern substantially the same parties, property, transaction or event. The court finds that these two cases do not concern substantially the same parties, and there is no property, transaction or event at issue in the complaints. The court has not and does not interpret the rule as providing for a related case determination just because the same

Ms. Sokeland Kaiser
September 23, 2010
Page 3

       laws might be challenged by different lawsuits. Thus, all cases brought by different plaintiffs, challenging the new San Francisco gun ordinance, might be similar, but they are not, in the court's view, related within the meaning of Rule 3-12.

(Order Denying Related Case Request at 2-3, *Jackson v. City and County of San Francisco*, No. 09-2143 (N.D. Cal. 2009).)

      In addition to the Court's previous instruction on this issue, consolidation of the two actions is now even less appropriate because the Court has *lifted the stay* in the present litigation, while *Pizzo remains stayed* pending the Court's decision in *Nordyke*. And the Court has impliedly acknowledged the importance of this distinction, thus making a Motion to Consolidate at this juncture all the more puzzling. Defendants expressly informed the Court that *Pizzo* will remain stayed pending the issuance of an opinion in *Nordyke*, and the Court nonetheless ordered the stay be lifted in this case. Further, Plaintiffs in *Pizzo* seek a jury trial; we do not. (Complaint at 30, *Pizzo v. City and County of San Francisco*, No. 09-4493 (N.D. Cal. Sept. 23, 2009).) We believe our case can be resolved on cross-motions for summary judgment, saving the parties time and money and conserving judicial resources.

      Morevover, as I mentioned in my e-mail to you yesterday, Plaintiffs will be dismissing their state law claims. *Pizzo* still includes state law claims.

      So the only circumstance that have changed since the Court pointed out the many differences in the two cases is that the cases have become even more distinguishable.

**Defendants' Filing of Another Motion to Dismiss**

      With regard to Defendants' filing of Federal Rule of Civil Procedure 12(b) motions, Plaintiffs likewise view this as an attempt to slow the progress of this litigation, perhaps to prevent the resolution of this case on the merits prior to termination of the pending stay in *Pizzo*. Defendants have already filed a motion to dismiss once, and plaintiffs filed an amended complaint. Rather than continue to "go back and forth" between filing Rule 12(b) motions and amended complaints, Plaintiffs proposed that any potential defects or concerns identified by Defendants be put on the table so that we can resolve them without unnecessarily wasting both of our clients' money and the court's time.

      In your correspondence of September 20, you stated that Defendants' Motion to Dismiss is supported by *twenty-three* different grounds. Although such numerous grounds seem almost unfathomable in a *second* Motion to Dismiss, I am hopeful that the following will sufficiently address your concerns.

      First, you claim there is no state law preemption, or if the Court is in doubt that it should refer the question to state courts by refusing supplemental jurisdiction or abstaining. As you are now aware, Plaintiffs are foregoing their state law claims in light of *McDonald* – so this resolves, I believe, twelve of your suggested grounds for dismissal.

      Next, you claim that Plaintiffs do not have standing to challenge the ordinances at issue and/or that the issues are not ripe for adjudication because Plaintiffs have not been charged with violating the laws and/or because Defendants claim they are "not enforcing the laws."

Ms. Sokeland Kaiser
September 23, 2010
Page 4

### Plaintiffs are Not Required to Break the Law or to be Arrested to Seek Declaratory Relief

This is a declaratory relief action. The Declaratory Judgement Act, 28 U.S.C. § 2201(a), authorizes pre-enforcement standing. (*Peoples Rights Org. v. City of Columbus* (6 th Cir. 1998) 152 F.3d 522, 527 (citing *Babbitt v. United Farm Workers* (1979) 442 U.S. 289, 298 (*Babbitt*).) Plaintiffs establish standing to assert a pre-enforcement challenge whenever a Plaintiff foregoes activity based on a "credible threat" of enforcement. (*Babbitt, supra*, 442 U.S. at p. 298; *Planned Parenthood v. Farmer* (3d Cir. 2000) 220 F.3d 127, 146.) The Supreme Court has fashioned pre-enforcement standing guidelines that reflect a practical, common-sense approach to distinguish those claims that are merely hypothetical from those that seek to resolve actual, live cases or controversies. It is not a controversial legal principle that the government creates an actual case or controversy whenever its laws or policies cause reasonable people to forego behavior that should be held permissible by a competent court. (*MedImmune, Inc. v. Genentech, Inc.* (2007) 549 U.S. 118, 129 (*MedImmune*).)

As the Supreme Court declared in its most recent examination of standing to assert pre-enforcement actions under the Declaratory Judgment Act:

> [W]here threatened action by government is concerned, we do not require a plaintiff to expose himself to liability before bringing suit to challenge the basis for the threat – for example, the constitutionality of a law threatened to be enforced. The plaintiff's own action (or inaction) in failing to violate the law eliminates the imminent threat of prosecution, but nonetheless *does not eliminate Article III jurisdiction.*

(*MedImmune, supra*, 549 U.S. at p. 129.)

As recently as 1968, the Supreme Court permitted a teacher to challenge Arkansas' "monkey law," notwithstanding the possibility that "the statute is presently more of a curiosity than a vital fact of life." (*Epperson v. Arkansas* (1968) 393 U.S. 97, 102.) And the laws at issue in the present litigation are far from a mere curiosity about archaic laws that have no bearing in reality. Rather, Plaintiffs challenge ordinances enacted by the City and County that bar Plaintiffs' exercise of a *fundamental right*.

In light of controlling precedent, Plaintiffs need not violate the laws in question and wait until they are in fact arrested for engaging in activity that is protected as a fundamental right before bringing their claims for declaratory relief.

### Claims that the City is Not Enforcing the Law

In regard to your claims that the City is "not enforcing the laws at all," Plaintiffs have been provided with no evidence other than hearsay statements that this is the case. If Defendants in fact have no intention to presently enforce the challenged ordinances, why not repeal the ordinances, or at least issue a public statement to clarify for the public that these laws are not presently being and will not be enforced?

Our office has submitted Public Records Act requests to the City and County for any such evidence of a lack of enforcement, but have not received a single document confirming this position. If

Ms. Sokeland Kaiser
September 23, 2010
Page 5

Defendants are aware of any documents that confirm Defendants are not enforcing the challenged ordinances, Plaintiffs respectfully request copies of these documents at this time.

Although Defendants have failed to produce any evidence that the challenged ordinances are "not being enforced," statements made by public officials of the City confirm that Plaintiffs' fears of enforcement are not only reasonable, but very real. District Attorney Kamala Harris actually threatened all gun owners with prosecution in a press conference following the passage of two of the challenged ordinances, promising that the City will come into gun owners homes to make sure they are being responsible in the way they conduct their affairs. (Cecilia M. Vega, *Mayor Offers Package of Gun Control Laws: He Seeks to Prohibit Firearms Possession on City Property*, SFGate.com, May 16, 2007, http://articles.sfgate.com/2007-05-16/bay-area/17243957 _1_gun-control-illegal-guns-gun-related.)

With regard to your claims that there are no Second Amendment violations alleged in Plaintiffs' Complaint because the challenged ordinances impose a "minimal burden on in-home self-defense" – such a specific argument is at likely a question of fact, at best.

With regard to the challenged discharge ordinance, you claim that an in-home self defense exception is observed by the City. Again, much like the enforcement issue with respect to each of the challenged ordinances, Plaintiffs are aware of no internal memorandums, documents, or public statements that confirm the now alleged position of Defendants. Moreover, Plaintiffs' Amended Complaint specifically identifies two incidents alleging that there is no self-defense exception. Washington D.C. made the same argument in *Heller*, unsuccessfully. But if you want to save us all some time, have your clients amend the ordinance and expressly add such an exception.

Finally, I am confused as to what it is you are unclear about with respect to Plaintiff Golden, as that issue was addressed in Plaintiffs' Amended Complaint. The Complaint provides adequate notice that Mr. Golden has been harassed by city agencies regarding the manner of storage of firearms in his home – and he is challenging an ordinance that sets forth guidelines for the storage of firearms in the home. Anything further that may be needed can be addressed in discovery.

### Plaintiffs' Propose Cross Motions for Summary Judgment

Ultimately, the court is going to hear, and decide, Plaintiffs' claims on the merits. Plaintiffs' interest lies only in obtaining a determination as to whether Plaintiffs' civil rights are being violated. To this end, Plaintiffs have essentially "laid their cards out on the table." Defendants are well aware of the nature of Plaintiffs' claims, and Plaintiffs intend to file their Motion for Summary Judgment in time to allow the City ample opportunity to formulate its arguments in opposition. Plaintiffs are willing to negotiate a briefing schedule amenable to both parties and suggest that Defendants, rather than file multiple "preliminary" motions, file a cross motion for summary judgment. Doing so would allow the parties, and the Court, to efficiently resolve this litigation which involves substantially legal, rather than factual, disputes.

/ / /
/ / /
/ / /

Ms. Sokeland Kaiser
September 23, 2010
Page 6

### Plaintiffs Will File A Motion for Preliminary Injunction

In your correspondence of September 16, 2010, you suggested that Plaintiffs, if they do not stipulate to consolidate this case with *Pizzo* (which is stayed), will not be able to have their Motion for Summary Judgment heard until around April of 2011 – nearly two years after this litigation was filed, and almost eight months after the stay was lifted by the Court. Plaintiffs wish to resolve their claims as efficiently as possible and cannot continue to have their fundamental rights to self defense violated for a further six months, and potentially longer. So, in light of the fact that the Supreme Court has now confirmed that Plaintiffs' have alleged violations of *fundamental* rights, Plaintiffs will be irreparably harmed by the ongoing enforcement of the challenged ordinances that deprive them of these rights.

Accordingly, we will be seeking a preliminary injunction as soon as the Court's calendar allows.

### Attorneys' Fees

As this litigation progresses, please consider that if Plaintiffs prevail, we will be seeking reimbursement for attorneys fees and costs. Plaintiffs seek resolution of their claims in a manner that favors judicial economy and prevents the undue expenditure of the parties' resources. But it appears that Plaintiffs will be forced to spend considerable time opposing the motions you are planning. So if they prevail, Plaintiffs will seek recovery of all additional fees and costs associated with defending these motions and in bringing the Motion for Preliminary Injunction that the City's motions are necessitating.

I remain hopeful that the parties can meet and confer on these issues to prevent any further unnecessary expenditure of both our clients as well as judicial resources. Please contact me at your earliest convenience if you desire.

Sincerely,
MICHEL & ASSOCIATES, P.C.

Clint Monfort

```
*********************
***   TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO                1477
CONNECTION TEL                    14155544747
SUBADDRESS
CONNECTION ID
ST. TIME                09/23 13:15
USAGE T                 04'08
PGS. SENT               7
RESULT                  OK
```



## MICHEL & ASSOCIATES, P.C.
Attorneys at Law

Writer's Direct Contact:
(562) 216-4458
vpomella@michellawyers.com

# FAX TRANSMITTAL SHEET

**TO:**   Ms. Sherri Sokeland Kaiser

**FIRM:**

**FAX NO.:**   415-554-4747

**TEL. NO.:**

**FROM:**   C.D. Michel

**DATE:**   September 23, 2010

**RE:**   *Jackson v. City and County of San Francisco*, No. 09-2143

THIS FAX CONTAINS COVER PAGE PLUS _6_ PAGE(S). IF YOU DO NOT RECEIVE ALL PAGES PLEASE CONTACT __Valerie Pomella__ AT (562) 216-4444.

## SPECIAL INSTRUCTIONS

Original to follow via U.S. Certified Mail. Thank you.

---

THIS MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED, AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT,

# EXHIBIT "B"

# Clint B. Monfort

**From:** Sherri Kaiser [Sherri.Kaiser@sfgov.org]
**Sent:** Tuesday, September 21, 2010 5:35 PM
**To:** Geoffrey.Graybill@doj.ca.gov
**Cc:** C.D. Michel; Clint B. Monfort; Glenn S. McRoberts; Hillary J. Green; 'usrugby@gmail.com'
**Subject:** Re: Hearing dates on Motion to Consolidate Jackson and Pizzo

Chuck,

Are you available on December 9? If not, please suggest alternatives after December 23.

Thanks,
Sherri

Sherri Sokeland Kaiser
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
(415) 554-4691 (direct)
(415) 554-4747 (fax)

CONFIDENTIAL COMMUNICATION
This communication is subject to attorney-client and/or work product privilege. If you received it in error, please notify the sender and permanently delete it.

From: "Geoffrey Graybill" <Geoffrey.Graybill@doj.ca.gov>
To: "'usrugby@gmail.com'" <usrugby@gmail.com>, "C.D. Michel" <CMichel@michellawyers.com>, "'Sherri.Kaiser@sfgov.org'" <Sherri.Kaiser@sfgov.org>
Cc: "Clint B. Monfort" <CMonfort@michellawyers.com>, "Glenn S. McRoberts" <GMcRoberts@michellawyers.com>, "Hillary J. Green" <HGreen@michellawyers.com>
Date: 09/21/2010 05:12 PM
Subject: Re: Hearing dates on Motion to Consolidate Jackson and Pizzo

November 4 and December 2 won't work for me.

Geoffrey L. Graybill
Deputy Attorney General
Government Law Section
1300 I Street
Sacramento, CA 95814
Telephone: 916-324-5465
Fax: 916-324-8835
Cell: 916-296-2472

>>> "C.D. Michel" <CMichel@michellawyers.com> 9/21/2010 3:01 PM >>>
November 4 works for us
C. D. Michel

1

Michel and Associates, P.C.
Attorneys at Law
180 East Ocean Blvd, Suite 200
Long Beach, CA 90802
562 216 4444
CMichel@michellawyers.com
www.michellawyers.com

Sent from my Blackberry

---

**From**: Sherri Kaiser <Sherri.Kaiser@sfgov.org>
**To**: C.D. Michel; Gary W.Gorski <usrugby@gmail.com>; Geoffrey Graybill <Geoffrey.Graybill@doj.ca.gov>
**Cc**: Clint B. Monfort; Hillary J. Green; Glenn S. McRoberts
**Sent**: Tue Sep 21 13:08:47 2010
**Subject**: Hearing dates on Motion to Consolidate Jackson and Pizzo

Hello All,

I intend to file a motion to consolidate our cases, hopefully by the end of the day tomorrow, but I wanted to check with all of you first about your scheduling availability. All civil motion hearings before Judge Seeborg take place at 1:30 p.m. on Thursdays in San Francisco. The following dates are available for the Court and work for my schedule:

November 4
December 2
December 9
December 23

Please let me know which of those dates are possibilities for you. If I do not hear from you by 4:00 p.m. tomorrow, I will assume that none of the dates poses a problem. If none of these dates is possible, please propose alternatives. The Court is not available for hearings on November 11, 18, and 25.

Best wishes,
Sherri


Sherri Sokeland Kaiser
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
(415) 554-4691 (direct)
(415) 554-4747 (fax)

CONFIDENTIAL COMMUNICATION
This communication is subject to attorney-client and/or work product privilege. If you received it in error, please notify the sender and permanently delete it.

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication. [attachment "Geoffrey Graybill.vcf" deleted by Sherri Kaiser/CTYATT]

## Clint B. Monfort

| | |
|---|---|
| **From:** | gary w. gorski [usrugby@gmail.com] |
| **Sent:** | Tuesday, September 21, 2010 4:28 PM |
| **To:** | 'Sherri Kaiser'; C.D. Michel; 'Geoffrey Graybill' |
| **Cc:** | Clint B. Monfort; Hillary J. Green; Glenn S. McRoberts |
| **Subject:** | RE: Hearing dates on Motion to Consolidate Jackson and Pizzo |

The following dates work for me.
November 4
December 2
December 9


Gary W. Gorski
Attorney at Law
1207 Front Street, Suite 15
Sacramento, CA 95814
916.965.6800
usrugby@gmail.com

**From:** Sherri Kaiser [mailto:Sherri.Kaiser@sfgov.org]
**Sent:** Tuesday, September 21, 2010 1:09 PM
**To:** C.D. Michel; Gary W. Gorski; Geoffrey Graybill
**Cc:** Clint B. Monfort; Hillary J. Green; Glenn S. McRoberts
**Subject:** Hearing dates on Motion to Consolidate Jackson and Pizzo

Hello All,

I intend to file a motion to consolidate our cases, hopefully by the end of the day tomorrow, but I wanted to check with all of you first about your scheduling availability. All civil motion hearings before Judge Seeborg take place at 1:30 p.m. on Thursdays in San Francisco. The following dates are available for the Court and work for my schedule:

November 4
December 2
December 9
December 23

Please let me know which of those dates are possibilities for you. If I do not hear from you by 4:00 p.m. tomorrow, I will assume that none of the dates poses a problem. If none of these dates is possible, please propose alternatives. The Court is not available for hearings on November 11, 18, and 25.

Best wishes,
Sherri


Sherri Sokeland Kaiser
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place

San Francisco, CA 94102-4682
(415) 554-4691 (direct)
(415) 554-4747 (fax)

CONFIDENTIAL COMMUNICATION
This communication is subject to attorney-client and/or work product privilege.  If you received it in error, please notify the sender and permanently delete it.

## Valerie Pomella

**From:** C.D. Michel
**Sent:** Tuesday, September 21, 2010 6:04 PM
**To:** 'Sherri.Kaiser@sfgov.org'
**Subject:** Re: Hearing dates on Motion to Consolidate Jackson and Pizzo

Sherri

We are dropping our state law causes of action. Will you stipulate to our amending the complaint to accomplish this? Otherwise we will calendar that hearing asap but no later than nov 4.

I will send a more detailed email tomorrow with my thoughts on all these other contemplated motions.
C. D. Michel
Michel and Associates, P.C.
Attorneys at Law
180 East Ocean Blvd, Suite 200
Long Beach, CA 90802
562 216 4444
CMichel@michellawyers.com
www.michellawyers.com

Sent from my Blackberry

---

**From:** Sherri Kaiser <Sherri.Kaiser@sfgov.org>
**To:** Geoffrey.Graybill@doj.ca.gov <Geoffrey.Graybill@doj.ca.gov>
**Cc:** C.D. Michel; Clint B. Monfort; Glenn S. McRoberts; Hillary J. Green; 'usrugby@gmail.com' <usrugby@gmail.com>
**Sent:** Tue Sep 21 17:35:25 2010
**Subject:** Re: Hearing dates on Motion to Consolidate Jackson and Pizzo

Chuck,

Are you available on December 9? If not, please suggest alternatives after December 23.

Thanks,
Sherri


Sherri Sokeland Kaiser
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
(415) 554-4691 (direct)
(415) 554-4747 (fax)

CONFIDENTIAL COMMUNICATION
This communication is subject to attorney-client and/or work product privilege. If you received it in error, please notify the sender and permanently delete it.


**From:** "Geoffrey Graybill" <Geoffrey.Graybill@doj.ca.gov>
**To:** "'usrugby@gmail.com'" <usrugby@gmail.com>, "C.D. Michel" <CMichel@michellawyers.com>, "'Sherri.Kaiser@sfgov.org'" <Sherri.Kaiser@sfgov.org>
**Cc:** "Clint B. Monfort" <CMonfort@michellawyers.com>, "Glenn S. McRoberts" <GMcRoberts@michellawyers.com>, "Hillary J. Green" <HGreen@michellawyers.com>

1

Date: 09/21/2010 05:12 PM
Subject: Re: Hearing dates on Motion to Consolidate Jackson and Pizzo

November 4 and December 2 won't work for me.

Geoffrey L. Graybill
Deputy Attorney General
Government Law Section
1300 I Street
Sacramento, CA 95814
Telephone: 916-324-5465
Fax: 916-324-8835
Cell: 916-296-2472

>>> "C.D. Michel" <CMichel@michellawyers.com> 9/21/2010 3:01 PM >>>
November 4 works for us
C. D. Michel
Michel and Associates, P.C.
Attorneys at Law
180 East Ocean Blvd, Suite 200
Long Beach, CA 90802
562 216 4444
CMichel@michellawyers.com
www.michellawyers.com

Sent from my Blackberry

---

**From**: Sherri Kaiser <Sherri.Kaiser@sfgov.org>
**To**: C.D. Michel; Gary W.Gorski <usrugby@gmail.com>; Geoffrey Graybill <Geoffrey.Graybill@doj.ca.gov>
**Cc**: Clint B. Monfort; Hillary J. Green; Glenn S. McRoberts
**Sent**: Tue Sep 21 13:08:47 2010
**Subject**: Hearing dates on Motion to Consolidate Jackson and Pizzo

Hello All,

I intend to file a motion to consolidate our cases, hopefully by the end of the day tomorrow, but I wanted to check with all of you first about your scheduling availability. All civil motion hearings before Judge Seeborg take place at 1:30 p.m. on Thursdays in San Francisco. The following dates are available for the Court and work for my schedule:

November 4
December 2
December 9
December 23

Please let me know which of those dates are possibilities for you. If I do not hear from you by 4:00 p.m. tomorrow, I will assume that none of the dates poses a problem. If none of these dates is possible, please propose alternatives. The Court is not available for hearings on November 11, 18, and 25.

Best wishes,
Sherri

Sherri Sokeland Kaiser

2

Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
(415) 554-4691 (direct)
(415) 554-4747 (fax)

CONFIDENTIAL COMMUNICATION
This communication is subject to attorney-client and/or work product privilege. If you received it in error, please notify the sender and permanently delete it.

**CONFIDENTIALITY NOTICE:** This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication. [attachment "Geoffrey Graybill.vcf" deleted by Sherri Kaiser/CTYATT]