# EXHIBIT C

## TO

## DECLARATION OF SHERRI SOKELAND KAISER
## IN SUPPORT OF MOTION TO CONSOLIDATE



**Re: Jackson v. SF**
Sherri Kaiser   to: C.D. Michel <CMichel@michellawyers.com>     09/16/2010 12:13 PM
Cc: "Clint B. Monfort", "Glenn S. McRoberts", "Hillary J. Green"

Hello Chuck (and friends),

Thank you for consulting me about scheduling. I can understand that you want to get the case moving after the stay. At the same time, I do not share your view of the rules that govern when your anticipated summary judgment motion can be heard. Nor do I think that your proposal is realistic about the issues that will need to be worked out in advance of a possible summary judgment motion. Finally, I know that you now oppose consolidation, but that stance will inevitably slow this case down.

First, as to the rules. It is a basic tenet of statutory construction that a general rule, like Civ. L. Rule 7-3, which generally governs the time to file an opposition to a motion, does not control over a specific rule geared to a particular matter, like FRCP 56(c)(1)(B), which specifically governs the time to file an opposition to a summary judgment motion that has been that has been filed before the pleadings are closed. In the absence of an express statement that Local Rule 7-3 modifies Federal Rules 56(c)(1)(B), the latter will control. And if you think about it, that must be the right answer, or else all of the various restrictions on when particular motions may be filed and/or the deadlines to oppose motions in specific circumstances would fall by the wayside. Any motion could be filed 35 days before an available hearing date, and every opposition would be due 14 days later. While that would greatly simplify calendaring, I can think of many examples where that is not so, and I'm sure you can too.

Please note also that Rule 56(c)(1)(B) sets the time to respond in reference to a "responsive pleading," not merely a "response." As Rule 12 makes clear, an answer is a responsive pleading. A preliminary motion is not. I have already informed you that the City initially intends to file motions to dismiss under FRCP 12(b)(1) and (6) rather than a responsive pleading. When -- and whether -- the City must file an answer will depend on the outcome of those motions.

Moreover, your proposed hearing date of 12/2 ignores the fact that both consolidation and the preliminary motions will have to be heard and decided before the City will be required to file an answer. Your decision to oppose consolidation does not make the issue go away. Rather, it simply lengthens the time it will take before your desired MSJ can be heard. Consider the following two scenarios:

9/20   City files motion to consolidate over your opposition
9/20   City also files motion to extend time to respond to amended complaint until 21 days after consolidation decision. [Note that even if the Court denies that motion, it is very unlikely to hear any preliminary motions to dismiss until after it decides the consolidation question because it will want to avoid the possibility of having to entertain the same basic motion twice.]
11/4   Hearing on motion to consolidate
12/3   Order issues approximately 30 days later
12/24  Response to amended complaint (motions to dismiss) due
2/3    Hearing on motions to dismiss
3/3    Order issues approximately 30 days later. If case has not been dismissed with prejudice, there are at least two possiblities:
3/17   Second Amended Complaint due; Answer due 4/7; MSJ Opp. due 4/28; MSJ hearing 5/12, OR
3/17   Answer due; MSJ Opp. due 4/7; MSJ Hearing 4/21

9/20   Parties in *Jackson* and *Pizzo* stipulate to consolidation and bifurcation of CCW issues, further stipulate to extend time to respond to complaints to 21 days from date of order adopting stip. [I can't promise that the *Pizzo* parties will go along, but they might.]
9/23   Order adopting stip issues quickly
10/14  Response to complaints (motions to dismiss) due
12/2   Hearing on motions to dismiss

1/3     Order issues approximately 30 days later
etc. etc.
MSJ hearing either 2/24 or 3/8.

In short, I think that your MSJ cannot possibly be heard on 12/2 under the governing rules. If you would like to suggest a hearing date for your MSJ that accords with the rules and I am available on that date, I will agree to it.

Finally, as I have indicated above, I'm not sure why you now oppose consolidation. Your stance will make your path to summary judgment longer, not shorter, because it requires the briefing, hearing and decision on an additional motion. You would save yourself about two months if you would be willing to stipulate to consolidation with *Pizzo* and bifurcation of the CCW claims in that case, and if you would further agree to extend the time for me to respond to 21 days from date of an order on the stipulation. Please let me know your thoughts promptly so that I can approach the other parties in *Pizzo* if that approach interests you. Otherwise, I will be filing a motion to consolidate in the near future and we will begin down the lengthier path.

Best regards,
Sherri

Sherri Sokeland Kaiser
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
(415) 554-4691 (direct)
(415) 554-4747 (fax)

CONFIDENTIAL COMMUNICATION
This communication is subject to attorney-client and/or work product privilege. If you received it in error, please notify the sender and permanently delete it.