IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESPANOLA JACKSON, et al., | No. C 09-2143 RS |
| Plaintiffs, | **ORDER DENYING MOTION TO CONSOLIDATE** |
| v. | |
| CITY AND COUNTY OF SAN FRANCISCO, et al., | |
| Defendants. | |

Defendants City and County of San Francisco, its mayor, and its police chief (collectively "the City") move to consolidate this case with *Pizzo v. City and County of San Francisco*, et al., C09-4493 CW. Plaintiffs oppose consolidation. They argue that this relatively streamlined case, which seeks only declaratory and injunctive relief as to the facial constitutionality under federal law of three specific San Francisco Police Code ("SFPC") sections, should not be tethered to the more complex *Pizzo* action, which in addition to challenging the same three SFPC sections at issue here, also involves additional defendants and claims, challenges certain state statutes, and seeks damages and a jury trial.

A motion to relate *Pizo* to this action pursuant to Civil Local Rule 3-12 was previously denied. The City correctly asserts, and plaintiffs do not disagree, that denial of a motion to relate under Rule 3-12 does not automatically preclude consolidation under Fed. R. Civ. P. 42. Indeed, the

1  Court is obligated to exercise its discretion in considering the merits of a consolidation motion under
2  Rule 42 even where a prior motion to relate under the local rules has been denied.  *See Investors*
3  *Research Co. v. U.S. Dist. Ct. for the Southern Dist. Of Cal.,* 877 F.2d 777 (9th Cir. 1989).

4  Cases are "related" under Rule 3-12 when they, "concern substantially the same parties,
5  property, transaction or event; and . . . [i]t appears likely that there will be an unduly burdensome
6  duplication of labor and expense or conflicting results if the cases are conducted before different
7  Judges."  In contrast, a court has discretion to order consolidation under Rule 42 whenever they
8  merely, "involve a common question of law or fact."  While consolidation is therefore *permissible*
9  under a much broader range of circumstances than those specified for relating cases under Rule 3-
10  12, it does not follow that consolidation is appropriate every time there is some common question of
11  law or fact, without regard to issues such as those identified in Rule 3-12.

12  Here, the City has not made a persuasive showing that any benefits of consolidation
13  outweigh the burdens. Without anticipating any specific constraints on the shape this litigation may
14  eventually take, it likely will be significantly narrower than *Pizo*.[1]  It would therefore be unfair to
15  plaintiffs in this action to force them to be involved in an action of a much broader scope than the
16  one they chose to initiate.

17  While there obviously will be some burden to the City in litigating the facial validity of the
18  three SFPC sections in two different cases, it appears that any additional work will be largely
19  ministerial, as the substantive legal work likely can be used in both actions.  Because this is a facial
20  constitutional challenge, the chance of any conflicting factual determinations between the two
21  actions is remote.  In the event one of the courts, but not the other, finds one or more of the SFPC
22  sections constitutionally invalid on its face, the practical consequences to the City will be little
23  different than if only a single court had considered the question and reached such a conclusion in the
24  first instance.[2]

---

[1]  The City acknowledges as much when it proposes that were consolidation granted, the Court might subsequently want to sever out those portions of the *Pizzo* action that do not overlap with this one.

[2]  If anything, having one decision in its favor would only assist the City in arguing to an appellate court that any decision going the other way should be reversed.

United States District Court
For the Northern District of California

Thus, while the City has shown that the threshold requirement under Rule 42 that there be "a common question of law or fact" is satisfied here, the circumstances as a whole do not warrant consolidation. The motion is denied.

Dated: 12/16/2010

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE