EXHIBIT "A"
REQUEST FOR JUDICIAL NOTICE
CASE NO. CO9-2143 PJH

1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE SNODGRASS, State Bar #148137
   SHERRI KAISER, State Bar #197986
3  Deputy City Attorneys
   1 Dr. Carlton B. Goodlett Place
4  City Hall, Room 234
   San Francisco, California 94102-4682
5  Telephone:    (415) 554-4691
   Facsimile:    (415) 554-4747
6  E-Mail:       sherri.kaiser@sfgov.org

7  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
8  GAVIN NEWSOM, HEATHER FONG,
   GEORGE GASCÓN, and MICHAEL HENNESSEY
9

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13 | THERESE MARIE PIZZO,                    | Case No. C09-4493 CW
14 |                     Plaintiff,          | **DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, GAVIN NEWSOM, HEATHER FONG, GEORGE GASCÓN, and MICHAEL HENNESSEY'S ANSWER TO COMPLAINT**
15 |       vs.                               |
16 | CITY AND COUNTY OF SAN FRANCISCO
   | MAYOR GAVIN NEWSOM, in both his
17 | individual and official capacities; FORMER   | Trial Date:    10/9/2012
   | SAN FRANCISCO POLICE DEPARTMENT
18 | CHIEF OF POLICE HEATHER FONG, in
   | both her individual and official capacities;
19 | SAN FRANCISCO POLICE DEPARTMENT
   | CHIEF OF POLICE GEORGE GASCÓN, in
20 | his official capacity; SAN FRANCISCO
   | SHERIFF MICHAEL HENNESSEY, in both
21 | his individual and official capacities; CITY
   | AND COUNTY OF SAN FRANCISCO; and
22 | STATE OF CALIFORNIA ATTORNEY
   | GENERAL EDMUND G. BROWN, in his
23 | official capacity,
24 |                     Defendants.
25
26
27
28

SAN FRANCISCO DEFENDANTS' ANSWER                         n:\govlit\li2009\100363\00683402.doc
C09-4493 CW

Defendants City and County of San Francisco; former San Francisco Mayor Gavin Newsom; former San Francisco Police Department Chief Of Police Heather Fong; former San Francisco Police Department Chief Of Police George Gascón; and San Francisco Sheriff Michael Hennessey (collectively, the "City" or "Defendants") hereby respond to the Complaint for Monetary Damages, and Declaratory and Injunctive Relief ("Complaint") filed on or about September 23, 2009 by Plaintiff Therese Marie Pizzo ("Plaintiff"). Except as specifically admitted, each and every allegation or portion of an allegation is denied.

## JURISDICTION AND VENUE

1. Responding to Paragraph 1, Paragraph 1 consists of legal assertions regarding jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

2. Responding to Paragraph 2, Paragraph 2 consists of legal assertions regarding jurisdiction to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

3. Responding to Paragraph 3, Paragraph 3 consists of legal assertions regarding declaratory and injunctive relief to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

4. Responding to Paragraph 4, Defendants admit the allegations therein.

## INTRADISTRICT ASSIGNMENT

5. Responding to Paragraph 5, Defendants admit the allegations therein.

6. Responding to Paragraph 6, Defendants admit the allegations therein.

## THE PARTIES

7. Responding to Paragraph 7, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

8. Responding to Paragraph 8, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

9. Responding to Paragraph 9, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

10. Responding to Paragraph 10, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

11. Responding to Paragraph 11, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

12. Responding to Paragraph 12, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

13. Responding to Paragraph 13, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

14. Responding to Paragraph 14, Paragraph 14 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

15. Responding to Paragraph 15, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

16. Responding to Paragraph 16, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

17. Responding to Paragraph 17, Defendants deny the allegations therein.

18. Responding to Paragraph 18, Defendants deny the allegations therein.

19. Responding to Paragraph 19, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

20. Responding to Paragraph 20, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

21. Responding to Paragraph 21, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

22. Responding to Paragraph 22, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

23. Responding to Paragraph 23, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

24. Responding to Paragraph 24, no response is required because the document speaks for itself. To the extent a response is required, Defendants deny that they are bound by its contents.

25. Responding to Paragraph 25, no response is required because the document speaks for itself. To the extent a response is required, Defendants deny that they are bound by its contents.

26. Responding to Paragraph 26, no response is required because the document speaks for itself. To the extent a response is required, Defendants deny that the City is bound by its contents.

27. Responding to Paragraph 27, Defendants admit the allegations therein.

28. Responding to Paragraph 28, Defendants deny the allegations therein.

29. Responding to Paragraph 29, no response is required because the document speaks for itself. To the extent a response is required, Defendants deny that the City is bound by its contents.

30. Responding to Paragraph 30, no response is required because the document speaks for itself. To the extent a response is required, Defendants deny that the City is bound by its contents.

31. Responding to Paragraph 31, no response is required because the document speaks for itself. To the extent a response is required, Defendants deny that the City is bound by its contents.

32. Responding to Paragraph 32, Defendants deny the allegations therein.

33. Responding to Paragraph 33, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

34. Responding to Paragraph 34, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

35. Responding to Paragraph 35, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

36. Responding to Paragraph 36, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

37. Responding to Paragraph 37, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

38. Responding to Paragraph 38, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

39. Responding to Paragraph 39, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

40. Responding to Paragraph 40, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

41. Responding to Paragraph 41, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

42. Responding to Paragraph 42, Defendants deny the allegations therein.

43. Responding to Paragraph 43, Defendants deny the allegations therein.

44. Responding to Paragraph 44, Defendants deny the allegations therein.

45. Paragraph 45 does not require a response.

46. Responding to Paragraph 46, Defendants admit that Heather Fong is a former Chief of the San Francisco Police Department but lack sufficient information to determine the truth of the remaining allegations.

47. Responding to Paragraph 47, Defendants admit that Heather Fong was an employee of the City and County of San Francisco but lack sufficient information to determine the truth of the remaining allegations.

48. Responding to Paragraph 48, Defendants deny the allegations therein.

49. Paragraph 49 does not require a response.

50. Responding to Paragraph 50, Defendants deny the allegations therein.

51. Responding to Paragraph 51, Defendants admit that George Gascón is an employee of the City and County of San Francisco but lack sufficient information to determine the truth of the remaining allegations.

52. Responding to Paragraph 52, Defendants deny the allegations therein.

53. Paragraph 53 does not require a response.

54. Responding to Paragraph 54, Defendants admit that Michael Hennessey is the Sheriff of San Francisco County but lack sufficient information to determine the truth of the remaining allegations.

55. Responding to Paragraph 55, Defendants admit that Michael Hennessey is an employee of the City and County of San Francisco but lack sufficient information to determine the truth of the remaining allegations.

56. Paragraph 56 does not require a response.

57. Responding to Paragraph 57, Defendants admit the allegations therein.

58. Responding to Paragraph 58, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

59. Responding to Paragraph 59, Defendants admit the allegations therein.

60. Paragraph 60 does not require a response from the City.

61. Paragraph 61 does not require a response from the City.

62. Paragraph 62 does not require a response from the City.

## INTRODUCTION AND SUMMARY OF AVERMENTS

63. Responding to Paragraph 63, Defendants incorporate the above admissions and denials as if set forth fully herein.

64. Paragraph 64 does not require a response.

65. Paragraph 65 does not require a response.

66. Paragraph 66 does not require a response.

67. Responding to Paragraph 67, Defendants deny the allegations therein.

68. Responding to Paragraph 68, Defendants admit the allegations therein.

69. Responding to Paragraph 69, Paragraph 69 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

70. Responding to Paragraph 70, Defendants admit the allegations therein.

71. Responding to Paragraph 71, Paragraph 71 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

72. Responding to Paragraph 72, Defendants admit the allegations therein.

73. Responding to Paragraph 73, Defendants incorporate the above admissions and denials as if set forth fully herein.

74. Responding to Paragraph 74, Defendants deny the allegations therein.

75. Responding to Paragraph 75, Defendants deny the allegations therein.

76. Responding to Paragraph 76, Defendants deny the allegations therein.

77. Responding to Paragraph 77, Defendants incorporate the above admissions and denials as if set forth fully herein.

78. Responding to Paragraph 78, Defendants deny the allegations therein. Section 1290 is currently being amended by the San Francisco Board of Supervisors.

79. Responding to Paragraph 79, Defendants incorporate the above admissions and denials as if set forth fully herein.

80. Responding to Paragraph 80, Defendants admit that California Penal Code section 12050 vests discretion in local law enforcement officials to grant a license to carry a concealed firearm under certain conditions. Defendants deny the remaining allegations set forth therein.

81. Responding to Paragraph 81, Defendants admit the allegations therein.

82. Responding to Paragraph 82, Defendants deny the allegations therein.

83. Responding to Paragraph 83, Defendants incorporate the above admissions and denials as if set forth fully herein.

84. Responding to Paragraph 84, Paragraph 84 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

85. Responding to Paragraph 85, no response is required because the document speaks for itself. To the extent a response is required, Defendants deny that the City is bound by its contents.

86. Responding to Paragraph 86, Paragraph 86 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

87. Responding to Paragraph 87, Paragraph 87 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

88. Responding to Paragraph 88, Paragraph 88 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

89. Responding to Paragraph 89, Paragraph 89 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

90. Responding to Paragraph 90, Paragraph 90 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

91. Responding to Paragraph 91, Defendants incorporate the admissions and denials set forth above as if fully set forth herein.

92. Responding to Paragraph 92, Paragraph 92 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

93. Responding to Paragraph 93, Paragraph 93 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

94. Responding to Paragraph 94, Defendants incorporate the above admissions and denials as though set forth fully herein.

95. Responding to Paragraph 95, Paragraph 95 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

96. Responding to Paragraph 96, Paragraph 96 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

97. Responding to Paragraph 97, Paragraph 97 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

98. Responding to Paragraph 98, Paragraph 98 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

99. Responding to Paragraph 99, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

100. Responding to Paragraph 100, Paragraph 100 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

101. Responding to Paragraph 101, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

102. Responding to Paragraph 102, Paragraph 102 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

103. Responding to Paragraph 103, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

104. Responding to Paragraph 104, Paragraph 104 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

105. Responding to Paragraph 105, Paragraph 105 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

106. Responding to Paragraph 106, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

107. Responding to Paragraph 107, Paragraph 107 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

108. Responding to Paragraph 108, Paragraph 108 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

109. Responding to Paragraph 109, Defendants admit the allegations therein.

110. Responding to Paragraph 110, Paragraph 110 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

111. Responding to Paragraph 111, Paragraph 111 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

112. Responding to Paragraph 112, Defendants deny the allegations therein.

113. Responding to Paragraph 113, Defendants deny the allegations therein.

114. Responding to Paragraph 114, Defendants deny the allegations therein.

115. Responding to Paragraph 115, Paragraph 115 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

116. Responding to Paragraph 116, Defendants deny the allegations therein.

117. Responding to Paragraph 117, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

118. Responding to Paragraph 118, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

119. Responding to Paragraph 119, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

120. Responding to Paragraph 120, Paragraph 120 consists of legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

121. Paragraph 121 requires no response.

## GENERAL ALLEGATIONS

122. Responding to Paragraph 122, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

123. Responding to Paragraph 123, Defendants admit the allegations therein.

124. Responding to Paragraph 124, Paragraph 124 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

125. Responding to Paragraph 125, Paragraph 125 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

126. Responding to Paragraph 126, Defendants admit the allegations therein.

127. Responding to Paragraph 127, Paragraph 127 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

128. Responding to Paragraph 128, Defendants admit the allegations therein.

129. Responding to Paragraph 129, Defendants admit the allegations therein.

130. Responding to Paragraph 130, Defendants admit the allegations therein.

131. Responding to Paragraph 131, Defendants admit the allegations therein.

132. Responding to Paragraph 132, Defendants deny the allegations therein.

## FIRST CLAIM FOR RELIEF:
## UNCONSTITUTIONALITY OF SECTION 4512
### Violation of the Second Amendment Right to Keep and Bear Arms

133. Responding to Paragraph 133, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

134. Responding to Paragraph 134, Defendants deny the allegations therein.

135. Responding to Paragraph 135, Defendants deny the allegations therein.

136. Responding to Paragraph 136, Defendants deny the allegations therein.

137. Responding to Paragraph 137, Defendants deny the allegations therein.

138. Responding to Paragraph 138, Defendants deny the allegations therein.

139. Responding to Paragraph 139, Paragraph 139 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

140. Responding to Paragraph 140, Defendants deny the allegations therein.

141. Responding to Paragraph 141, Defendants deny the allegations therein.

142. Responding to Paragraph 142, Defendants deny the allegations therein.

143. Responding to Paragraph 143, Defendants deny the allegations therein.

### SECOND CLAIM FOR RELIEF:
### UNCONSTITUTIONALITY OF SECTION 1290
#### Violation of the Second Amendment Right to Keep and Bear Arms

144. Responding to Paragraph 144, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

145. Responding to Paragraph 145, Defendants deny the allegations therein.

146. Responding to Paragraph 146, Defendants deny the allegations therein.

147. Responding to Paragraph 147, Defendants deny the allegations therein.

148. Responding to Paragraph 148, Defendants deny the allegations therein.

149. Responding to Paragraph 149, Defendants deny the allegations therein.

### THIRD CLAIM FOR RELIEF:
### UNCONSTITUTIONALITY OF C.P.C. § 12050, *et al.*
#### Violation of the Second Amendment Right to Keep and Bear Arms

150. Responding to Paragraph 150, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

151. Responding to Paragraph 151, Defendants deny the allegations therein.

152. Responding to Paragraph 152, Paragraph 152 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

153. Responding to Paragraph 153, Paragraph 153 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

154. Responding to Paragraph 154, Paragraph 154 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

155. Responding to Paragraph 155, Defendants admit the allegations therein.

156. Responding to Paragraph 156, Paragraph 156 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

157. Responding to Paragraph 157, Defendants deny the allegations therein.

158. Responding to Paragraph 158, Defendants deny the allegations therein.

159. Responding to Paragraph 159, Defendants deny the allegations therein.

**FOURTH CLAIM FOR RELIEF:**
**UNCONSTITUTIONALITY OF C.P.C. § 12050,** *et al.*
**Violation of the Second Amendment Right to Keep and Bear Arms**

160. Responding to Paragraph 160, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

161. Responding to Paragraph 161, Paragraph 161 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

162. Responding to Paragraph 162, Defendants deny the allegations therein.

163. Responding to Paragraph 163, Defendants deny the allegations therein.

164. Responding to Paragraph 164, Defendants admit the allegations therein.

165. Responding to Paragraph 165, Defendants admit the allegations therein.

166. Responding to Paragraph 166, Defendants admit the allegations therein.

167. Responding to Paragraph 167, Defendants deny the allegations therein.

168. Responding to Paragraph 168, Defendants deny the allegations therein.

169. Responding to Paragraph 169, Paragraph 169 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

170. Responding to Paragraph 170, Paragraph 170 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

171. Responding to Paragraph 171, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

172. Responding to Paragraph 172, Defendants admit the allegations therein.

173. Responding to Paragraph 173, Paragraph 173 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

174. Responding to Paragraph 174, Paragraph 174 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

175. Responding to Paragraph 175, Paragraph 175 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

176. Responding to Paragraph 176, Defendants deny the allegations therein.

177. Responding to Paragraph 177, Defendants deny the allegations therein.

178. Responding to Paragraph 178, Defendants deny the allegations therein.

179. Responding to Paragraph 179, Defendants deny the allegations therein.

180. Responding to Paragraph 180, Defendants deny the allegations therein.

### FIFTH CLAIM FOR RELIEF:
### UNCONSTITUTIONALITY OF C.P.C. § 12031(b).
**Violation of the Equal Protection Clause of the Fourteenth Amendment**

181. Responding to Paragraph 181, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

182. Responding to Paragraph 182, Defendants admit the allegations therein.

183. Responding to Paragraph 183, Defendants admit the allegations therein.

184. Responding to Paragraph 184, Paragraph 184 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

185. Responding to Paragraph 185, Paragraph 185 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

186. Responding to Paragraph 186, Defendants deny the allegations therein.

187. Responding to Paragraph 187, Defendants deny the allegations therein.

188. Responding to Paragraph 188, Defendants deny the allegations therein.

### SIXTH CLAIM FOR RELIEF:
### UNCONSTITUTIONALITY OF LEOSA
**Violation of the Equal Protection Clause of the Fourteenth Amendment**

189. Responding to Paragraph 189, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

190. Responding to Paragraph 190, Paragraph 190 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

191. Responding to Paragraph 191, Paragraph 191 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

192.    Responding to Paragraph 192, Paragraph 192 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

193.    Responding to Paragraph 193, Paragraph 193 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

194.    Responding to Paragraph 194, Paragraph 194 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

195.    Responding to Paragraph 195, Paragraph 195 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

196.    Responding to Paragraph 196, Defendants deny the allegations therein.

**SEVENTH CLAIM FOR RELIEF:**
**UNCONSTITUTIONALITY OF SECTION 613.10(g)**
**Violation of the Section Amendment Right to Keep and Bear Arms**

197.    Responding to Paragraph 197, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

198.    Responding to Paragraph 198, Paragraph 198 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

199.    Responding to Paragraph 199, Defendants admit the allegations therein.

200.    Responding to Paragraph 200, Defendants deny the allegations therein.

201.    Responding to Paragraph 201, Defendants admit the allegations therein.

202.    Responding to Paragraph 202, Defendants deny the allegations therein.

203.    Responding to Paragraph 203, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

204.    Responding to Paragraph 204, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

205.    Responding to Paragraph 205, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

206.    Responding to Paragraph 206, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

207. Responding to Paragraph 207, Defendants deny the allegations therein.

208. Responding to Paragraph 208, Defendants deny the allegations therein.

209. Responding to Paragraph 209, Defendants admit the allegations therein.

210. Responding to Paragraph 210, Defendants deny the allegations therein.

211. Responding to Paragraph 211, Defendants deny the allegations therein.

212. Responding to Paragraph 212, Defendants deny the allegations therein.

### EIGHTH CLAIM FOR RELIEF:
### UNCONSTITUTIONALITY OF SECTION 613.10(g)
### Violation of the Fifth Amendment Right to Due Process

213. Responding to Paragraph 213, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

214. Responding to Paragraph 214, Defendants deny the allegations therein.

215. Responding to Paragraph 215, Paragraph 215 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

216. Responding to Paragraph 216, Defendants deny the allegations therein.

217. Responding to Paragraph 217, Defendants deny the allegations therein.

218. Responding to Paragraph 218, Defendants deny the allegations therein.

219. Responding to Paragraph 219, Defendants deny the allegations therein.

220. Responding to Paragraph 220, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

221. Responding to Paragraph 221, Defendants deny the allegations therein.

222. Responding to Paragraph 222, Defendants deny the allegations therein.

223. Responding to Paragraph 223, Defendants deny the allegations therein.

### NINTH CLAIM FOR RELIEF:
### INVALIDITY OF SECTIONS 4512, 1290, 613.10(g) and C.P.C. § 12050, *et al.*
### Violation of the Constitution and laws of the State of California

224. Responding to Paragraph 224, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

225. Responding to Paragraph 225, Defendants deny the allegations therein.

226. Responding to Paragraph 226, Defendants deny the allegations therein.

227. Responding to Paragraph 227, Defendants deny the allegations therein.

228. Responding to Paragraph 228, Defendants deny the allegations therein.

229. Responding to Paragraph 229, Paragraph 229 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

230. Responding to Paragraph 230, Paragraph 230 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

231. Responding to Paragraph 231, Paragraph 231 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

232. Responding to Paragraph 232, Defendants deny the allegations therein.

233. Responding to Paragraph 233, Paragraph 233 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

234. Responding to Paragraph 234, Paragraph 234 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

235. Responding to Paragraph 235, Defendants deny the allegations therein.

236. Responding to Paragraph 236, Defendants deny the allegations therein.

237. Responding to Paragraph 237, Defendants deny the allegations therein.

238. Responding to Paragraph 238, Defendants deny the allegations therein.

239. Responding to Paragraph 239, Defendants deny the allegations therein.

240. Responding to Paragraph 240, Defendants deny the allegations therein.

241. Responding to Paragraph 241, Defendants deny the allegations therein.

242. Responding to Paragraph 242, Defendants deny the allegations therein.

243. Responding to Paragraph 243, Defendants deny the allegations therein.

244. Responding to Paragraph 244, Defendants deny the allegations therein.

/ / /

/ / /

/ / /

### TENTH CLAIM FOR RELIEF:
### INVALIDITY OF SECTIONS 4512, 1290, 613.10(g) and C.P.C. § 12050, *et al.*
### Violation of the Due Process Clause of the Fourteenth Amendment

245. Responding to Paragraph 245, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

246. Responding to Paragraph 246, Paragraph 246 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

247. Responding to Paragraph 247, Paragraph 247 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations therein.

248. Responding to Paragraph 248, Defendants deny the allegations therein.

249. Responding to Paragraph 249, Defendants deny the allegations therein.

250. Responding to Paragraph 250, Defendants deny the allegations therein.

251. Responding to Paragraph 251, Defendants deny the allegations therein.

### DECLARATORY JUDGMENT AVERMENTS

252. Responding to Paragraph 252, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

253. Responding to Paragraph 253, Defendants deny the allegations therein.

254. Responding to Paragraph 254, Defendants admit the allegations therein.

255. Responding to Paragraph 255, Defendants deny the allegations therein.

256. Responding to Paragraph 256, Defendants deny the allegations therein.

### INJUNCTIVE RELIEF AVERMENTS

257. Responding to Paragraph 257, Defendants incorporate the admissions and denials set forth above as though fully set forth herein.

258. Responding to Paragraph 258, Defendants deny the allegations therein.

259. Responding to Paragraph 259, Defendants deny the allegations therein.

260. Responding to Paragraph 260, Defendants deny the allegations therein.

261. Responding to Paragraph 261, Defendants deny the allegations therein.

262. Responding to Paragraph 262, Defendants deny the allegations therein.

263. Responding to Paragraph 263, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

264. Responding to Paragraph 264, Defendants lack knowledge or information sufficient to form a belief about the truth of this allegation and deny it on that basis.

265. Responding to Paragraph 265, Defendants deny the allegations therein.

266. Responding to Paragraph 266, Defendants deny the allegations therein.

267. Responding to Paragraph 267, Defendants deny the allegations therein.

## DEMAND FOR JURY TRIAL

268. Responding to Paragraph 268, Defendants deny that a jury trial is required in this case seeking solely equitable remedies.

## REQUEST FOR ATTORNEYS' FEES

269. Responding to Paragraph 269, Defendants deny the allegations therein.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense
### (Ripeness)

Plaintiff's complaint is barred in whole or in part because the claims alleged therein are not ripe for review. Her application to carry a concealed weapon has never been reviewed or denied by any of the Defendants, and she has never been subjected to enforcement or even a threat of enforcement of San Francisco Police Code sections 1290, 613.10(g) and 4512 or any other challenged statute.

### Second Affirmative Defense
### (Standing)

Plaintiff's complaint is barred in whole or in part because she has failed to establish that she has suffered or will imminently suffer an injury in fact under any of the challenged laws.

### Third Affirmative Defense
### (Mootness)

Plaintiff's complaint is barred in whole or in part because amendments to San Francisco Police Code section 1290 and other policy changes have mooted her claims.

### Fourth Affirmative Defense
### (Failure to Join An Indispensable Party)

Plaintiff's complaint is barred in whole or in part because she has failed to name the United States as a defendant.

### Fifth Affirmative Defense
### (Qualified Immunity)

Plaintiff's claims against San Francisco officials are barred in whole or in part by the doctrine of qualified immunity.

### Sixth Affirmative Defense
### (Failure to State a Claim)

The allegations in the complaint fail to state a claim on which relief can be granted.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. Plaintiff take nothing from Defendants by way of this action;

2. The Complaint be dismissed with prejudice and judgment entered in favor of Defendants; and

3. Defendants be awarded costs of suit and any other relief which the Court deems proper.

Dated: March 3, 2011

DENNIS J. HERRERA
City Attorney
WAYNE SNODGRASS
SHERRI SOKELAND KAISER
Deputy City Attorneys


By: s/Sherri Sokeland Kaiser
SHERRI SOKELAND KAISER

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, GAVIN NEWSOM, GEORGE GASCÓN, HEATHER FONG AND MICHAEL HENNESSEY