C. D. Michel - S.B.N. 144258
Glenn S. McRoberts - SBN 144852
Clinton B. Monfort- S.B.N. 255609
MICHEL & ASSOCIATES, LLP
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445
Email: cmichel@michelandassociates.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,<br><br>Plaintiffs<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in his official capacity; POLICE CHIEF GEORGE GASCÓN, in his official capacity, and Does 1-10,<br><br>Defendants. | CASE NO. C09-2143 RS<br><br>**PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Hearing Date: April 14, 2011<br>Time: 1:30 p.m.<br>Place: Courtroom 3, 17th Floor |

Please take notice that Plaintiffs, by and through their attorneys of record, will and hereby do object to Defendants' Request for Judicial Notice in Support of Defendants' Motion to Dismiss, set for hearing before this Court on April 14, 2011.

## I. INTRODUCTION

Section 22 of General Order 1,587 of the Board of Supervisors ("General Order"), Exhibit "A" to Defendants' Request for Judicial Notice, is not relevant to this case and is thus not the proper subject of a request for judicial notice. As such, the Court should decline to grant Defendants' request.

## II. IT IS IMPROPER TO TAKE JUDICIAL NOTICE OF IRRELEVANT EVIDENCE

Federal Rule of Evidence 402 provides that "[e]vidence which is not relevant is not admissible." And evidence submitted under the rules of judicial notice is not immune from the core evidentiary requirement of relevance. *See Yanek v. STARR Surgical Co.*, 388 F. Supp. 2d 1110, 1127 (C.D. Cal. 2005) (citing Fed. R. Evid. 402). So, even if a fact or document would otherwise meet the requirements for judicial notice, i.e., it is "not subject to reasonable dispute," the Court should refrain from taking judicial notice of evidence that is irrelevant and inadmissible pursuant to Rule 402.

"Statutory interpretation begins with the plain meaning of the statute's language. Where the statutory language is clear and consistent with the statutory scheme at issue, the plain language of the statute is conclusive and the judicial inquiry is at an end." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 732 (9th Cir. 2007). Thus, any evidence used to interpret an ordinance that is clear and unambiguous should not be considered, as it is irrelevant to a determination of the issues.

Here, Defendants request judicial notice of San Francisco General Order 1,587, section 22, as amended on July 19, 1892, despite the clear language of San Francisco Police Code section 1290, the ordinance to which it purportedly relates, enacted in 1938. (Defs.' Req. Jud. Notice, Exh. A.) Section 1290 provides, in relevant part: "[N]o person or persons . . . shall fire or discharge any firearms or fireworks of any kind or description within the limits of the City and County of San Francisco." The language of section 1290 is clear and unambiguous, and the judicial inquiry need go no further than its plain meaning. Reference to the General Order–to the extent that it indicates the legislative history of section 1290 at all–is unnecessary.

Moreover, Defendants provide no factual link between the 1892 General Order and Police Code section 1290 beyond their bald assertion that the General Order was a "precursor" to section

1290. (*See* Defs.' Mot. to Dismiss 5-6.) The General Order reads, in relevant part: "No person shall discharge any firearms of any other description, or any firecrackers or bombs, or any fireworks of any kind, character or description . . . ." Defendants suggest, without foundation, that an express exception for "shooting destructive animals within or upon [one's] own enclosure" contained in the General Order somehow *implies* an exception to section 1290 for discharging a firearm in self-defense against a criminal intruder within one's home. In essence, Defendants ask this Court to rewrite section 1290 to include a self-defense exception because the General Order allowed for "shooting destructive animals," without providing one scintilla of evidence linking the two laws nor any explanation for how an exception for shooting "destructive animals" equates with one for shooting violent human trespassers.

In sum, the Court need not resort to the text of the General Order to interpret the plain language of section 1290. And even if section 1290 were ambiguous, Defendants provide no foundation for the General Order's alleged value in interpreting it. Thus, the General Order has no bearing on this case or on Defendants' Motion to Dismiss; it is irrelevant, inadmissible, and not the proper subject of a request for judicial notice.

### III. CONCLUSION

Because the General Order is irrelevant to this case, Plaintiffs request this Court deny Defendants' Request for Judicial Notice and sustain Plaintiffs' objection. Should the Court find it necessary, Plaintiffs request an opportunity to be heard as to the impropriety of taking judicial notice of this document, pursuant to Federal Rule of Evidence 201(e).

Date: March 24, 2011                     **MICHEL & ASSOCIATES, LLP**

                                                                                  /S/
                                                         C. D. Michel
                                                         Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,<br><br>Plaintiffs<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, IN HIS OFFICIAL CAPACITY; POLICE CHIEF GEORGE GASCÓN, in his official capacity, and Does 1-10,<br><br>Defendants. | CASE NO.: CV-09-2143-RS<br><br>**CERTIFICATE OF SERVICE** |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' OBJECTION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Wayne Snodgrass, Deputy City Attorney
Sherri Sokeland Kaiser, Deputy City Attorney
sherri.kaiser@sfgov.org
City and County of San Francisco
Office of the City Attorney
City Hall 1 Drive Carlton B.
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. Executed on March 24, 2011.

                                                             /S/
                                                      C. D. Michel
                                                      Attorney for Plaintiffs'