1     C. D. Michel - S.B.N. 144258
         Glenn S. McRoberts - S.B.N. 144852
2     Clinton B. Monfort - S.B.N. 255609
         MICHEL & ASSOCIATES, PC
3     180 E. Ocean Boulevard, Suite 200
         Long Beach, CA 90802
4     Telephone: 562-216-4444
         Facsimile: 562-216-4445
5     Email: cmichel@michellawyers.com

6     Attorneys for Plaintiffs

7

8                **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                     **SAN FRANCISCO DIVISION**

11     ESPANOLA JACKSON, PAUL COLVIN,  )   CASE NO. CO9-2143 RS
         THOMAS BOYER, LARRY BARSETTI,  )
12     DAVID GOLDEN, NOEMI MARGARET  )   **PLAINTIFFS' SUPPLEMENTAL BRIEF IN**
         ROBINSON, NATIONAL RIFLE  )   **SUPPORT OF OPPOSITION TO**
13     ASSOCIATION OF AMERICA, INC. SAN  )   **DEFENDANTS' MOTION TO DISMISS**
         FRANCISCO VETERAN POLICE  )   **(PURSUANT TO THE COURT'S ORDER)**
14     OFFICERS ASSOCIATION,  )
          )
15                        )   **[FRCP Rule 12(b)(1)]**
                Plaintiffs  )
16                        )
              vs.  )   Hearing Date: April 28, 2011
17                        )   Time:         9:00 a.m.
         CITY AND COUNTY OF SAN  )   Place:        Courtroom 5
18     FRANCISCO, MAYOR EDWIN LEE, in  )
         his official capacity; ACTING POLICE  )
19     CHIEF JEFF GODOWN, in his official  )
         capacity, and Does 1-10,  )
20                        )
                Defendants.  )
21     _____ )

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiffs' filed their Opposition to Defendants' Motion to Dismiss on March 24, 2011, unaware the City had recently amended an ordinance challenged in this suit that prohibits the discharge of firearms. As the Court suggests, Plaintiffs learned of the amendments upon reading Defendants' Reply brief, wherein they contend the amendments address Plaintiffs' claims, mooting any controversy as to the discharge ban. In its Order of April 8, 2011, the Court requested Plaintiffs file a supplemental brief setting forth their position as to the effect of the amendments.

In short, Defendants' amendments fail to redress Plaintiffs' general claims that the ban on the discharge of firearms violates Plaintiffs' Second Amendment rights to keep and bear arms. Defendants' discharge ban still prohibits discharges protected by the Second Amendment, but which are not, or may not, be authorized by state or federal law. And Defendants' interpretation of the amended policy suggests it criminalizes defensive discharges of lawfully possessed firearms in the home. Finally, the recent amendments reaffirm Defendants' intention to enforce the law in all circumstances involving self-defense discharges not *expressly* exempted.

Accordingly, Plaintiffs' claim remains ripe for adjudication. Should the Court be inclined to rule the amendments moot Plaintiffs' allegations, Plaintiffs' request leave to file a supplemental pleading to address facts that materialized since the filing of the Complaint or, alternatively, to amend to more specifically address the ongoing violations of Plaintiffs' fundamental rights.

**FACTUAL BACKGROUND**

Plaintiffs initially challenged San Francisco Police Code section 1290, which prohibited all discharges within City and County limits.[1] Plaintiffs' chief concern was that it violated their Second Amendment right to self-defense. Recently amended, the discharge ban is now codified at section 4502.[2]  This section bans the discharge of any firearm, limited only by the exceptions in section 4506 – also recently amended. Defendants now criminalize all discharges *except* those by:

---

[1]  All further statutory references are to the San Francisco Police Code, unless otherwise noted.

[2] SEC. 4502 provides: Subject to the exceptions in Section 4506, it shall be unlawful for any person to at any time fire or discharge, or cause to be fired or discharged, any firearm or any projectile weapon within the City and County of San Francisco.

Plaintiffs' Supplemental Brief In Opposition to Defendants' Motion to Dismiss

(1) Sheriffs, constables, marshals, police officers, or other duly appointed peace officers in the performance of their official duties, or nor to any person summoned by such officer to assist in making arrests or preserving the peace while said person so summoned is actually engaged in assisting such officer;

(2) Persons in lawful possession of a handgun who discharge said handgun in necessary and lawful defense of self or others while in a personal residence; or

(3) Persons in lawful possession of a firearm or projectile weapon who are expressly and specifically authorized by federal or state law to discharge said firearm or projectile weapon under the circumstances present at the time of discharge.

S.F., Cal., Ordinance 50-11, Appdx. to Defs.' Reply to Pls.' Opp. to Mot. to Dismiss.

In an effort to best address the Court's request, Plaintiffs sought clarification from Defendants regarding the scope of the exception contained in subparagraph (3). (Decl. of Clinton B. Monfort Supp. Pls.' Suppl. Br. ["CBM Decl."] ¶ 3, Ex. A.) As an example, Plaintiffs inquired whether the law authorizes defensive discharges other than with a handgun when inside a personal residence. Plaintiffs also asked whether the exceptions allow for discharges, whether with a handgun or other firearm, when "outside" a personal residence. (CBM Decl. ¶ 3, Ex. A.)

Defendants cooperatively and timely engaged Plaintiffs on this issue. Ultimately, they stated that whether prosecutions would be sought in these circumstances would be up to the District Attorney, weighing the facts surrounding the discharge. They did, however, offer an advisory opinion as to whether certain defensive discharges with a lawfully-possessed firearm would be prohibited by the newly amended ordinance. (CBM Decl. ¶ 3, Ex. A.)

Regarding self-defense discharges in a personal residence, Defendants stated they are lawful if the individual uses a firearm in "common use for in-home self defense." They clarified this would presumably authorize defensive discharges with a lawfully possessed handgun and "probably" a conventional shotgun. Self-defense discharges in a personal residence with all other firearms, such as a rifle, "non-conventional" shotgun, or other lawful firearm not commonly used for in-home self-defense are, in Defendants' view, prohibited. (CBM Decl. ¶ 3, Ex. A.)

As to discharges outside of a personal residence, Defendants suggested the type of firearm used would *not* be relevant to whether a self-defense discharge would be lawful. Discharges in those self-defense emergencies, according to Defendants, would not be limited to handguns or conventional shotguns. Rather, it would depend on whether the discharge fits "within the

Plaintiffs' Supplemental Brief In Opposition to Defendants' Motion to Dismiss

1   provisions of California law under which such discharges are expressly allowed under the

2   circumstances." Defendants suggested that section 4506(a)(3) might excuse all self-defense

3   discharges outside a personal residence–but maybe not. Defendants further clarified that their

4   opinion is limited to the extent the District Attorney ultimately decides whether to prosecute, and

5   that prosecutors should be guided to prosecute for discharges where existing law does not

6   *expressly* authorize discharge under the circumstances. (CBM Decl. ¶ 3, Ex. A.)

7                                         **ARGUMENT**

8   **I.     THE AMENDED DISCHARGE ORDINANCE VIOLATES PLAINTIFFS' RIGHTS
            TO USE FIREARMS IN SELF-DEFENSE AND DEFENSE OF OTHERS**

9           The amendments to sections 1290, 4502, and 4506 fail to redress Plaintiffs' claims

10  regarding their ability to discharge firearms in self-defense without risking prosecution. Although

11  the amendments authorize discharges in limited circumstances, section 4502 still criminalizes

12  discharges in numerous self-defense emergencies. The only defensive discharge the ordinance

13  directly addresses is the discharge of a lawfully-possessed handgun within a personal residence.

14  Defendants attempt to address all other defensive discharges via section 4506(a)(3), which

15  authorizes discharges *only* where it is "expressly and specifically authorized by federal or state

16  law . . . under the circumstances present at the time of discharge."[3]

17          **A.     The Limited Handgun Discharge Exception Fails to Redress Plaintiffs' Claims**

18          The exception for the discharge of a handgun in a personal residence does not moot

19  Plaintiffs' claim. While the Amended Complaint highlights that the discharge ban prohibited

20  discharges of *handguns* in the home for self-defense, Plaintiffs' concerns over the discharge ban

21  were not so limited. Plaintiffs pled, in general terms, that the discharge ban violates their Second

22  Amendment rights to keep and bear *arms*–not only handguns. (Am. Compl. 5:10-15.) They need

23  not plead every imaginable circumstance in which Defendants' ordinance prohibits the otherwise

24  legitimate discharge of their firearms. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561

25

26          [3] Section 4506(a)(1), which provides an exception for law enforcement officers in the
    performance of their official duties and those summoned by law enforcement to assist in making

27  an arrest, and section 4506(b), which provides an exception for those participating in specific,
    permitted competitive and sporting events, are of little concern to Plaintiffs in the present action

28  because these exceptions do not impact Plaintiffs' protected right to self-defense.

            Plaintiffs' Supplemental Brief In Opposition to Defendants' Motion to Dismiss

1   (1992). Regardless, Plaintiffs have pled specific circumstances not addressed by the amendments.

2   Among Plaintiffs' concerns are that the discharge ban (both pre- and post-amendment)

3   subjects Plaintiffs to prosecution for discharging a firearm within their homes in self-defense.

4   (Am. Compl. 9:8-11.) Their concerns are illustrated by their claims that Defendants prohibit them

5   from exercising their right to defend themselves and their families by keeping firearms, including

6   *but not limited to* handguns, in the home and discharging them as necessary. (Am. Compl. 9:22-

7   28.) Finally, Plaintiffs request a declaration that the discharge ordinance violates the Second

8   Amendment because it forbids defensive discharges outside the home. (Am. Compl. 20:20-25.)

9   Plaintiffs have not listed every circumstance in which they wish to discharge a firearm. If

10  necessary, these issues will be fleshed out during litigation. Regardless, the limited exception for

11  discharges with handguns in a personal residence does not address the many circumstances

12  Plaintiffs are guaranteed the right to use a firearm for self-defense under the Second Amendment.

13  **B.   Defendants' Exception for Discharges Affirmatively Authorized Under
         State and Federal Law Also Fails to Redress Plaintiffs' Claims**

14  Like the "handgun-in-the-home-only" exception, Defendants' reluctant tolerance of the

15  use of firearms for self-defense where "expressly and specifically authorized by federal or state

16  law" under the "circumstances present at the time of discharge," offends the Second Amendment

17  and leaves much to be desired by those needing to exercise their fundamental right to self-defense.

18  **1.   Plaintiffs Are Unclear as to the Discharges Exempted Under 4506(a)(3)**

19  Upon reflection, Plaintiffs realized this exception likely authorizes very little. Their

20  concerns arise because, among the many different circumstances in which one is guaranteed the

21  right to use a firearm, very few of these circumstances are ever spelled out and expressly

22  authorized by state or federal law. The Second Amendment does not, nor does any other law,

23  detail every lawful self-defense discharge, with every type of firearm, in every location, and under

24  every possible set of circumstances. To do so is virtually impossible. This is no doubt why local,

25  state, and federal governments don't enact blanket bans on activities such as talking, walking, or

26  praying, that, like self-defense discharges, are protected under the umbrella of a fundamental right.

27  The use of firearms for self-defense is generally *lawful*, subject to specific regulation.

28  Rather than expressly "authorize" certain self-defense discharges, state and federal laws "prohibit"

Plaintiffs' Supplemental Brief In Opposition to Defendants' Motion to Dismiss

1    discharges in certain circumstances–and some of those prohibitions are subject to exceptions.[4]

2    Indeed, statutes generally describe behavior that is *unlawful*, not the other way around.

3          Permissible restrictions in the context of the First Amendment offer comparative analysis.

4    In California, laws abound limiting the right to free speech; for example, state law provides

5    liability for the publication of defamatory statements, regulates misleading commercial speech,

6    and restricts the utterance of threats.[5] State and federal laws do not affirmatively guarantee the

7    rights of individuals to engage in speech in every conceivable manner. But, it appears Defendants'

8    approach to fundamental rights would afford them the power to prohibit any form of speech, so

9    long as it wasn't expressly authorized. This approach would plainly offend the First Amendment.

10         Likewise, Defendants cannot restrict Plaintiffs' right to use firearms in self-defense in

11   every context other than those "expressly authorized under state and federal law" without

12   providing justifications for those restrictions in response to Plaintiffs' challenge.

13         **2.     Defendants' Own Interpretation Conflicts With Plaintiffs' Claims Regarding the Ability to Discharge Firearms for Self-Defense Purposes**

14         Although Plaintiffs are concerned this exception is meaningless because state and federal

15   laws do not affirmatively authorize the discharge of firearms, Plaintiffs nonetheless sought

16   clarification from the City. Plaintiffs' concerns were not alleviated by Defendants' advisory

17   opinion, which indicated that Plaintiffs' ability to discharge firearms in self-defense would depend

18   on whether they "fit within the provisions of California law under which such discharges are

19   expressly allowed under the circumstances" and that section 4506(a)(3) might very well not

20   excuse all defensive discharges made outside of a personal residence. (CBM Decl. ¶ 3, Ex. A)

21   Discharges of a firearm other than a handgun or "conventional shotgun" within a personal

22   residence would still be unlawful. (CBM Decl. ¶ 3, Ex. A.) And Defendants explicitly stated their

23

---

24         [4] For example, California Penal Code section 247 prohibits the willful and malicious discharge
25   of a firearm at an unoccupied aircraft, and Penal Code section 246 prohibits the willful and
     malicious discharge of a firearm at an inhabited dwelling house. Section 626.9 prohibits the
26   discharge of a firearm in a school zone, exempting discharges "within a place of residence or place
     of business or on private property, if the place of residence, place of business, or private property
27   is not part of the school grounds and the possession of the firearm is otherwise lawful."

28         [5] *See* Cal. Civil Code §§ 44-48.9; Cal. Bus. & Prof. Code §17500; Cal. Penal Code § 422.

1   opinion is not binding on prosecutors, who will enforce the law as they see fit, guided by the

2   ordinance to prosecute for a discharge, unless state or federal law "expressly and specifically

3   authorizes" it, whatever that means. (CBM Decl. ¶ 3, Ex. A.)

4          In any event, Plaintiffs take Defendants' advice with a hearty grain of salt, considering

5   they stated that whether a defensive discharge made *inside* a personal residence is lawful depends

6   on whether the firearm is in "common use for in-home self-defense," but if the discharge occurs

7   *outside* a personal residence, the type of firearm doesn't matter. (CBM Decl. ¶ 3, Ex. A.) Plaintiffs

8   are puzzled as to how a meaningful exercise of their fundamental rights allows them to thwart an

9   attacker on their lawn with a hunting rifle, but once inside their home, it would require them to

10  abandon the hunting rifle, locate a handgun, and use the handgun for defense–or face prosecution.

11          **C.     But For Defendants' Continued Enforcement, Plaintiffs Would Discharge
                      Firearms In All Instances Protected by the Second Amendment**

12          Plaintiffs have pled in general terms, as they are required, that the discharge ban violates

13  the Second Amendment. (Am. Comp. 3:10-15, 9:8-11, 9:22-28, 10:7-16, 15:14-16:5.) Plaintiffs

14  are guaranteed the right to use firearms in self-defense should they so choose, and that right is *not*

15  limited to using handguns in the home. *District of Columbia v. Heller*, 554 U.S. 570, 635 (2008);

16  *McDonald v. City of Chicago*, __ U.S. __, 130 Sup. Ct. 3020, 3023 (2010). Nor is it limited to

17  instances where the law prohibits certain discharges, but provides an exception in a limited self-

18  defense context. Plaintiffs, but for the discharge ban, would discharge firearms in self-defense,

19  with whatever type of firearm they may obtain to survive a violent attack, wherever they happen

20  to be located–whether inside a residence, outside a residence but still on their property, on public

21  property, on private property of another, or at their place of business. Plaintiffs also intend to

22  exercise other rights to self-defense, including discharges necessary to ward off a home invader by

23  firing warning shots, whether or not discharge is *necessary* at that moment to save their lives.

24  **II.    DEFENDANTS' POLICY CRIMINALIZES DISCHARGES NECESSARY TO
            MEANINGFULLY EXERCISE THE RIGHT TO SELF-DEFENSE**

25          Notably missing from the amended discharge ban is protection for residents discharging

26  firearms while honing their defensive shooting skills. Other than specific discharges during actual

27  self-defense emergencies, where authorized by law, or when assisting an officer, the new policy

28  appears only to authorize discharges of firearms when "integral to the pursuit of a specific

                    Plaintiffs' Supplemental Brief In Opposition to Defendants' Motion to Dismiss

competitive and sporting event." As Plaintiffs read the law, discharges made while practicing

one's defensive shooting skills, a necessary corollary to defensive discharges, remain prohibited.

**III.   DEFENDANTS NEVER RETRACTED THEIR PROMISED ENFORCEMENT AND RECENT AMENDMENTS RENEW AN INTENTION TO ENFORCE**

Defendants have a history of enforcing or threatening to enforce its discharge ban. San

Francisco police officers have advised homeowners, who have otherwise lawfully discharged

firearms in self-defense, that they would be arrested for discharge, unless they stated it was

"accidental."(Am. Compl. 15:20-16:5.) And Defendants have never advised the public or law

enforcement that they did not intend to enforce Section 1290. (Am. Compl. 16:6-13.) The

ordinance now provides exceptions for self-defense with a handgun in the home, and *possibly*

more, but presumably all other self-defense discharges falling outside the scope of the new

exceptions will result in arrest. Moreover, Defendants' recent amendment of the ban, which they

claim was dormant, confirms they intend to enforce the law against anyone who discharges in a

self-defense circumstance that isn't already specifically authorized by state or federal law.

Ultimately, the amended discharge ban still subjects Plaintiffs to criminal prosecution for

exercising fundamental constitutional rights as pled generally in the Amended Complaint.

Because Defendants continue to coerce residents' compliance by discouraging constitutionally

protected behavior, Plaintiffs clear the standing hurdle and their claims are ripe for adjudication.

**CONCLUSION**

Because the code amendments do not impact the justiciability of Plaintiffs' claims,

Defendants' Motion to Dismiss should be denied. To prevent the need for further amendments,

Plaintiffs request leave to make any technical, non-substantive changes the Court deems necessary

to allow Plaintiffs' challenge to the discharge ban to proceed, including replacing references to

section 1290 with references to sections 4502 and 4506. Should the Court determine the

amendments redress their claims, Plaintiffs seek leave to file a supplemental pleading to address

facts not in existence at the time of filing or, alternatively, to amend the first Amended Complaint.

Date: April 15, 2011                              **MICHEL & ASSOCIATES, PC**

                                                  _____
                                                            /S/
                                                  C. D. Michel
                                                  Attorney for Plaintiffs

Plaintiffs' Supplemental Brief In Opposition to Defendants' Motion to Dismiss

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

|  |  |
|---|---|
| ESPANOLA JACKSON,  PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL  RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, | **CASE NO.: CV-09-2143-RS** |
|  | **CERTIFICATE OF SERVICE** |
| Plaintiffs |  |
| vs. |  |
| CITY AND COUNTY OF SAN FRANCISCO, MAYOR EDWIN LEE, in his official capacity; ACTING POLICE CHIEF JEFF GODOWN, in his official capacity, and Does 1-10, |  |
| Defendants. |  |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of:
**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS (PURSUANT TO THE COURT'S ORDER)** on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Wayne Snodgrass, Deputy City Attorney
Sherri Sokeland Kaiser, Deputy City Attorney
sherri.kaiser@sfgov.org
City and County of San Francisco
Office of the City Attorney
City Hall 1 Drive Carlton B.
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 15, 2011.

_____
/S/
C. D. Michel
Attorney for Plaintiffs'

Plaintiffs' Supplemental Brief In Opposition to Defendants' Motion to Dismiss
