# EXHIBIT A
# USDC NO.: C09-2143-PJH

# Clint B. Monfort

| | |
|---|---|
| **From:** | Clint B. Monfort |
| **Sent:** | Wednesday, April 13, 2011 3:39 PM |
| **To:** | 'Sherri.Kaiser@sfgov.org' |
| **Cc:** | C.D. Michel; Glenn S. McRoberts |
| **Subject:** | RE: Jackson_Order Continuing Mtn. to Dismiss Hearing |

Sherri,

Thank you for getting back to me on this again. While I obviously disagree as to my clients' standing and the ripeness of their claims, I was not inquiring of a position from you in order to generate standing. Rather, I was hoping to gain clarification as to whether specific discharge situations are exempted under the City's new/amended exceptions to determine whether my clients will have to violate City law in order to discharge in those circumstances.

In light of Plaintiffs' understanding, along with clarification from the City (which I understand you have clarified is only an advisory opinion), that the ordinance still prohibits, with consequence of criminal penalties, the discharge of firearms in multiple circumstances involving the right to self-defense and defense of others, both in the home, out of the home, elsewhere in the City, and with various types of firearms, Plaintiffs intend to move forward with their challenge to the City's discharge ordinance.

I understand it is difficult to resolve and work through these issues in the short amount of time allotted for Plaintiffs' to respond to the Court's request, and I thank you again for your assistance in helping us provide a meaningful response for the Court. While we disagree as to the standing and ripeness of Plaintiffs' claims, these issues will undoubtedly be resolved during litigation of Plaintiffs' claims on the merits notwithstanding the City's pending Motion to Dismiss.

Thank you for your ongoing cooperation and professional courtesy.



**Clint B. Monfort**
Attorney

MICHEL & ASSOCIATES, P.C.
Attorneys at Law
Firearms - Environmental - Land Use - Employment Law

Direct: (562) 216-4456
Main: (562) 216-4444
Fax: (562) 216-4445
Email:
  CMonfort@michellawyers.com
Web:
  www.michellawyers.com

180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Sherri.Kaiser@sfgov.org [mailto:Sherri.Kaiser@sfgov.org]
**Sent:** Wednesday, April 13, 2011 3:05 PM
**To:** Clint B. Monfort
**Subject:** RE: Jackson_Order Continuing Mtn. to Dismiss Hearing

Clint,

You are right to reference my "attempted clarification," because I see that I must not have made my position sufficiently clear. The only authoritative way to know how the City will interpret and apply its ordinance is to see how it actually does so, or expresses a genuine threat to do so, in regard to a well-defined set of circumstances. That is absent in this case and in the incomplete hypotheticals you have been proposing to me. This lack of a clear understanding of how the ordinance would actually be applied is one of the key reasons why, in all of their claims, the plaintiffs lack standing and the controversy is unripe.

Nothing I can say about my understanding of the recently amended ordinance can give the plaintiffs standing or create a

justiciable controversy where none exists. All I am offering is an advisory opinion about your incomplete hypotheticals. And while I am the Deputy City Attorney who is defending this case, I do not speak prospectively for the City in criminal matters. I lack both the authority and discretion vested in the District Attorney.

All of that said, the language you reference pre-existed this amendment by some years. I am not aware of it ever having been interpreted or applied to ban otherwise lawful discharges at shooting ranges.

Best regards,
Sherri


Sherri Sokeland Kaiser
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
(415) 554-4691 (direct)
(415) 554-4747 (fax)

CONFIDENTIAL COMMUNICATION
This communication is subject to attorney-client and/or work product privilege. If you received it in error, please notify the sender and permanently delete it.


From:    "Clint B. Monfort" <CMonfort@michellawyers.com>
To:      "Sherri.Kaiser@sfgov.org" <Sherri.Kaiser@sfgov.org>
Date:    04/12/2011 04:11 PM
Subject: RE: Jackson_Order Continuing Mtn. to Dismiss Hearing

---

Sherri,

Thanks for the attempted clarification. It sounds like there are still many circumstances in which the ordinance prohibits the discharge of various lawfully owned firearms in self-defense or defense of others. For example, it sounds like a violation of the law may well occur depending on the type of firearms that is used regardless of whether it was lawfully possessed under the circumstances. Plaintiffs concern is that they aren't limited to saving their lives with only a "handgun" or most "conventional shotguns" as you seem to suggest is the City's interpretation. Nor are Plaintiffs limited to defending their lives with firearms that are in common use for in-home self defense. Plaintiffs desire to discharge, without fear of prosecution, any lawfully possessed (under the circumstances) firearms for self-defense, regardless of whether the firearm might be commonly used for self-defense purposes while in the home. Whether that be a competitive shooting rifle, the criminal's "assault weapon" or other firearm, or any other type of firearm that may or may not be commonly used for in home self-defense.

Also, it seems the City does not wish to "expand" the circumstances under which one can lawfully discharge a firearm under state law. But it is not generally a crime to discharge a firearm in the state as it is within the City. The City's ordinance, by definition, appears to expand the prohibitions on when one can lawfully discharge a firearm. And it appears the City acknowledges there may very well be circumstances in which state law does not "expressly and specifically" authorize the discharge of a firearm in defense of self or others.

And one last question I forget to mention in my previous e-mails. With regard to discharges by individuals who are practicing their self-defense skills, the ordinance seems to prohibit this activity? Can you confirm whether individuals are prohibited from discharging firearms to sharpen their self-defense skills, such as at a shooting range? The exception contained in part B doesn't seem to encompass this, nor does it appear be encompassed by the self-defense/defense of others discharge exception.

Thanks again for helping us clarify this issue for the court.

2

**Clint B. Monfort**
Attorney



Direct: (562) 216-4456
Main: (562) 216-4444
Fax: (562) 216-4445
Email: CMonfort@michellawyers.com
Web: www.michellawyers.com
180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Sherri.Kaiser@sfgov.org [mailto:Sherri.Kaiser@sfgov.org]
**Sent:** Monday, April 11, 2011 4:28 PM
**To:** Clint B. Monfort
**Subject:** RE: Jackson_Order Continuing Mtn. to Dismiss Hearing

I can't give a firm answer to your questions because you haven't given me all of the relevant facts and because I do not speak for the San Francisco District Attorney, whose office is ultimately entrusted with the discretion to make charging decisions.

Like all other firearms discharges in the City, the ones you ask about are only permissible to the extent that they fit within one of the enumerated exceptions in Section 4506, and that would depend on the totality of the circumstances. I think you would agree that they are all currently gray areas under state and federal law, or you wouldn't need to ask about them. While Section 4506 expressly accommodates the preemptive force of established law, it is not intended to stretch those bodies of law any further than they currently go.

So, in terms of discharging a gun other than a handgun in a personal residence, a prosecutor would presumably consider the following circumstances: (1) whether the person was in lawful possession of the gun; (2) whether the gun was discharged in self-defense or defense of another; and (3) as discussed in *Heller*, whether the type of gun discharged is "in common use" for in-home self-defense. We know that a handgun qualifies, and a conventional shotgun probably does, too. The fact that the exception requires federal law to expressly and specifically authorize the discharge under the circumstances present should guide the prosecutor not to expand *Heller* and *McDonald* beyond their four corners.

A similar analysis would apply to your remaining two hypotheticals about discharges on a person's property or place of business. For the exception to apply, the person would have to be: (1) in lawful possession of the gun; (2) firing in self-defense or the defense of another; and (3) able to fit within the provisions of California law under which such discharges are expressly allowed under the circumstances. At the very least, the statutes governing justifiable homicide, self-defense and the defense of another, and the defense of necessity would all appear to excuse such discharges under various circumstances, though perhaps not all circumstances. And again, the terms of the exception should guide prosecutors not to expand existing law.

I hope this is helpful. Of course, the City takes the position that, as an "advisory opinion" from a civil attorney about hypothetical events, my interpretation of the ordinance is insufficient to create an actual or imminent harm in the plaintiffs sufficient to support Article III standing, no matter how mistaken you may believe my analysis of the ordinance to be.


Sherri Sokeland Kaiser
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
(415) 554-4691 (direct)
(415) 554-4747 (fax)

CONFIDENTIAL COMMUNICATION
This communication is subject to attorney-client and/or work product privilege. If you received it in error, please notify the sender and permanently delete it.

From: "Clint B. Monfort" <CMonfort@michellawyers.com>
To: "Sherri.Kaiser@sfgov.org" <Sherri.Kaiser@sfgov.org>
Date: 04/11/2011 02:49 PM
Subject: RE: Jackson_Order Continuing Mtn. to Dismiss Hearing

Thanks for getting back to me Sherri. So does the ordinance prohibit an individual from discharging a firearm other than a handgun in a personal residence? And does the ordinance prohibit the discharge of a firearm in self defense outside one's personal residence such as on their property or at their place of business? Thanks again for the clarification as it has direct bearing on how plaintiffs will respond to the Court's inquiry.

-----Original Message-----
From: Sherri.Kaiser@sfgov.org [Sherri.Kaiser@sfgov.org]
Received: Monday, 11 Apr 2011, 1:44pm
To: Clint B. Monfort [CMonfort@michellawyers.com]
CC: C.D. Michel [CMichel@michellawyers.com]; Glenn S. McRoberts [GMcRoberts@michellawyers.com]
Subject: RE: Jackson_Order Continuing Mtn. to Dismiss Hearing

Clint,

That clause is intended to function as an explicit exception to the discharge ban for any further instances of express preemption, such as occurred with the *Heller* and *McDonald* decisions. With the exception, the City does will not need to amend its ordinance every time there is an intervening development in state or federal law that expands the circumstances under which a firearms discharge must be considered lawful. And it need not argue about whether its ordinance contains an "implied" exception for intervening law.

Usually the standing doctrine screens for such situations because there can be no civil suit against a preempted interpretation of an ordinance unless the City is actually enforcing or threatening to enforce it in a manner contrary to the intervening change in law. But since the plaintiffs' standing is still being decided in our case, the City decided to create a mechanism for explicitly excepting from the discharge ban any conduct that state or federal law requires it to accommodate.

To my knowledge, there are no written materials explaining the rationale for the exception. Please let me know if you have any further questions.

Best regards,
Sherri

Sherri Sokeland Kaiser
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4682
(415) 554-4691 (direct)
(415) 554-4747 (fax)

CONFIDENTIAL COMMUNICATION
This communication is subject to attorney-client and/or work product privilege. If you received it in error, please notify the sender and

4

permanently delete it.

```
From:    "Clint B. Monfort" <CMonfort@michellawyers.com>
To:      Sherri Kaiser <Sherri.Kaiser@sfgov.org>
Cc:      "C.D. Michel" <CMichel@michellawyers.com>, "Glenn S. McRoberts" <GMcRoberts@michellawyers.com>
Date:    04/08/2011 05:32 PM
Subject: RE: Jackson_Order Continuing Mtn. to Dismiss Hearing
```

Hi Sherri,

As I'm sure you saw, the Court has requested supplemental briefing from Plaintiffs in light of the City's amendment to its discharge prohibition.

In order to adequately address the impact of the City's amendment, can you clarify for me the City's interpretation of Sec. 4506(a)(3)'s exception for "Persons in lawful possession of a firearm or projectile who are 'expressly and specifically authorized by federal or state law' to discharge said firearm or projectile weapon under the circumstances present at the time of discharge? Under what circumstances does this exception allow an individual to discharge a firearm in San Francisco? Also, could you please direct us to any legislative history or reports the City has which supports this?

Thank you for your any information you may have which will allow us to address the Court's request.

Clint

---

**Clint B. Monfort**
Attorney

MICHEL & ASSOCIATES, P.C.
Attorneys at Law
Firearms - Environmental - Land Use - Employment Law

Direct: (562) 216-4456
Main:   (562) 216-4444
Fax:    (562) 216-4445
Email:  CMonfort@michellawyers.com
Web:    www.michellawyers.com
180 E. Ocean Blvd.
Suite 200
Long Beach, CA 90802

---

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.

**From:** Claudia Ayala
**Sent:** Friday, April 08, 2011 4:33 PM
**To:** NRA.JacksonStorage-1444
**Subject:** Jackson_Order Continuing Mtn. to Dismiss Hearing

**The hearing is Continued to April 28th and further Supplemental Briefing is due from PLAINTIFFS on April 15th not to exceed SEVEN pages.**

---

**Claudia Ayala**
Senior Paralegal

Direct: (562) 216-4473
Main:   (562) 216-4444
Fax:    (562) 216-4445
Email:  CAyala@michellawyers.com
Web:    www.michellawyers.com
180 E. Ocean Blvd.

**MICHEL & ASSOCIATES, P.C.**
Attorneys at Law
Firearms - Environmental - Land Use - Employment Law

Suite 200
Long Beach, CA 90802

This e-mail is confidential and is legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. To do so could violate state and Federal privacy laws. Thank you for your cooperation. Please contact Michel & Associates, PC at (562) 216-4444 if you need assistance.