C. D. MICHEL

SPECIAL COUNSEL
JOSHUA R. DALE
W. LEE SMITH

ASSOCIATES
SEAN A. BRADY
SCOTT M. FRANKLIN
HILLARY J. GREEN
THOMAS E. MACIEJEWSKI
CLINT B. MONFORT
TAMARA M. RIDER
JOSEPH A. SILVOSO, III
LOS ANGELES, CA

Writer's Direct Contact:
(562) 216-4444
cmichel@michellawyers.com

OF COUNSEL
DON B. KATES
SAN FRANCISCO, CA

RUTH P. HARING
LOS ANGELES, CA

GLENN S. MCROBERTS
SAN DIEGO, CA

AFFILIATE COUNSEL
JOHN F. MACHTINGER
JEFFREY M. COHON
LOS ANGELES, CA

DAVID T. HARDY
TUCSON, AZ



MICHEL & ASSOCIATES, P.C.
Attorneys at Law

May 2, 2011

The Honorable Richard Seeborg
United States District Court
450 Golden Gate Avenue
Court Room 3, 17th Floor
San Francisco, CA 94102

    Re: **Jackson v. City and County of San Francisco; Northern District Ca.**
       **Case No.: C09-2143 RS**

Dear Judge Seeborg:

  The Court is scheduled to hear Defendants' Motion to Dismiss Plaintiffs' Complaint in this case on Thursday, May 5, 2011. On April 26, 2011, Defendants submitted an unnoticed *ex parte* letter to the Court along with several attachments. We write today to address that correspondence.[1]

  Defendants' letter alleges Plaintiffs' counsel argued a contrary position in a separate, unrelated case nearly ten years ago. The decision of Plaintiffs' counsel, however, to argue in favor of standing in one case and against it in another, factually distinguishable case, is wholly irrelevant to the Courts' consideration of Defendants' Motion to Dismiss.

---

[1] Pursuant to Civil Local Rule 11-4(c), on April 29, 2011, our office informed Defendants of Plaintiffs' intention to file a letter with the Court addressing defense counsel's letter of April 26, 2010.

180 E. Ocean Boulevard, Suite 200 • Long Beach, CA 90802 • Tel: (562) 216-4444 • Fax: (562) 216-4445
www.michellawyers.com

1

Honorable Richard Seeborg
May 2, 2011
Page 2

Instead, it seems Defendants submitted the letter in an attempt to impugn the character of Plaintiffs' counsel, hoping that will somehow influence the Court's ruling. The letter also establishes Plaintiffs' counsel has more than one client dedicated to protecting firearm rights. Plaintiffs anticipate the Court has little interest in any of this, it being neither noteworthy or relevant. As set forth fully in Plaintiffs' Objections to Evidence, Defendants' *ex parte* communication is contrary to Federal and Local Rules, as well as relevant case precedent. Moreover, Defendants' correspondence with the Court has resulted in the unnecessary expenditure of both client and judicial resources.

In short, Plaintiffs' object to Defendants ex parte communication, and write solely in an effort to address the issue in advance so as not to waste the limited time available to address substantive issues at hearing. Plaintiffs hope Defendants will refrain from these practices in the future, and note that continuing such conduct will eventually necessitate a motion for Fed. R. Civ. P. 11 sanctions, thus resulting in further expenditure of client and judicial resources.

Sincerely,
**MICHEL & ASSOCIATES, P.C.**

*/s/ C. D. Michel*

C. D. Michel