1    C. D. Michel - S.B.N. 144258
     Glenn S. McRoberts - S.B.N. 144852
2    Clinton B. Monfort - S.B.N. 255609
     MICHEL & ASSOCIATES, PC
3    180 E. Ocean Boulevard, Suite 200
     Long Beach, CA 90802
4    Telephone: 562-216-4444
     Facsimile: 562-216-4445
5    Email: cmichel@michellawyers.com

6    Attorneys for Plaintiffs

7

8               **IN THE UNITED STATES DISTRICT COURT**

9             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN FRANCISCO DIVISION**

11    ESPANOLA JACKSON, PAUL COLVIN, )   CASE NO. CO9-2143 RS
     THOMAS BOYER, LARRY BARSETTI,   )
12    DAVID GOLDEN, NOEMI MARGARET    )   **PLAINTIFFS' OBJECTIONS TO EVIDENCE**
     ROBINSON, NATIONAL RIFLE         )
13    ASSOCIATION OF AMERICA, INC., SAN )
     FRANCISCO VETERAN POLICE          )
14    OFFICERS ASSOCIATION,            )
                                      )
15                                    )
              Plaintiffs          )
16                                    )
              vs.                 )
17                                    )
     CITY AND COUNTY OF SAN          )
18    FRANCISCO, MAYOR EDWIN LEE, in    )
     his official capacity; ACTING POLICE    )
19    CHIEF JEFF GODOWN, in his official    )
     capacity, and Does 1-10,           )
20                                      )
              Defendants.       )
21    _____ )

22

23    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

24        Please take notice that Plaintiffs, by and through their attorneys of record, will and hereby

25    do object to Defendants' Letter from Sherri Kaiser to The Honorable Richard Seeborg

26    (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Docket Entry No. 72), filed on April

27    26, 2011.

28

**INTRODUCTION**

Through their *ex parte* communication to the Court, Defendants attempt to circumvent the well established rules and procedures concerning the submission of court filings and evidence, and the general disfavor with which ex parte communications with the court are viewed. In doing so, Defendants improperly attack the character of Plaintiffs' counsel by pointing to an argument made on behalf of his clients in a separate, factually distinguishable case nearly ten years ago.

In support of their belated argument – which ostensibly suggests Plaintiffs ought not have standing in the present case because of an argument made by counsel in furtherance of his client's interests in a separate matter – Defendants' *ex parte* letter to the court requests the court take into account three documents: 1) A court filing in a separate case (which summarizes a filing by Plaintiffs' counsel in yet another case,);  2) An unauthenticated printout from the California Rifle and Pistol Association website; and 3) A member alert updating Plaintiffs' members and interested parties as to the status of this litigation.

Plaintiffs object on grounds that Defendants' submission of these documents via ex parte communication violates federal and local rules, the content of the letter and the attachments are wholly irrelevant to a determination of Plaintiffs' standing in this case, and Defendants' submission appears to be nothing more than an attempt to improperly influence the Court.

**ARGUMENT**

**I.    DEFENDANTS' EX PARTE COMMUNICATION WITH THE COURT IS AN IMPROPER ATTEMPT TO SUBMIT ADDITIONAL ARGUMENT AND EVIDENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, CONTRARY TO FEDERAL AND LOCAL RULES**

Counsel's filing of an *ex parte* communication to the Court at the eleventh hour, so shortly before the parties were to appear at a hearing on the motion and without notice to Plaintiffs violates counsel's duties under the Fed. R. Civ. P. 7 and 10 (which govern the form of pleadings and motions), Civil Local Rules 11-4(a)(2) and 11-4(a)(4) (which require attorneys admitted before this court to comply with the Local Rules of this Court, and to practice with the honesty, care, and decorum required for the fair and efficient administration of justice), and Civil L.R. 11-4(c) (which prohibits ex parte communication with the court, and expressly states that,

"[e]xcept as otherwise provided by law, these Local Rules or otherwise ordered by the Court, attorneys or parties to any action must refrain from making telephone calls or writing letters or sending copies of communications between counsel to the assigned Judge or the Judge's law clerks or otherwise communicating with a Judge or the Judge's staff regarding a pending matter, without prior notice to opposing counsel") (emphasis added).  Because Defendants failed to notify Plaintiffs of their ex parte communication with the court, thus attempting to gain an unfair advantage, Plaintiffs object.[1]

With regard to the documents submitted as attachments, counsel Defendants' requests the Court take into account three documents in consideration of Defendants' pending Motion to Dismiss.  The appropriate method for Defendants to introduce such documents, however, is through a formal pleading requesting the Court take judicial notice, or as an authenticated document in support of a noticed Motion.  Generally, any request should be in the form of a motion or request mailed to the court and *not in a letter addressed to the judge hearing the action*. *Valdez v. Woodford*, C 05-4443 SI (PR), 2006 WL 618766 (N.D. Cal. Mar. 13, 2006). And pursuant to Federal Rule of Civil Procedure 7, 10, and 11, all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation.  *Betancourt v. Canyon County Coroner*, CV-07-499-S-BLW, 2007 WL 4531301 (D. Idaho Dec. 18, 2007). The Court will *not consider requests made in the form of letters*." *Carrea v. Iserman*, 1:08-CV-762-BLW, 2009 WL 624086 (E.D. Cal. Mar. 10, 2009) (emphasis added).

Accordingly, Defendants' ex parte letter and each of the attached documents should not be considered by the Court in ruling on Defendants' Motion to Dismiss, and Plaintiffs' therefore object.

---

[1] Defendants' ex parte Letter of April 26, 2011 is also in violation of this Court's requirement that communications with the Court be double-spaced rather than single-spaced. See *Valdez v. Woodford*, C 05-4443 SI (PR), 2006 WL 618766 (N.D. Cal. Mar. 13, 2006).

**II.  DEFENDANTS' APRIL 26, 2011 LETTER AND THE DOCUMENTS ATTACHED THERETO AS EXHIBITS  ARE IRRELEVANT TO THE COURT'S DETERMINATION OF WHETHER PLAINTIFFS CLAIMS IN THIS CASE ARE JUSTICIABLE**

Defendants' letter alleges that, "[i]n the *Silveria* brief, Mr. Michel takes the same position before the Ninth Circuit that the City takes in its current motion to dismiss. Before this Court, he opposes that position." This claim, even if it were true[2], is patently irrelevant to this case.  First, *Silveria* involved a different set of factual allegations.  Not only that, *Silveria* was decided almost a decade ago – well before the Supreme Court had ruled that the Second Amendment protects an individual, fundamental right to keep and bear arms. Moreover, Plaintiffs' counsel has a  legal duty to act in the best interests of his clients and to represent them to the fullest extent of his ability, even if that meant arguing an inconsistent position.  In fact, even if counsel wished to argue different positions in the same case, the Federal Rules expressly authorize it.  Fed. R. Civ. P. 8(d)(3) provides, "[a] party may state as many separate claims or defenses as it has, *regardless of consistency*." And, Fed. R. Civ. P. 8(d)(2) provides that, "[a] party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient."

For each of these reasons, Defendants' *ex parte* letter and the documents Defendants request the Court take notice of are irrelevant to a determination of Plaintiffs' standing in this case.  Under Fed. R. Evid. 402, "[e]vidence which is not relevant is not admissible," and courts are not permitted to take judicial notice of irrelevant materials. *See  Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010) ("request for judicial notice is denied because the materials contained therein were not relevant to the disposition of the appeal); *see also Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n. 2 (9th Cir.2006) (declining to take judicial notice

---

[2] Plaintiffs counsel (arguing on behalf of Amicus California Rifle and Pistol Foundation in *Silveria*), noted that plaintiffs in that case lacked standing because they failed to allege any concrete intentions to engage in the activities prohibited by the statutes challenged in that litigation; such is *not* the case with the *Jackson* Plaintiffs.

1  of documents that were not relevant to the resolution of the appeal).

2      Accordingly, Defendants' ex parte letter and each of the attached documents are irrelevant

3  to the Court's consideration of Defendants' Motion to Dismiss, and Plaintiffs' object.

4  **III.    DEFENDANTS ATTEMPT TO IMPUGN THE CHARACTER OF PLAINTIFFS'**
   **COUNSEL AND IMPROPERLY INFLUENCE THE COURT**

5

6      Defendants' *ex parte* letter, being wholly irrelevant to a determination of Plaintiffs'

7  standing, appears to be little more than an attack on the character of Plaintiffs' counsel. But the

8  courts have routinely warned that personal attacks on opposing counsel's character are

9  inappropriate. *See Terran v. Kaplan*, 989 F. Supp. 1025, 1028 fn.6 (D. Ariz. 1997); and *United*

10 *States v. Holmes*, 413 F.3d 770, 775 (8th Cir. 2005) ["Such personal, unsubstantiated attacks on

11 the character and ethics of opposing counsel have no place in the trial of any criminal or civil

12 case."] Because Defendants attempt to improperly influence the Court by painting Plaintiffs'

13 counsel with the brush of inconsistency, Defendants further object to Defendant's ex parte letter

14 and each of the attachments relied on to attack the credibility of Plaintiffs' counsel.

15                              **CONCLUSION**

16     Plaintiffs respectfully request the court sustain the above objection(s) and strike, or

17 alternatively, disregard Defendants' letter to the Court of April 26, 2011 and each of the exhibits

18 attached thereto.

19  Date: May 2, 2011                          **MICHEL & ASSOCIATES, PC**

20

21                                   _____/S/_____
                                     C. D. Michel
22                                   Attorney for Plaintiffs

23

24

25

26

27

28

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    SAN FRANCISCO DIVISION

4    ESPANOLA JACKSON,  PAUL COLVIN, )  **CASE NO.: CV-09-2143-RS**
     THOMAS BOYER, LARRY BARSETTI, )
5    DAVID GOLDEN, NOEMI MARGARET )
     ROBINSON, NATIONAL  RIFLE )  **CERTIFICATE OF SERVICE**
6    ASSOCIATION OF AMERICA, INC. SAN )
     FRANCISCO VETERAN POLICE )
7    OFFICERS ASSOCIATION, )
                                        )
8                                       )
                  Plaintiffs            )
9                                       )
                  vs.                   )
10                                      )
     CITY AND COUNTY OF SAN             )
11   FRANCISCO, MAYOR EDWIN LEE, in     )
     his official capacity; ACTING POLICE )
12   CHIEF JEFF GODOWN, in his official  )
     capacity, and Does 1-10,           )
13                                      )
                  Defendants.           )
14   ─────────────────────────────

     IT IS HEREBY CERTIFIED THAT:
15
          I, the undersigned, am a citizen of the United States and am at least eighteen years of age.
16   My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

17        I am not a party to the above-entitled action. I have caused service of:

18                    **PLAINTIFFS' OBJECTIONS TO EVIDENCE**

19   on the following party by electronically filing the foregoing with the Clerk of the District Court
     using its ECF System, which electronically notifies them.
20

21   Wayne Snodgrass, Deputy City Attorney
     Sherri Sokeland Kaiser, Deputy City Attorney
22   sherri.kaiser@sfgov.org
     City and County of San Francisco
23   Office of the City Attorney
     City Hall 1 Drive Carlton B.
24   San Francisco, CA 94102

25        I declare under penalty of perjury that the foregoing is true and correct. Executed on May 2,
     2011.
26                                    _____/S/_____
                                      C. D. Michel
27                                    Attorney for Plaintiffs'

28