| | |
|---|---|
| 1 | C. D. Michel - S.B.N. 144258 |
| | Glenn S. McRoberts - S.B.N. 144852 |
| 2 | Clinton B. Monfort - S.B.N. 255609 |
| | MICHEL & ASSOCIATES, PC |
| 3 | 180 E. Ocean Boulevard, Suite 200 |
| | Long Beach, CA 90802 |
| 4 | Telephone: 562-216-4444 |
| | Facsimile: 562-216-4445 |
| 5 | Email: cmichel@michellawyers.com |
| 6 | Attorneys for Plaintiffs |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, <br><br> Plaintiffs <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, MAYOR EDWIN LEE, in his official capacity; ACTING POLICE CHIEF JEFF GODOWN, in his official capacity, and Does 1-10, <br><br> Defendants. | CASE NO. CO9-2143 RS <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT** <br><br> Hearing Date: June 9, 2011 <br> Time: 1:30 p.m. <br> Place: Courtroom 3, 17th Fl. <br><br> Hon. Richard Seeborg |

PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that on June 9, 2011 at 1:30 p.m., or as soon thereafter as the matter may be heard before the Honorable Judge Richard Seeborg in Courtroom 3 on the 17th Floor of the United States District Court, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, Plaintiffs Espanola Jackson, Paul Colvin, Tom Boyer, Larry Barsetti, David Golden, Noemi Margaret Robinson, National Rifle Association of America, Inc., and San Francisco Veteran's Association (collectively, "Plaintiffs") will and hereby do move the Court for leave to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d).[1]

This Motion shall be based on this Notice, the Memorandum of Points and Authorities in Support, the Declaration of Clinton B. Monfort in Support, the Proposed Supplemental Complaint attached hereto, such evidence as is presented at the time of the hearing, and any other material the Court shall deem just and proper.

Date: May 3, 2011
                                         **MICHEL & ASSOCIATES, PC**

                                         /S/
                                         C. D. Michel
                                         Attorney for Plaintiffs

---

[1] Though Plaintiffs believe the proper mechanism to address the amended code section is the filing of a supplemental pleading, Plaintiffs would not object if, in response to this motion, the Court instead grants leave to file an amended pleading pursuant to Federal Rule of Civil Procedure 15(a)(2).

PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT
1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Amended Complaint currently on file in this matter concerns Defendants' enactment and enforcement of three municipal code sections that improperly infringe Plaintiffs' right to use a firearm in defense of self, others, and property. Because Defendants amended one of those code sections subsequent to the filing of the Complaint, Plaintiffs now seek leave to file supplemental pleadings to address the amended code sections that have materialized since the filing of the Amended Complaint.[2]

## II. STATEMENT OF FACTS

Plaintiffs' Complaint was originally filed in this action on May 15, 2009 and was amended by Plaintiffs on August 24, 2009. The Amended Complaint raises four causes of action, one of which challenges San Francisco Police Code section 1290,[3] formerly a ban on the discharge of all firearms and fireworks within the City and County of San Francisco. Plaintiffs allege that section 1290 violates Plaintiffs' Second Amendment right to keep and bear arms and, in particular, their right to use any firearm to defend themselves and others within the City and County of San Francisco. (Am. Compl. 15:10-16:13.)

On March 31, 2011, Defendants filed a reply brief in support of their Motion Dismiss, wherein it was argued that Plaintiffs' section 1290 challenge was moot because the challenged section had been amended fifteen days earlier by Defendant City and County of San Francisco. (Defs.' Reply Supp. Mot. to Dismiss 1:16-19.) Among other things, the cited amendment removed all references to the discharge of firearms from section 1290 and amended section 4502 to prohibit the discharge of any firearm within City and County limits, subject to limited exceptions codified at section 4506–also recently amended. Section 4506 now permits discharges when made by:

(1) Sheriffs, constables, marshals, police officers, or other duly appointed police officers in the performance of their official duties, or any person summoned by such officer to assist in making arrests or preserving the peace while said person so

---

[2] A copy of the Proposed Supplemental Complaint is attached to the Declaration of Clinton B. Monfort as Exhibit A.

[3] Unless noted, all statutory references are to the San Francisco Police Code.

PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT

    summoned is actually engaged in assisting such officer;

(2) Persons in lawful possession of a handgun who discharge said handgun in necessary and lawful defense of self or others while in a personal residence; or

(3) Persons in lawful possession of a firearm or projectile weapon who are expressly and specifically authorized by federal or state law to discharge said firearm or projectile weapon under the circumstances present at the time of discharge.

S.F., Cal., Ordinance 50-11.[4]

  In its Order of April 8, 2011, the Court requested Plaintiffs file a supplemental brief setting forth their position as to the effect of the amendments. On April 15, 2011, Plaintiffs filed the ordered brief, wherein they maintained that Defendants' amendments failed to redress Plaintiffs' general claims that the discharge ban violates Plaintiffs' Second Amendment rights to keep and bear arms. (Pls' Suppl. Br. Opp. Defs.' Mot. to Dismiss 1:8-11.) On those grounds, Plaintiffs argued the Court should not dismiss their claim as moot. (*Id.* at 1:15.)

  Upon further reflection, however, Plaintiffs believe the proper method by which to proceed is to file a supplemental complaint that fully and specifically addresses Plaintiffs' Second Amendment challenge to section 4502 because the direction of this challenge has been altered somewhat in light of Defendants' amendments to sections 1290, 4502, an 4506. (Monfort Decl. ¶ 3.) For example, Plaintiffs' claims now lie with respect to section 4502, not section 1290. And Plaintiffs' original challenge focused moreso on the inability to discharge handguns in the home, one of the more obvious problems with section 1290, which now appears to be cured by section. As such, Plaintiffs now bring this noticed Motion for Leave to File Supplemental Complaint, relief which was also sought, pursuant to the Court's interpretation of the effects of Defendants' recent legislative amendments, in Plaintiffs' Supplemental Brief.

### III. THE COURT SHOULD GRANT PLAINTIFFS LEAVE TO FILE A SUPPLEMENTAL COMPLAINT, ALLEGING FACTS NOT IN EXISTENCE WHEN THE AMENDED COMPLAINT WAS FILED

  Federal Rule of Civil Procedure 15(d) permits the filing of a supplemental pleading that introduces a cause of action not alleged in the original or amended complaints based on facts not

---

[4] A true and accurate copy of San Francisco Ordinance 50-11 is attached as Exhibit 1 to the Proposed Supplemental Complaint.

in existence when the those pleadings were filed. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 (9th Cir. 1998). While supplemental pleadings can only be filled with leave of court and upon such terms as are just, they are favored because they enable to court to award *complete relief in the same action*, avoiding the costs and delays of separate suits. As such, absent a clear showing of prejudice to the opposing party, supplemental pleadings are liberally allowed. *Keith v. Volpe*, 858 F.2d 467, 473 (9th cir. 1988). Because such a showing of prejudice cannot be made, this Court should grant Plaintiffs' motion.

Here, Plaintiffs seek to file a supplemental complaint because Defendants' recent amendment to section 4502 and their new exceptions for limited self-defense discharges have created the need to challenge to a different municipal code section. And the facts supporting this challenge did not exist when the Amended Complaint was filed.[5] For instance, Plaintiffs' Proposed Supplemental Complaint includes several allegations of fact regarding the amendment of section 4502 and 4506 and the ongoing enforcement of those sections since March 2011. (Monfort Decl. ¶ 4; Ex. A, 1:18-16:8, 3:5-7, 5:14-6:1.)

Further, no prejudice will be invited upon Defendants by the filing of supplemental pleadings. Defendants have yet to file an Answer to Plaintiffs' Amended Complaint, no scheduling order has been established in this case, and, as such, the parties are not likely enter trial phase in the next few weeks. Defendants will thus have more than ample time to prepare a defense to Plaintiffs' newly raised cause of action.

Plaintiffs have met and conferred with Defendants on the issue of filing supplemental pleadings. Defendants indicated they would likely object, and did not respond to Plaintiffs' stipulation request after being provided a draft of Plaintiffs' Supplemental Complaint (Monfort Decl. ¶ 4.)

---

[5] Procedurally, Plaintiffs' discharge ban challenge must now focus on sections 4502 and 4506, as section 1290 no longer bans the discharge of firearms. Substantively, the focus of Plaintiffs' challenge has also changed in the face of new language in sections 4502 and 4506 that was not employed by section 1290.
If the Court grants this Motion, Plaintiffs would seek to dismiss their fifth claim– the challenge to section 1290 – as indicated in communications with Defendants' counsel. (Monfort Decl. ¶ 4.)

PLAINTIFFS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT
4

## IV. CONCLUSION

Because Plaintiffs wish to introduce new allegations of fact materializing subsequent to the filing of the Amended Complaint, and because no prejudice will result, the Court should grant Plaintiffs' Motion for Leave to File Supplemental Complaint.

Date: May 3, 2011                    **MICHEL & ASSOCIATES, PC**

                                    /S/
                                C. D. Michel
                                Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,<br><br>Plaintiffs<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR EDWIN LEE, in his official capacity; ACTING POLICE CHIEF JEFF GODOWN, in his official capacity, and Does 1-10,<br><br>Defendants. | CASE NO.: CV-09-2143-RS<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Wayne Snodgrass, Deputy City Attorney
Sherri Sokeland Kaiser, Deputy City Attorney
sherri.kaiser@sfgov.org
City and County of San Francisco
Office of the City Attorney
City Hall 1 Drive Carlton B.
San Francisco, CA 94102

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 3, 2011.

/S/
C. D. Michel
Attorney for Plaintiffs'