# EXHIBIT "A"
# Case No.: 09-2143 RS

| | |
|---|---|
| 1 | C. D. Michel - S.B.N. 144258 |
|   | Glenn S. McRoberts - S.B.N. 144852 |
| 2 | Clinton B. Monfort - S.B.N. 255609 |
|   | MICHEL & ASSOCIATES, PC |
| 3 | 180 E. Ocean Boulevard, Suite 200 |
|   | Long Beach, CA 90802 |
| 4 | Telephone: 562-216-4444 |
|   | Facsimile: 562-216-4445 |
| 5 | Email: cmichel@michellawyers.com |
| 6 | Attorneys for Plaintiffs |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, <br><br> Plaintiffs <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, MAYOR EDWIN LEE, in his official capacity; ACTING POLICE CHIEF JEFF GODOWN, in his official capacity, and Does 1-10, <br><br> Defendants. | CASE NO. CO9-2143 RS <br><br> **PLAINTIFFS' SUPPLEMENTAL COMPLAINT** |

PLAINTIFFS' SUPPLEMENTAL COMPLAINT

**INTRODUCTION**

1. Plaintiffs file this supplemental complaint to address recent amendments to the San Francisco Police Code that occurred subsequent to the filing of Plaintiffs' Amended Complaint. Plaintiffs' supplemental allegations challenge the validity of Defendants' prohibition on the discharge of firearms found in section 4502, subject to limited exceptions described in section 4506. These sections were enacted by Defendant City and County of San Francisco and are enforced by the City and County, its Mayor and its Chief of Police.

2. Defendants' prohibition on the discharge of firearms, subject to limited exceptions, violates Plaintiffs' right to keep and bear arms under the Second Amendment to the United States Constitution, including their right to defend themselves and others by discharging firearms within the City and County of San Francisco.

**GENERAL ALLEGATIONS**

3. On or about August 24, 2009, Plaintiffs filed their Amended Complaint, which challenged Defendants' prohibition on the discharge of firearms contained in San Francisco Police Code section 1290. Plaintiffs' Amended Complaint alleged that section 1290 violated Plaintiffs' right to keep and bear arms under the Second Amendment and, in particular, their right to defend themselves and others by exercising that right within the City and County of San Francisco.

4. Subsequent to the filing of Plaintiffs' Amended Complaint, Plaintiffs and Defendants entered into discussions regarding potential amendments to section 1290. Plaintiffs and Defendants were unable to agree to terms regarding amendments to section 1290 that would redress Plaintiffs' claims.

5. On or about March 15, 2011, the Board of Supervisors for Defendant City and County of San Francisco passed Ordinance 50-11, File No. 101120, which amended San Francisco Police Code sections 1290, 4502, and 4506.[1] The ordinance was certified as passed by the Board of Supervisors and approved by Mayor Edwin Lee on March 16, 2011.

6. In light of Defendant City and County of San Francisco's passage of Ordinance No.

---

[1] A true and accurate copy of Ordinance NO. 50-11 amending the San Francisco Police Code is attached hereto as Exhibit "A" and incorporated herein.

PLAINTIFFS' SUPPLEMENTAL COMPLAINT
1

50-11, San Francisco Police Code section 1290 no longer prohibits the discharge of firearms.

7. Pursuant to Ordinance 50-11, San Francisco Police Code section 4502 was amended and now provides: "Subject to the exceptions in Section 4506, it shall be unlawful for any person to at any time fire or discharge, or cause to be fired or discharged, any firearm or any projectile weapon within the City and County of San Francisco."

8. Pursuant to Ordinance 50-11, San Francisco Police Code section 4506 was amended, which contains exceptions to section 4502's prohibition on the discharge of any firearms within the City and County of San Francisco.

9. Defendants' prohibition on the discharge of firearms found in section 4502 violates Plaintiffs' rights to keep and bear arms guaranteed by the Second Amendment, including but not limited to discharges described in paragraphs 11-16 of this Supplemental Complaint.

10. San Francisco Police Code section 4502 imposes a substantial burden on the right to keep and bear arms for self-defense.

11. San Francisco Police Code section 4502 violates Plaintiffs' Second Amendment rights to discharge a firearm in defense of themselves with lawfully possessed firearms, other than handguns, within a personal residence.

12. San Francisco Police Code section 4502 violates Plaintiffs' rights to discharge firearms in defense of themselves and others outside of a personal residence.

13. San Francisco Police Code section 4502 violates Plaintiffs' rights to discharge firearms in defense of animals.

14. San Francisco Police Code section 4502 violates Plaintiffs' rights to discharge firearms for the purposes of marksmanship or target practice.

15. San Francisco Police Code section 4502 violates Plaintiffs' rights to discharge firearms in all circumstances protected by the Second Amendment that are not encompassed by the exceptions contained in San Francisco Police Code section 4506.

16. Plaintiffs currently own and possess firearms other than handguns.

17. Plaintiffs intend to discharge firearms in circumstances protected by the Second Amendment, including but not limited to firearm discharges in defense of self and others.

18. Plaintiffs intend to discharge firearms in self-defense, defense of others, and other circumstances with any lawfully possessed firearm, regardless of whether that firearm is commonly used for self-defense purposes.

19. Plaintiffs wish to exercise their fundamental right to keep and bear arms within the City and County of San Francisco without risking criminal prosecution by violating San Francisco Police Code section 4502.

20. To date, Defendants have failed to repeal and continue to enforce section 4502, despite the United States Supreme Court's confirmation that the Second Amendment guarantees the right of individuals to keep and bear arms for self-defense for other lawful purposes.

21. Plaintiffs presently intend to exercise their rights to defend themselves, their homes and families by discharging firearms to ward off criminal attackers, dangerous animals, and to practice their marksmanship and defensive shooting skills.  Defendants' policy  under San Francisco Police Code section 4502 prevent them from doing so and otherwise criminalize the exercise of Plaintiffs' Second Amendment rights.

22. Because Defendants have not repealed and continue to enforce San Francisco Police Code sections 4502, Plaintiffs continue to face the potential for criminal prosecution by exercising their rights to use a firearm, including the right to discharge a firearm in self-defense or defense of others.

23. Because Defendants have not repealed and continue to enforce sections 4502, Plaintiffs are subjected to irreparable harm in that they are unable to discharge firearms for legitimate defensive purposes protected under the Second Amendment.  But for San Francisco Police Code section 4502, Plaintiffs would forthwith discharge firearms, including but not limited to handguns, rifles, and shotguns – owned or possessed by themselves, criminal attackers, or other individuals – within the City and County of San Francisco, for defensive purposes as guaranteed by the Second Amendment.

### DECLARATORY JUDGMENT ALLEGATIONS

24. There is an actual and present controversy between the parties hereto in that Plaintiffs contend that Defendants' policy of prohibiting residents from discharging firearms in all

circumstances except those circumstances specifically authorized pursuant to San Francisco Police Code section 4506 place an unnecessary and dangerous burden on Plaintiffs' rights to keep and bear arms for self defense and other purposes under the Second Amendment. Defendants deny these contentions. Plaintiffs desire a judicial declaration of their rights and Defendants' duties, namely, that Defendants' policies under section 4502 violates Plaintiffs' Second Amendment rights. Plaintiffs should not have to face criminal prosecution by Defendants for exercising their Constitutional rights to keep and bear arms or, alternatively, give up those rights in order to comply with the Defendants' ordinances challenged herein.

## INJUNCTIVE RELIEF ALLEGATIONS

25. If an injunction does not issue enjoining Defendants from enforcing Sections 4502, Plaintiffs will be irreparably harmed. Plaintiffs are presently and continuously injured by this law insofar as it precludes them from effectively exercising their fundamental Second Amendment rights to keep and bear arms. Section 4502 denies Plaintiffs the right to discharge firearms in numerous circumstances protected by the Second Amendment without risking criminal prosecution.

26. If not enjoined by this Court, Defendants will continue to enforce San Francisco Police Code section 4502 in derogation of Plaintiffs' Second Amendment rights.

27. Plaintiffs have no plain, speedy, and adequate remedy at law. Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs as a result of being unable to discharge a firearm in defense of self, others, or property, including animals, or for purposes appurtenant thereto.

28. Finally, the "irreparable harm" and unascertainable "damage" that could result from Defendants' ongoing violation of Plaintiffs' Constitutional rights to keep and bear arms includes severe physical injury and death.

29. The injunctive relief sought would eliminate that irreparable harm, and allow Plaintiffs to discharge firearms in accordance with their rights to do so as guaranteed by the Second Amendment. Accordingly, injunctive relief is appropriate.

///

**SIXTH CLAIM FOR RELIEF: VALIDITY OF SFPC § 4502**

**Violation of the Second Amendment Right to Keep and Bear Arms**

(U.S. Const., Amend.'s II and XIV)

30. Paragraphs 1- 29 are re-alleged and incorporated herein by reference.

31. Defendants' enactment and enforcement of San Francisco Police Code section 4502, which criminalizes the discharge of any firearms within the City and County of San Francisco, subject only to limited and unclear exceptions contained in section 4506, threatens to punish Plaintiffs for discharging numerous lawfully possessed firearms, both inside the home and outside the home for defensive purposes, and for other purposes protected by the Second Amendment.

32. Defendants have a history of enforcing or threatening to enforce their policy of prohibiting the discharge of firearms (formerly via section 1290 and now via section 4502). San Francisco police have advised homeowners, who have otherwise lawfully discharged firearms to thwart late-night criminal attacks, that they would be arrested for discharging firearms unless they stated the discharges were "accidental." The police further advised these homeowners that it was the City and County of San Francisco's policy to arrest anyone who discharged a firearm within the city. Defendant City and County of San Francisco's recent amendments to its discharge policy confirm Defendants' intention to enforce section 4502 against anyone, including Plaintiffs, who discharges a firearm in any circumstance protected by the Second Amendment that is not expressly exempted by San Francisco Police Code section 4506.

33. Defendants have no documents indicating that it has advised the public or its law enforcement personnel that it does not to intend enforce its new discharge prohibition contained in San Francisco Police Code section 4502, and have informed Plaintiffs that section 4502 prohibits the discharge of any firearm within a personal residence if the firearm discharged is not in common use for self-defense purposes within the home, even in lawful self-defense or defense of others. Defendants also informed Plaintiffs that section 4502 prohibits the discharge of firearms in other circumstances under which the Second Amendment protects the right to discharge a firearm, but which is not expressly excepted under San Francisco Police Code section 4506.

    34.    Plaintiffs are not aware, and on information and belief allege, that Defendants have not advised the public or its law enforcement personnel that it did not intend to enforce section 4502 when it was enacted in March 2011, nor that it has stopped enforcing section 4502 at any time following its enactment.

## PRAYER

WHEREFORE Plaintiffs pray for relief as follows:

    1.    For a declaration that San Francisco Police Code section 4502 impermissibly infringes the right to keep and bear arms protected by the Second Amendment, as incorporated into the Fourteenth Amendment.

    2.    For a preliminary and permanent prohibitory injunction forbidding Defendants and its agents, employees, officers, and representatives, including Defendants, from enforcing, or attempting to enforce San Francisco Police Code § 4502, or any other code section which prohibits the discharge of firearms in derogation of Plaintiffs' Second Amendment rights.

    3.    For remedies available pursuant to 42 U.S.C. § 1983 and for an award of reasonable attorneys' fees, costs, and expenses pursuant to 42 U.S.C. § 1988, and/or other applicable laws;

    4.    For such other and further relief as may be just and proper.

Date: May 3, 2011                      **MICHEL & ASSOCIATES, PC**

                                              C. D. Michel
                                              Attorney for Plaintiffs

# EXHIBIT "A"
# Case No.: 09-2143 RS

FILE NO. 101120

Amendment of the Whole – 2/3/11
ORDINANCE NO. **50-11**

1  [Police Code - Discharge of Fireworks; Firearms]

2

3  **Ordinance amending the San Francisco Police Code by amending Sections 1290, 4502,**

4  **and 4506 to consolidate the prohibitions on the discharge of firearms within the City**

5  **and to re-state the exceptions to those prohibitions.**

6  NOTE:   Additions are *single-underline italics Times New Roman*;
             deletions are ~~*strike-through italics Times New Roman*~~.
7            Board amendment additions are double-underlined;
             Board amendment deletions are ~~strikethrough normal~~.
8

9  Be it ordained by the People of the City and County of San Francisco:

10  Section 1. The San Francisco Police Code is hereby amended by amending

11  Sections 1290, 4502, and 4506, to read as follows:

12  **SEC. 1290. DISCHARGE OF <u>FIREWORKS</u> ~~FIREARMS~~ PROHIBITED—~~FIREWORKS~~.**

13  No person or persons, firm, company, corporation or association shall fire or discharge

14  any ~~firearms or~~ fireworks of any kind or description within the limits of the City and County of

15  San Francisco.

16  Provided, however, that public displays of fireworks may be given with the joint written

17  consent of the Fire Marshal and the Chief of Police.

18

19  **SEC. 4502. DISCHARGE OF FIREARMS AND FIRING OF PROJECTILE WEAPONS.**

20  <u>Subject to the exceptions in Section 4506, it</u> ~~It~~ shall be unlawful for any person to at

21  any time fire or discharge, or cause to be fired or discharged, any firearm or any projectile

22  weapon ~~on or into any street, highway or other public place~~ within the City and County of San

23  Francisco.

24

25  / / /

Mayor Lee
BOARD OF SUPERVISORS

Page 1
2/3/2011
c:\documents and settings\gjohnson\application data\l5\temp\33645.doc

| | |
|---|---|
| 1 | **SEC. 4506. FIREARMS AND PROJECTILE WEAPONS; EXCEPTIONS.** |
| 2 | (a) The provisions of Section 4502 shall not apply to or affect: |
| 3 | (1) Sheriffs ~~sheriffs~~, constables, marshals, police officers, or other duly |
| 4 | appointed peace officers in the performance of their official duties, or ~~nor to~~ any person |
| 5 | summoned by such officer to assist in making arrests or preserving the peace while said |
| 6 | person so summoned is actually engaged in assisting such officer; |
| 7 | (2) Persons in lawful possession of a handgun who discharge said handgun in |
| 8 | necessary and lawful defense of self or others while in a personal residence; or |
| 9 | (3) Persons in lawful possession of a firearm or projectile weapon who are |
| 10 | expressly and specifically authorized by federal or state law to discharge said firearm or |
| 11 | projectile weapon under the circumstances present at the time of discharge. |
| 12 | ~~nor to persons who are by federal or state law authorized to use such firearms or projectile~~ |
| 13 | ~~weapons, nor to persons using said firearms or projectile weapons in necessary self defense.~~ |
| 14 | (b) Use of firearms and projectile weapons may be permissible when integral to the |
| 15 | pursuit of specific competitive and sporting events, including but not limited to events such as |
| 16 | target and skeet shooting, upon issuance of a permit from the Chief of Police to persons |
| 17 | conducting the event or engaged in the business of providing the location at which the event |
| 18 | is to take place. The Chief of Police shall formulate criteria for the application, issuance, and |
| 19 | renewal of such permits, and may require as a condition of approval the posting of any bond, |
| 20 | or proof of adequate liability insurance. |

APPROVED AS TO FORM:
DENNIS J. HERRERA, City Attorney

By: _____
THOMAS J. OWEN
Deputy City Attorney



# City and County of San Francisco
## Tails
## Ordinance

City Hall
1 Dr. Carlton B. Goodlett Place
San Francisco, CA 94102-4689

**File Number:** 101120      **Date Passed:** March 15, 2011

Ordinance amending the San Francisco Police Code by amending Sections 1290, 4502, and 4506 to consolidate the prohibitions on the discharge of firearms within the City and to re-state the exceptions to those prohibitions.

February 03, 2011 Public Safety Committee - AMENDED, AN AMENDMENT OF THE WHOLE BEARING NEW TITLE

February 03, 2011 Public Safety Committee - RECOMMENDED AS AMENDED

February 15, 2011 Board of Supervisors - PASSED, ON FIRST READING
    Ayes: 11 - Avalos, Campos, Chiu, Chu, Cohen, Elsbernd, Farrell, Kim, Mar, Mirkarimi and Wiener

March 01, 2011 Board of Supervisors - CONTINUED ON FINAL PASSAGE
    Ayes: 11 - Avalos, Campos, Chiu, Chu, Cohen, Elsbernd, Farrell, Kim, Mar, Mirkarimi and Wiener

March 08, 2011 Board of Supervisors - CONTINUED ON FINAL PASSAGE
    Ayes: 11 - Avalos, Campos, Chiu, Chu, Cohen, Elsbernd, Farrell, Kim, Mar, Mirkarimi and Wiener

March 15, 2011 Board of Supervisors - FINALLY PASSED
    Ayes: 8 - Avalos, Chiu, Chu, Elsbernd, Farrell, Kim, Mar and Wiener
    Excused: 3 - Campos, Cohen and Mirkarimi

File No. 101120

I hereby certify that the foregoing Ordinance was FINALLY PASSED on 3/15/2011 by the Board of Supervisors of the City and County of San Francisco.

_____
Angela Calvillo
Clerk of the Board

_____
Mayor Edwin Lee

3/16/11
Date Approved