DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
SHERRI SOKELAND KAISER, State Bar #197986
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:    (415) 554-4691
Facsimile:    (415) 554-4747
E-Mail:       sherri.kaiser@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO, et al.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC. SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION,<br><br>               Plaintiffs,<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, in his official capacity; POLICE CHIEF GEORGE GASCÓN, in his official capacity, and Does 1-10,<br><br>               Defendants. | Case No. C09-2143 RS<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

DEFTS' ANSWER TO 1ST AMEND. COMPLAINT
USDC No. C09-2143 RS

n:\govlit\li2009\091333\00731936.doc

Defendants City and County of San Francisco; former San Francisco Mayor Gavin Newsom, in his official capacity; and former San Francisco Police Department Chief Of Police George Gascon, in his official capacity, (collectively, the "City" or "Defendants") hereby respond to the First Amended Complaint for Declaratory and Injunctive Relief ("Complaint") filed on or about August 24, 2009 by Plaintiffs Espanola Jackson, et al. ("Plaintiffs") as follows. Except as specifically admitted, each and every allegation or portion of an allegation is denied.

## INTRODUCTION

1. Responding to Paragraph 1, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Defendants further deny that former Mayor Gavin Newsom and former Police Chief George Gascon are proper defendants to this action since they no longer hold those offices and were sued only in their official capacities. Defendants have repeatedly offered to stipulate that the proper individual defendants at any given time should be deemed to be the Mayor and Police Chief then in office. Plaintiffs have to date done nothing to formalize Defendants' proposed stipulation. Accordingly, at this time, Defendants admit only that the City and County of San Francisco is a proper defendant to this action, which challenges the validity of San Francisco Police Code sections 4512 and 613.10(g) under the Second Amendment. Any remaining allegations in Paragraph 1 are denied.

2. Responding to Paragraph 2, Defendants deny the allegations therein.

3. Responding to Paragraph 3, Defendants deny that the "trigger lock" ordinance struck down by the Supreme Court in *District of Columbia v. Heller* was similar to Section 4512 but admit the remaining allegations therein.

4. Responding to Paragraph 4, Defendants deny the allegations therein.

5. Responding to Paragraph 5, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290.

DEFTS' ANSWER TO 1ST AMEND. COMPLAINT  1  n:\govlit\li2009\091333\00731936.doc
USDC No. C09-2143 RS

6. Responding to Paragraph 6, Defendants deny the allegations therein.

7. Responding to Paragraph 7, Defendants deny the allegations therein.

8. Responding to Paragraph 8, Defendants deny the allegations therein.

9. Responding to Paragraph 9, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Defendants admit the remaining allegations in Paragraph 9.

## JURISDICTION AND VENUE

10. Responding to Paragraph 10, Defendants deny that this Court has Article III jurisdiction over this action because Plaintiffs lack standing, their claims against Sections 4512 and 613.10(g) are unripe, and their claim against Section 1290 is moot. Defendants admit that, in the absence of these Article III defects, this Court would have statutory jurisdiction over Plaintiffs' federal claims. Defendants deny that this Court has supplemental jurisdiction over Plaintiffs' state law claims because, by stipulation and order, Plaintiffs have waived their rights to pursue any and all state law claims in the course of this litigation. Except as expressly admitted, the allegations in Paragraph 10 are denied.

11. Responding to Paragraph 11, Defendants deny the allegations.

12. Responding to Paragraph 12, Defendants admit that venue is proper for any claims over which the Court otherwise has constitutional and statutory jurisdiction. Except as expressly admitted, the allegations in Paragraph 12 are denied.

## INTRADISTRICT ASSIGNMENT

13. Responding to Paragraph 13, Defendants admit the allegations.

## PARTIES

14. Responding to Paragraph 14, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

15. Responding to Paragraph 15, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

16. Responding to Paragraph 16, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

DEFTS' ANSWER TO 1ST AMEND. COMPLAINT    2    n:\govlit\li2009\091333\00731936.doc
**USDC No. C09-2143 RS**

17. Responding to Paragraph 17, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

18. Responding to Paragraph 18, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

19. Responding to Paragraph 19, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

20. Responding to Paragraph 20, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

21. Responding to Paragraph 21, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

22. Responding to Paragraph 22, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and deny them on that basis.

23. Responding to Paragraph 23, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

24. Responding to Paragraph 24, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and deny them on that basis.

25. Responding to Paragraph 25, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

26. Responding to Paragraph 26, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Defendants admit the remaining allegations in Paragraph 26.

1  27. Responding to Paragraph 27, Defendants deny the allegations therein.

2  28. Responding to Paragraph 28, Defendants deny the allegations therein.

3  29. Responding to Paragraph 29, Defendants admit that former Mayor Newsom signed

4 Section 4512 into law and deny the remaining allegations therein.

5  30. Responding to Paragraph 30, Defendants deny the allegations therein.

6  31. Responding to Paragraph 31, Defendants admit the allegations therein.

7  32. Responding to Paragraph 32, Defendants deny the allegations therein.

8  33. Responding to Paragraph 33, Defendants deny the allegations therein.

9  34. Responding to Paragraph 34, Defendants deny that this action challenges San Francisco
10 Police Code section 1290 because that claim has been mooted by legislative action, the Court has so
11 held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the
12 successor provisions to Section 1290.

13  35. Responding to Paragraph 35, Defendants deny that this action challenges San Francisco
14 Police Code section 1290 because that claim has been mooted by legislative action, the Court has so
15 held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the
16 successor provisions to Section 1290. Defendants admit the remaining allegations in Paragraph 35.

17  36. Responding to Paragraph 36, Defendants lack knowledge or information sufficient to
18 form a belief about the truth of these allegations and deny them on that basis.

19  37. Responding to Paragraph 37, Defendants deny that this action challenges San Francisco
20 Police Code section 1290 because that claim has been mooted by legislative action, the Court has so
21 held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the
22 successor provisions to Section 1290. Defendants lack knowledge or information sufficient to form a
23 belief about the truth of the remaining allegations and deny them on that basis.

24  38. Responding to Paragraph 38, Defendants deny that this action challenges San Francisco
25 Police Code section 1290 because that claim has been mooted by legislative action, the Court has so
26 held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the
27 successor provisions to Section 1290. Defendants deny the remaining allegations in Paragraph 38.

28

39. Responding to Paragraph 39, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Defendants further deny that complying with Sections 4512 and 613.10(g) subjects Plaintiffs to irreparable harm. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 39 and deny them on that basis.

## DECLARATORY JUDGMENT ALLEGATIONS

40. Responding to Paragraph 40, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Defendants admit that Plaintiffs make contentions as described and that Defendants deny those contentions, but Defendants deny that those allegations are sufficient to establish a substantial controversy of sufficient immediacy and reality to support the issuance of a declaratory judgment. Except as expressly admitted, the remaining allegations in Paragraph 40 are denied.

## INJUNCTIVE RELIEF ALLEGATIONS

41. Responding to Paragraph 41, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Defendants deny the remaining allegations in Paragraph 41.

42. Responding to Paragraph 42, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Defendants further deny that Sections 4512 and 613.10(g) violate Plaintiffs' Second Amendment rights. Defendants lack knowledge or information sufficient to form a belief about future actions of the Board of Supervisors and City officials, and deny the remaining allegations on that basis.

DEFTS' ANSWER TO 1ST AMEND. COMPLAINT    5    n:\govlit\li2009\091333\00731936.doc
USDC No. C09-2143 RS

43. Responding to Paragraph 43, Defendants deny the allegations therein.

44. Responding to Paragraph 44, Defendants deny the allegations therein.

45. Responding to Paragraph 45, Defendants deny the allegations therein.

**FIRST CLAIM FOR RELIEF: VALIDITY OF SFPC § 4512**
**Violation of the Second Amendment Right to Keep and Bear Arms**
**(US. Const. Amend. II and XIV)**

46. Responding to Paragraph 46, Defendants incorporate the above admissions and denials as if set forth fully herein.

47. Responding to Paragraph 47, Defendants admit the allegations therein.

48. Responding to Paragraph 48, Defendants admit that the Second Amendment provides as set forth in quotation marks, but Defendants deny the remaining allegations therein.

49. Responding to Paragraph 49, Defendants admit the allegations therein.

50. Responding to Paragraph 50, Defendants admit that Section 4512 has been in effect since 2007 and deny the remaining allegations therein.

51. Responding to Paragraph 51, Defendants deny the allegations therein.

52. Responding to Paragraph 52, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

53. Responding to Paragraph 53, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and deny them on that basis.

54. Responding to Paragraph 54, Defendants admit the allegations therein.

55. Responding to Paragraph 55, Defendants admit the allegations therein.

**SECOND CLAIM FOR RELIEF: VALIDITY OF SFPC § 613.10(g)**
**Violation of the Second Amendment Right to Keep and Bear Arms**
**(US. Const. Amend. II and XIV)**

56. Responding to Paragraph 56, Defendants incorporate the above admissions and denials as if set forth fully herein.

57. Responding to Paragraph 57, Defendants deny the allegations therein.

58. Responding to Paragraph 58, Defendants deny the allegations therein.

59. Responding to Paragraph 59, Defendants admit that ammunition that is designed to expand or fragment upon impact is distinct from ammunition that is designed to pierce body armor. Plaintiffs deny that ammunition that is designed to expand or fragment upon impact is not "cop-killer" ammunition, as it is designed to enhance the lethality of gunshot wounds suffered by any gunshot victim, including police officers. Except as expressly admitted, the remaining allegations in Paragraph 59 are denied.

60. Responding to Paragraph 60, Defendants deny the allegations therein.

61. Responding to Paragraph 61, Defendants admit the allegations therein.

62. Responding to Paragraph 62, Defendants admit the allegations therein.

**THIRD CLAIM FOR RELIEF: VALIDITY OF SFPC § 1290**
**Violation of the Second Amendment Right to Keep and Bear Arms**
**(US. Const. Amend. II and XIV)**

63. Responding to Paragraph 63, Defendants incorporate the above admissions and denials as if set forth fully herein.

64. Responding to Paragraph 64, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290.

65. Responding to Paragraph 65, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290.

66. Responding to Paragraph 66, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290.

67. Responding to Paragraph 67, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so

1 held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the

2 successor provisions to Section 1290.

**FOURTH CLAIM FOR RELIEF: VALIDITY OF SFPC § 613.10(g)**
**Violation of the Fifth Amendment Right to Due Process**
**(US. Const. Amend. V and XIV)**

68. Responding to Paragraph 68, Defendants incorporate the above admissions and denials as if set forth fully herein.

69. Responding to Paragraph 69, Defendants deny the allegations therein.

70. Responding to Paragraph 70, Defendants deny the allegations therein.

71. Responding to Paragraph 71, Defendants deny the allegations therein.

72. Responding to Paragraph 72, Defendants deny the allegations therein.

73. Responding to Paragraph 73, Defendants deny the allegations therein.

**FIFTH CLAIM FOR RELIEF:**
**VALIDITY OF SFPC §§ 4512, 1290 and 613.10(g)**
**Violation of the Right to Self-Defense Under State Law**
**(Cal. Const., art. 1 § 1, Cal. Penal Code § 12026)**

74. Responding to Paragraph 74, Defendants incorporate the above admissions and denials as if set forth fully herein.

75. Responding to Paragraph 75, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Defendants further deny that this action makes any claim under state law because, by stipulation and order, Plaintiffs have waived their rights to pursue any and all state law claims in the course of this litigation.

76. Responding to Paragraph 76, Defendants deny that this action makes any claim under state law because, by stipulation and order, Plaintiffs have waived their rights to pursue any and all state law claims in the course of this litigation.

77. Responding to Paragraph 77, Defendants deny that this action makes any claim under state law because, by stipulation and order, Plaintiffs have waived their rights to pursue any and all state law claims in the course of this litigation.

78. Responding to Paragraph 78, Defendants deny that this action makes any claim under state law because, by stipulation and order, Plaintiffs have waived their rights to pursue any and all state law claims in the course of this litigation.

79. Responding to Paragraph 79, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290.

80. Responding to Paragraph 80, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290.  Defendants further deny that this action makes any claim under state law because, by stipulation and order, Plaintiffs have waived their rights to pursue any and all state law claims in the course of this litigation.

81. Responding to Paragraph 81, Defendants deny that this action challenges San Francisco Police Code section 1290 because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290.  Defendants further deny that this action makes any claim under state law because, by stipulation and order, Plaintiffs have waived their rights to pursue any and all state law claims in the course of this litigation.

## AFFIRMATIVE DEFENSES
### First Affirmative Defense
### (Ripeness)

Plaintiffs' complaint is barred in whole or in part because the claims alleged therein are not ripe for review.  Plaintiffs have never been subjected to enforcement or even a threat of enforcement of San Francisco Police Code sections 613.10(g) or 4512, and they may never face such action.

### Second Affirmative Defense
### (Standing)

Plaintiffs' complaint is barred in whole or in part because they have failed to establish that they or any of them has suffered or will imminently suffer an injury in fact under any of the challenged laws.

### Third Affirmative Defense
### (Mootness)

Plaintiffs' complaint against San Francisco Police Code section 1290 is barred because that claim has been mooted by legislative action.

### Fourth Affirmative Defense
### (Waiver)

Plaintiffs' complaint against San Francisco Police Code section 1290 is barred because that claim has been mooted by legislative action, the Court has so held, and Plaintiffs have affirmatively waived the right to file an amended complaint challenging the successor provisions to Section 1290. Further, by stipulation and order, Plaintiffs have waived their rights to pursue any and all state law claims in the course of this litigation.

### Fifth Affirmative Defense
### (Qualified Immunity)

Plaintiffs' claims against San Francisco officials are barred in whole or in part by the doctrine of qualified immunity.

### Sixth Affirmative Defense
### (Failure to State a Claim)

The allegations in the complaint fail to state a claim on which relief can be granted.

### **PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. Plaintiffs take nothing from Defendants by way of this action;

2. The Complaint be dismissed with prejudice and judgment entered in favor of Defendants; and

3. Defendants be awarded costs of suit and any other relief the Court deems proper.

Dated: October 17, 2011

                              DENNIS J. HERRERA
                              City Attorney
                              WAYNE SNODGRASS
                              SHERRI SOKELAND KAISER
                              Deputy City Attorneys

                        By:  s/Sherri Sokeland Kaiser
                              SHERRI SOKELAND KAISER

                              Attorneys for Defendants City and County of San Francisco, former Mayor Gavin Newsom and former Police Chief George Gascon