DENNIS J. HERRERA, State Bar #139669
City Attorney
WAYNE SNODGRASS, State Bar #148137
SHERRI SOKELAND KAISER, State Bar #197986
Deputy City Attorneys
1 Dr. Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, California 94102-4682
Telephone:     (415) 554-4691
Facsimile:     (415) 554-4747
E-Mail:        sherri.kaiser@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
THE MAYOR OF SAN FRANCISCO and
THE CHIEF OF THE SAN FRANCISCO POLICE DEPARTMENT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., and SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, THE MAYOR OF SAN FRANCISCO, and THE CHIEF OF THE SAN FRANCISCO POLICE DEPARTMENT, in their official capacities, <br><br> Defendants. | Case No. C09-2143 RS <br><br> **DEFENDANTS' OPPOSITION TO MOTION TO STRIKE PORTIONS OF ANSWER** <br><br> Hearing Date:     December 15, 2011 <br> Time:            1:30 p.m. <br> Place:           17th Floor, Courtroom 3 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INTRODUCTION**

Plaintiffs bring this motion to strike Defendants' jurisdictional defenses in the mistaken belief federal jurisdiction is no longer at issue now that the Court has denied the City's motion to dismiss for lack of standing and ripeness. They are fundamentally mistaken. It is hornbook law that Plaintiffs bear the continuing burden to demonstrate federal jurisdiction at every procedural juncture in this case, in the manner and with the degree of evidence then required. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Thus, when it denied the City's motion to dismiss, the Court concluded only that Plaintiffs had adequately *alleged* facts establishing an actual or imminent injury-in-fact for purposes of standing and a ripe controversy between the parties. But that ruling did not, and could not, absolve the Plaintiffs of their continuing obligation to *provide evidence* in support of their jurisdictional allegations and, should the case reach trial, prove them by a preponderance of the evidence. Nor did it insulate the Plaintiffs from the possibility of legal or factual challenges to other aspects of their required jurisdictional showing, such as causation or redressability. In these circumstances, Plaintiffs cannot show, as they must, that there is no set of circumstances under which Defendants' jurisdictional defenses could succeed, and the Court should deny their motion to strike on that basis.

Plaintiffs also assert that the Court should strike the first and second affirmative defenses because Defendants should have styled their jurisdictional challenges as "negative" rather than "affirmative" defenses. That may be so as a technical matter. But if Plaintiffs' point is that a jurisdictional challenge need not be affirmatively stated to be maintained, their argument proves too much. Even striking the affirmative defenses could not remove the jurisdictional issues from the case, nor would it narrow the Plaintiffs' obligations to respond to discovery, or lighten their burden to prove their jurisdictional allegations with evidence. Where granting a motion to strike would have no practical result, the Court should deny it—or ready itself to wield a red pen over all other pleading imperfections, regardless of their impact, in its other cases.

**ARGUMENT**

**I.    AN AFFIRMATIVE DEFENSE CANNOT BE STRICKEN AS INADEQUATE UNLESS THERE IS NO SET OF CIRCUMSTANCES UNDER WHICH IT COULD SUCCEED.**

Rule 12(f) of the Federal Rules of Civil Procedure gives the Court discretion to strike an affirmative defense if it presents an "insufficient defense, or any redundant, immaterial, impertinent, or

1  scandalous matter."  An affirmative defense may not be stricken unless "it appears to a certainty that

2  plaintiffs would succeed despite any state of the facts which could be proved in support of the

3  defense."  *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program,* 718 F.Supp.2d 1167, 1170

4  (N.D. Cal. 2010).  Accordingly, to prevail, plaintiffs "must convince the court that there are no

5  questions of fact, that any questions of law are clear and not in dispute, and that under no set of

6  circumstances could the defense succeed."  *Solis v. Zenith Capital, LLC*, No. 08-4854, 2009 WL

7  1324051, at *2 (N.D. Cal. May 8, 2009) (internal quotation marks and citations omitted).

8  **II.    THE JURISDICTIONAL DEFENSES REMAIN ALIVE DESPITE THE COURT'S
        ORDER DENYING THE CITY'S MOTION TO DISMISS.**

9
10          Plaintiffs incorrectly argue that the City's affirmative defenses of lack of standing and ripeness

11  must be stricken because, when the Court denied the City's motion to dismiss for lack of jurisdiction, it

12  fully and finally settled the issue of jurisdiction in their favor.  Thus, Plaintiffs reason, "[t]here is … no

13  circumstance under which Defendants' challenges to jurisdiction, ripeness, and standing could

14  succeed."  Mot. at 6:23-24.  Plaintiffs mistake the legal effect of the Court's order in two important

15  ways.

16          First, Plaintiffs are simply wrong that sustaining their jurisdictional allegations against a

17  motion to dismiss eliminates any further inquiry into jurisdiction for the remainder of the litigation.

18  To the contrary.  As the Supreme Court has clearly explained, the required elements of standing and

19  jurisdiction "are not mere pleading requirements but rather an indispensable part of the plaintiff's case,

20  [and] each element must be supported in the same way as any other matter on which the plaintiff bears

21  the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of

22  the litigation."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  Accordingly,

23              [a]t the pleading stage, general factual allegations of injury resulting from the
                defendant's conduct may suffice. … In response to a summary judgment
24              motion, however, the plaintiff can no longer rest on such "mere allegations," but
                must "set forth" by affidavit or other evidence "specific facts," Fed.Rule
25              Civ.Proc. 56(e), which for purposes of the summary judgment motion will be
                taken to be true. And at the final stage, those facts (if controverted) must be
26              supported adequately by the evidence adduced at trial.

27  *Id.* (internal quotation marks and citations omitted).  So far, in denying the motion to dismiss, this

28  Court has only ruled that Plaintiffs have sufficiently alleged standing and ripeness.  As the case

DEFENDANTS' OPP. TO MOTION TO STRIKE          2                    n:\govlit\li2011\091333\00739819.doc
USDC No. C09-2143 RS

1   progresses, Plaintiffs will still be required to submit to discovery, set forth specific facts supporting

2   their jurisdictional allegations with admissible evidence, and carry their burden of proof at trial.

3        Second, Plaintiffs mistake this Court's ruling on the legal sufficiency of their jurisdictional

4   allegations as implicitly determining all factual questions in their favor as well.  Noting that "disputed

5   facts played no part in the resolution of the legal questions presented" (Mot. at 6:22), they jump to the

6   conclusion that there are no relevant jurisdictional facts for the remainder of the case.  But Plaintiffs

7   seem to forget that, in deciding on the legal sufficiency of the their jurisdictional allegations, the Court

8   simply assumed that their allegations were true.  Defendants did not challenge, and the Court did not

9   rule on, their evidentiary sufficiency in the context of that motion.  The Court's assumption, solely for

10  the sake of its analysis, that Plaintiffs can prove their allegations does not free them of the need to do

11  just that, nor does it shield their showing from dispute.

12       The plaintiffs in *Butler v. Adoption Media, LLC*, No. 04-135 PJH (June 21, 2005), made

13  similar errors when urging the court to strike an affirmative defense of lack of personal jurisdiction

14  because the court had earlier denied a motion to dismiss on that ground.  The court refused to do so

15  because the jurisdictional defense remained entirely viable despite the ruling.  *See* 2005 WL 1513142,

16  at *3.  As that court explained, in denying defendants' motion to dismiss for lack of personal

17  jurisdiction, it simply assumed that the jurisdictional allegations were true and passed on their legal

18  sufficiency.  *Id*.  Thus, its ruling did not dispose of the jurisdictional defense because the evidentiary

19  sufficiency of the proof plaintiffs would have to offer in support of their allegations was still subject to

20  challenge: "If the defendant contests the plaintiff's prima facie showing, at some point (either at a later

21  evidentiary hearing or at trial) plaintiff will have to prove the existence of minimum contacts by a

22  preponderance of the evidence." *Id.* at *4.  That is exactly the case here.

23       This Court relied on several factual allegations in denying the City's motion to dismiss, all of

24  which are now subject to proof.  According to the Order, filed as Document 89 on September 27,

25  2011, Plaintiffs pleaded an actual or imminent injury in fact for purposes of standing because they

26  "adequately alleged an intent and desire to engage in conduct that is prohibited by the ordinances but

27  which they contend is constitutionally protected" (*id*. at 2:4-5) and because "Plaintiffs allege they own

28  guns now . . . they want to keep their guns unlocked *now* . . . [and] they wish to acquire prohibited

DEFENDANTS' OPP. TO MOTION TO STRIKE          3                    n:\govlit\li2011\091333\00739819.doc
USDC No. C09-2143 RS

1 ammunition *now* ...." (*id.* at 6:4-6) (emphasis in original).  This sort of "desire and intent" injury,

2 though perhaps easier to assert than corroborate, is still subject to evidentiary proof.  In *D'Lil v. Best*

3 *Western Encina Lodge & Suites*, for example, the Ninth Circuit reviewed the evidentiary sufficiency

4 of an ADA plaintiff's showing that, for purposes of standing, she had "an intent to return to the

5 geographic area where the [allegedly inaccessible] accommodation is located and a desire to visit the

6 accommodation if it were made accessible."  538 F.3d 1031, 1037 (9th Cir. 2008).  Rather than look

7 solely to the adequacy of the pleadings, the court reviewed "the evidence that she had submitted at

8 each successive stage of the litigation."  *Id.* at 1038.  Because both her declaration on summary

9 judgment and her testimony at an evidentiary hearing set forth her history of traveling to the area

10 several times each year both before and after filing the complaint, and explained in detail why the

11 characteristics of the particular hotel made it more attractive to her than its nearby, more accessible

12 competitors, the court held that the plaintiff had met her evidentiary burden.  *Id.* at 1038.

13      Like the plaintiff in *D'Lil*, Plaintiffs here cannot rest on their allegations but will instead have

14 to provide some sort of evidence that, at a minimum, they do own guns now, do want to keep them

15 unlocked now, do want to load them with the prohibited ammunition now, but cannot do so on account

16 of the challenged ordinances.  Until the Plaintiffs successfully carry their burden of proof of these facts

17 at trial, the City's jurisdictional defenses remain very much alive.

18 **III.    THE COURT SHOULD NOT STRIKE THE JURISDICTIONAL AFFIRMATIVE DEFENSES MERELY FOR COSMETIC REASONS.**

19
20      Plaintiffs also argue that Defendants' jurisdictional affirmative defenses should be stricken

21 because they are not truly "affirmative" defenses but instead "negative" defenses, that is, assertions

22 that Plaintiffs cannot prove the jurisdictional elements of their claims.[1]  While this may be true as a

23 technical matter, in this instance it just doesn't matter.  The Court should decline to strike the defenses

24 simply because they are stated affirmatively as well as implied by Defendants' denials.

25      There is no uniform rule for resolving a motion to strike an affirmative defense on the basis

26 that it is actually a negative defense, so most courts have taken a pragmatic approach.  *Wright &*

27 _____

[1] This argument does not apply to Plaintiffs' motion to strike language denying standing and ripeness in ¶ 10 of the Answer, since all parties agree that the body of the answer is indisputably the proper forum for negative defenses and denials.

28

*Miller* advises against granting a motion to strike a negative defense presented as an affirmative

defense because it generally does nothing to advance the case.  5 Fed. Prac. & Proc. Civ. § 1278 (3d

ed.).  Most courts are in accord, particularly in regard to jurisdictional defenses, because proof of

jurisdiction is always required in federal court, whether stated affirmatively or not, and a plaintiff

suffers no apparent prejudice from an affirmative reminder in a particular case.  *See, e.g.*, *Marley v.*

*Jetshares Only, LLC*, 2011 WL 2607095, at *7 (S.D. Fla. June 30, 2011); *Fesnak & Assocs., LLP v.*

*U.S. Bank Nat'l Assn.*, 722 F. Supp. 2d 496, 503 (D. Del. 2010); *cf. Barnes v. AT&T Pension Benefit*

*Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal.) (striking eight negative

defenses pled as affirmative defenses, none of them jurisdictional, "so as to simplify and streamline

the litigation").  Defendants are aware of only one court to have insisted on striking an affirmative

defense of lack of jurisdiction solely because it was technically a negative defense, without any

showing of prejudice or confusion.  *See Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 124 (D. Puerto

Rico 1972).  But even that court recognized that a prior decision in its own district, *Giraud v.*

*Teamsters Local 901*, 46 F.R.D. 5 (D. Puerto Rico 1969), "took a very practical approach" when it

refused to strike a defense of lack of subject-matter jurisdiction because the defendants had merely set

forth in their responsive pleadings that the jurisdictional question was at issue and the presence of that

defense in no way prejudiced the plaintiff.  *See Gilbert*, 56 F.R.D. at 124 n.13.

   Defendants believe that the courts that have refused to elevate form over substance, absent a

good reason to do so, have taken the better course.  While a motion to strike an "insufficient" defense

does not formally require a showing of prejudice, *see Bottoni v. Sallie Mae, Inc.*, No. 10-3602 LB,

2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011), the purpose of a Rule 12(f) motion is to avoid

wasting time and money litigating spurious issues.  *See Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527

(9th Cir.1993), *rev'd on other grounds,* 510 U.S. 517 (1994).  That purpose is ill-served by motions

that—when brought, briefed, heard and granted—have no impact on the parties, the course of the

litigation, or the resolution of the case.

   That is precisely the case here.  Because the jurisdictional issues remain alive regardless of

whether they are explicitly stated as affirmative defenses or merely implicit in Defendants' denials,

Plaintiffs will be subject to jurisdiction-related discovery and evidentiary challenges regardless of how

the Court rules on this motion.  And the issues will be neither simpler nor more complicated, nor the case resolved more quickly or slowly, no matter what the Court decides.  Put more bluntly, this motion has wasted the Court's time.  Unless the Court is eager to inspire more purely cosmetic motions to edit the pleadings from other parties in other cases, it should deny Plaintiffs' motion to strike.

## CONCLUSION

Because Plaintiffs remain obligated to prove their jurisdictional allegations as this case progresses, jurisdiction is still firmly at issue between the parties.  The Court should deny Plaintiffs' motion to strike the Defendants' affirmative defenses alleging lack of standing and ripeness and portions of ¶ 10 of the Answer.

Dated:  November 21, 2011

DENNIS J. HERRERA
City Attorney
WAYNE SNODGRASS
SHERRI SOKELAND KAISER
Deputy City Attorneys


By:  _s/Sherri Sokeland Kaiser_____
     SHERRI SOKELAND KAISER

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, THE MAYOR OF SAN FRANCISCO and THE CHIEF OF THE SAN FRANCISCO POLICE DEPARTMENT