| | |
|---|---|
| 1 | C. D. Michel - S.B.N. 144258 |
| | Glenn S. McRoberts - S.B.N. 144852 |
| 2 | Clinton B. Monfort - S.B.N. 255609 |
| | Anna M. Barvir - S.B.N. 268728 |
| 3 | MICHEL & ASSOCIATES, P.C. |
| | 180 E. Ocean Boulevard, Suite 200 |
| 4 | Long Beach, CA 90802 |
| | Telephone: 562-216-4444 |
| 5 | Facsimile: 562-216-4445 |
| | Email: cmichel@michellawyers.com |
| 6 | |
| | Attorneys for Plaintiffs |
| 7 | |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | | |
|---|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, | ) ) ) ) ) ) ) ) | CASE NO. C09-2143-RS **PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS; DECLARATION OF CLINTON B. MONFORT IN SUPPORT** |
| Plaintiffs | ) | **PART 1 OF 2; EXHIBITS A - I** |
| vs. | ) ) | Hearing: July 12, 2012 Time:   1:30 p.m. |
| CITY AND COUNTY OF SAN FRANCISCO, THE MAYOR OF SAN FRANCISCO, AND THE CHIEF OF THE SAN FRANCISCO POLICE DEPARTMENT, in their official capacities, and DOES 1-10, | ) ) ) ) ) ) | Place:  Courtroom 3 - 17th Floor          450 Golden Gate Ave.          San Francisco, CA 94102 |
| Defendants. | ) ) ) | |

# REQUEST FOR JUDICIAL NOTICE

Plaintiffs Espanola Jackson, Paul Colvin, Thomas Boyer, Larry Barsetti, David Golden, Noemi Margaret Robinson, National Rifle Association of America, Inc., San Francisco Veteran Police Officers Association, through their attorney of record, hereby request the Court to take judicial notice of the following documents attached as Exhibits A through T. This request is made in connection with Plaintiffs' Motion for Partial Judgment on the Pleadings, and supported by Federal Rule of Evidence 201, the authorities cited below, and the Declaration of Clinton B. Monfort attached hereto.

1. Attached hereto and marked as "Exhibit A" is a true and correct copy of Order, *Bateman v. Perdue*, No. 5:10-265 (E.D. N.C. Mar. 29, 2012);

2. Attached hereto and marked as "Exhibit B" is a true and correct copy of Oral Argument Transcript, *District of Columbia v. Heller*, 554 U.S. 570 (2008) (No. 07-290), *available at* http://www.supremecourt.gov/oral_arguments/argument_transcripts/07-290.pdf (last accessed May 16, 2012);

3. Attached hereto and marked as "Exhibit C" is a true and correct copy of Bureau of Justice Statistics, U.S. Dep't of Justice, National Crime Victimization Survey: Victimization During Household Burglary 6 tbl.9 (2010), *available at* http://www.bjs.gov/content/pub/pdf/vdhb.pdf (last accessed May 16, 2012);

4. Attached hereto and marked as "Exhibit D is a true and correct copy of Letter from California Rifle & Pistol Association, to San Francisco Board of Supervisors (Sept. 26, 2011);

5. Attached hereto and marked as "Exhibit E" is a true and correct copy of Clifford Krauss, *Experts Support Hollow Point Bullets*, N.Y. Times, Mar. 6, 1997;

6. Attached hereto and marked as "Exhibit F" is a true and correct copy of Statement of Martin Fackler, M.D. (Sept. 23, 2011);

7. Attached hereto and marked as "Exhibit G" is a true and correct copy of Statement of Stephen Helsley (Sept. 23, 2012);

8. Attached hereto and marked as "Exhibit H" is a true and correct copy of Transcript, San Francisco Board of Supervisors, Public Safety Committee Hearing (Sept. 15, 2011), *available at* http://sanfrancisco.granicus.com/ViewPublisher.php?view_id=44 (Click "Caption Notes" for Sept. 15, 2011) (last accessed May 16, 2012);

9. Attached hereto and marked as "Exhibit I" is a true and correct copy of Transcript, San Francisco Board of Supervisors, Board of Supervisors Hearing (Sept. 27, 2011), *available at* http://sanfrancisco.granicus.com/ViewPublisher.php?view_id=10 (Click "Caption Notes" for Sept. 27, 2011) (last accessed May 16, 2012);

10. Attached hereto and marked as "Exhibit J" is a true and correct copy of Transcript, San Francisco Board of Supervisors, Board of Supervisors Hearing (Oct. 4, 2011), *available at* http://sanfrancisco.granicus.com/ViewPublisher.php?view_id=10 (Click

"Caption Notes" for Oct. 4, 2011) (last accessed May 16, 2012);

11. Attached hereto and marked as "Exhibit K" is a true and correct copy of Lisa Steele, *Ballistics*, in *Science for Lawyers* (Eric York Drogin ed., A.B.A. Sec. of Sci. & Tech. Law 2008);

12. Attached hereto and marked as "Exhibit L" is a true and correct copy of Kit. R. Roane, *In Many Cities, New Bullets Have Not Brought Complaints*, N.Y. Times, July 9, 1998, *available at* http://www.nytimes.com/1998/07/09/nyregion/in-many-cities-new-bullets-have-not-brought-complaints.html (last accessed May, 10, 2012);

13. Attached hereto and marked as "Exhibit M" is a true and correct copy of Stephen J. Lynton & Alfred E. Lewis, *More Powerful Ammo Studied By D.C. Police*, Wash. Post, Nov. 5, 1976 at A1, A4;

14. Attached hereto and marked as "Exhibit N" is a true and correct copy of Early Byrd & Zofia Smardz, *District Police Moving To Get Bullets With More Stopping Action*, Wash. Star., Nov. 27, 1976;

15. Attached hereto and marked as "Exhibit O" is a true and correct copy of Report of the Committee on Hollow-Point Bullets Presented to the Civilian Complaint Review Board on July 8, 1998, *available at* http://www.nyc.gov/html/ccrb/pdf/hollow.pdf (last accessed May, 14, 2012);

16. Attached hereto and marked as "Exhibit P" is a true and correct copy of *Certain Firearms and Ammunition Prohibited During Modern Gun Deer Seasons*, 002 Ark. Code R. § 6.02, *available at* http://www.agfc.com/enforcement/Documents/agfc_code_of_regulations.pdf (last accessed May 16, 2012);

17. Attached hereto and marked as "Exhibit Q" is a true and correct copy of N.J. Admin. Code § 7:25-5:23, *available at* http://www.michie.com/newjersey/lpext.dll?f=templates&fn=main-h.htm&cp= (last accessed May 16, 2012);

18. Attached hereto and marked as "Exhibit R" is a true and correct copy of N.M. Dep't of Game & Fish, *New Mexico Big-Game and Furbearer Rules & Information 2012-2013 License Year* 16 (2012), *available at* http://www.wildlife.state.nm.us/publications/documents/rib/2012/2012BIgGame.pdf (last accessed May 16, 2012);

19. Attached hereto and marked as "Exhibit S" is a true and correct copy of Ohio Admin. Code 901.12-1-04, *available at* http://codes.ohio.gov/oac/901%3A12-1 (last accessed May 16, 2012);

20. Attached hereto and marked as "Exhibit T" is a true and correct copy of Wash. Admin. Code § 16-24-040, *available at* http://apps.leg.wa.gov/wac/default.aspx?cite=16-24-040 (last accessed May 16, 2012).

**BASIS FOR REQUESTING JUDICIAL NOTICE**

When considering a motion for judgment on the pleadings, the "court may consider facts that are contained in materials of which the court may take judicial notice" without converting the motion for judgment on the pleadings into one for summary judgment. *Heliotrope General, Inc. v. Ford Motor Co.* 189 F.3d 971, 981 n.18 (9th Cir. 1999). That is to say, the court may consider

documents outside of the complaint that are capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(d). For the reasons discussed below, the Court may take judicial notice of Exhibits A through T.

## I.   EXHIBITS A AND B: PROCEEDINGS OF OTHER COURTS

Courts may take judicial notice of proceedings in other courts. *U.S. ex rel Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (*citing St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169 (10th Cir. 1979) ("[W]e 'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'"). And more specifically, courts may take judicial notice of orders or decisions entered in any federal or state court. *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

Exhibit A, Order, *Bateman v. Perdue*, No. 5:10-265 (E.D. N.C., Mar. 29, 2012), is an order from the file of another federal court. Exhibit B, Oral Argument Transcript, *District of Columbia v. Heller*, 554 U.S. 570 (2008) (No. 07-290), is a transcript of public statements made by Supreme Court Justices and counsel for the parties during oral argument before the United States Supreme Court. The contents of these documents are a matter of public record that are "not subject to reasonable dispute [and are] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b)(2).

## II.   EXHIBIT C: SURVEY CONDUCTED AND PUBLISHED BY FEDERAL AGENCY

Courts may also take judicial notice of matters that are indisputable because they are capable of immediate and accurate verification through reliable sources. Fed. R. Evid. 201(b). For instance, in *Taylor v. Otter Tail Corp.*, 484 F.3d 1016, 1020 n.7, the district court took judicial notice of National Vital Statistics Reports, United States Life Tables, to instruct jury that plaintiff had life expectancy of 39.2 years.

Similarly, Exhibit C, Bureau of Justice Statistics, U.S. Department of Justice, National Crime Victimization Survey: Victimization During Household Burglary is the proper subject of a request for judicial notice to show that, from 2003 to 2007, an estimated 61.3 percent of robberies of occupied dwellings occurred between 6 p.m. and 6 a.m. The content of this document is a

matter of public record and "not subject to reasonable dispute." *See* Fed. R. Evid. 201(b)(2).

### III. EXHIBITS D THROUGH J: LEGISLATIVE HISTORY OF SAN FRANCISCO POLICE CODE SECTION 613.10(g)

The Court may take judicial notice of "undisputed matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 690. Exhibit D is a true and accurate copy of the letter submitted to the City and County of San Francisco Board of Supervisors by the California Rifle & Pistol Association (CRPA) regarding its opposition to City's findings ordinance (i.e., Ordinance 0206-11 (File No. 110901)) passed to provide support for San Francisco Police Code sections 4512 and 613.10(g). CRPA's opposition letter also includes, in Appendix B, a list of 26 sources attached to the letter evidencing the benefits of using the types of ammunition banned for sale by section 613.10(g)(2)-(3). The letter is a matter of public record and part of the file on Ordinance 0206-11 (File No. 110901). Its existence is "not subject to reasonable dispute." *See* Fed. R. Evid. 201(b)(2).

Exhibits E through G are true and accurate copies of relevant attachments to CRPA's opposition letter described above. The documents are public records and part of the file on Ordinance 0206-11 (File No. 110901), and their existence as part of that record is "not subject to reasonable dispute." *See id.*

Exhibits H through J are true and accurate copies of the transcripts of public statements made by members of the City and County of San Francisco Board of Supervisors and witnesses testifying in favor of Ordinance 0206-11 (File No. 110901) before the Public Safety Committee and the full Board of Supervisors. The contents of these transcripts are a matter of public record that are "not subject to reasonable dispute [and they are] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).[1]

---

[1] Public Safety Committee transcripts are available on the San Francisco Government Television website at http://sanfrancisco.granicus.com/ViewPublisher.php?view_id=44 (Click "Caption Notes" by the relevant hearing date). Board of Supervisors hearing transcripts are available on the San Francisco Government Television website at http://sanfrancisco.granicus.com/ViewPublisher.php?view_id=10 (Click "Caption Notes" by the relevant hearing date).

1   Plaintiffs request that this Court take judicial notice of Exhibits D through J to demonstrate
2   the existence and contents of those documents, and not for the truth of their contents.

## IV.   EXHIBITS K THROUGH T: EXPANDING AND FRAGMENTING AMMUNITION IS IN COMMON USE FOR LAWFUL PURPOSES

The court should also take judicial notice of an adjudicative fact provided the requesting party sustains its burden of showing that the fact is proper for judicial notice, and the requesting party supplies the court with source material whose accuracy cannot be reasonably questioned as needed to determine whether the request is justified. Fed. R. Evid. 201(b); *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002). Plaintiffs here request the Court take judicial notice of the fact that ammunition designed to expand or fragment upon impact is in common use for lawful purposes.

Exhibit K is a true and accurate copy of relevant pages of *Science for Lawyers*, a publication of the American Bar Association's Section of Science and Technology Law. The document expresses the common understanding among those who own firearms for self-defense that:

> Hollow-point ammunition is commonly used by police officers, federal agents, and citizens for self-defense. By expanding, the bullet increases its drag and tends to remain inside the target – this is believed to increase the chance that the wound will stop an aggressor, although medical examiners have been unable to show any difference in lethality between hollow-point and traditional round-nosed lead bullets. Also, the bullet is less likely to go through standard building materials if it misses the target and more likely to be stopped by police body armor if an officer gets in the way of a round fired by another officer. (Body armor is not commonly used by criminals.)

Lisa Steele, *Ballistics*, in *Science for Lawyers* 11 (Eric York Drogin ed., A.B.A. Sec. of Sci. & Tech. Law 2008). The book's passage reflects public beliefs regarding the use of hollow point (expanding) ammunition, which is a proper subject for judicial notice. *See Carpenter v. City and County of San Francisco*, 803 F. Supp. 337 (N.D. Cal.1992) (taking judicial notice of commercial advertisements, books, and maps depicting the existence of San Francisco landmarks), *rev'd on other grounds*, *Carpenter v. City and County of San Francisco*, 93 F. 3d 627 (1996); *Microsoft Corp. v. BEC Computer Co., Inc.*, 818 F. Supp.1313, 1319 (C.D. Cal. 1992) (taking judicial

notice of existence of magazine article stating that a product called DR-DOS competes with MS-DOS).

Exhibits L through N are true and accurate copies of widely distributed newspaper articles touting the defense benefits of ammunition that is designed to expand on impact. Each article is a neutral reporting of the debate surrounding the defensive use of such ammunition. And they reflect information in the public realm and the common understanding of the risks and benefits of using expanding ammunition, especially in urban areas. As such, judicial notice of the articles and their content is proper. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2009) (taking judicial notice of publications introduced to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.").

Exhibit O is a true and accurate copy of the Report of the Committee on Hollow-Point Bullets Presented to the Civilian Complaint Review Board on July 8, 1998. It summarizes the findings of a New York City commission established to review the risks and benefits of hollow point ammunition and to examine public concerns over their use. The contents of this document are a matter of public record that are "not subject to reasonable dispute [and they are] capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questions." Fed. R. Evid. 201(b). Judicial notice of this document is thus proper.

Exhibits P through T are true and accurate copies of various state regulations that mandate the use of soft nose or hollow point (expanding) or fragmenting ammunition in the taking of certain game and/or humane slaughter of livestock. It is proper to take judicial notice of agency regulations, administrative rules, and records of administrative agencies; and doing so does not convert a Rule 12 motion to a motion for summary judgment. *Barron v. Reich*, 13 F.3d 1370 (9th Cir.1994) (handbook of Wage and Hour Division); *DCIPA, LLC v. Lucile Slater Packard Children's Hosp.*, __ F. Supp. 2d __, 2011 WL 5141505, at *3 (D. Or. Oct.20, 2011) (administrative rules); *Jensen v. County of Sonoma*, No. 08-3440, 2008 WL 5048203, at *3 (N.D. Cal. Nov. 25, 2008) (administrative decision and order); *Citizens For a Better Environment-California v. Union Oil Co.*, 861 F. Supp. 889, 897 (N.D. Cal. 1994).

## V. CONCLUSION

For the foregoing reasons, Plaintiffs request the Court take judicial notice of Exhibits A through T and consider those exhibits in ruling on Plaintiffs' Motion for Partial Judgment on the Pleadings.

Date: May 17, 2012  **MICHEL & ASSOCIATES, P.C.**

   s/ C. D. Michel
C. D. Michel
Attorney for Plaintiffs

**DECLARATION OF CLINTON B. MONFORT**

I, Clinton B. Monfort, declare as follows:

    1.    I am over the age of eighteen and not a party to this action. I am an attorney licensed to practice law before all district courts in the State of California. I am an associate attorney at the law firm Michel & Associates, P.C., attorneys of record for Plaintiffs in this action.

    2.    On or about May 16, 2012, I visited the CM\ECF document filing system of the U.S. District Court for the Eastern District of North Carolina. From that website, I reviewed and printed a copy of a court order granting in part and denying in part plaintiff's motion for summary judgment in *Bateman v. Perdue*, Case No. 5:10-265. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit A" is a true and correct copy of Order, *Bateman v. Perdue*, No. 5:10-265 (E.D. N.C. Mar. 29, 2012).

    3.    On or about May 16, 2012, I visited the official website of the U.S. Supreme Court, on which transcripts of oral argument before the Supreme Court are posted for public viewing. From that website, I reviewed and printed a copy of the March 18, 2008, transcript of oral argument in *District of Columbia v. Heller*, 554. U.S. 570 (2008). Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit B" is a true and correct copy of Oral Argument Transcript, *District of Columbia v. Heller*, 554 U.S. 570 (No. 07-290), *available at* http://www.supremecourt.gov/ oral_arguments/argument_transcripts/07-290.pdf (last accessed May 16, 2012).

    4.    On or about May 16, 2012, I visited the official website of the U.S. Department of Justice, Bureau of Justice Statistics, on which publications of the Bureau of Justice Statistics are posted. From that website, I reviewed and printed a copy of National Crime Victimization Survey: Victimization During Household Burglary. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit C" is a true and correct copy of Bureau of Justice Statistics, U.S. Dep't of Justice, National Crime Victimization Survey: Victimization During Household Burglary 6 tbl.9 (2010), *available at* http://www.bjs.gov/content/pub/pdf/vdhb.pdf (last accessed May 16, 2012).

    5.    On or about September 7, 2011, my office sent a request for public records to the City and County of San Francisco Clerk of the Board of Supervisors, pursuant to the California

1  Public Records Act, Government Code section 6250, et seq., and the San Francisco Sunshine
2  Ordinance, Chapter 67 of the San Francisco Administrative Code. The request sought all writings
3  concerning the drafting and consideration of Ordinance No. 206-11 (File No. 110901). On or
4  about September 16, 2011, Ms. Madeleine Licavoli, Deputy Director, responded to our request on
5  San Francisco Board of Supervisors letterhead. Enclosed with her response was a copy of
6  correspondence from the California Rifle& Pistol Association (CRPA) to the San Francisco
7  Board of Supervisors regarding CRPA's opposition to Ordinance No. 201-11 (File No. 110901).
8  Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit D is a true and correct
9  copy of Letter from California Rifle & Pistol Association, to San Francisco Board of Supervisors
10 (Sept. 26, 2011) provided to my office by Ms. Licavoli.

11      6.   On or about September 7, 2011, my office sent a request for public records to the
12 City and County of San Francisco Clerk of the Board of Supervisors, pursuant to the California
13 Public Records Act, Government Code section 6250, et seq., and the San Francisco Sunshine
14 Ordinance, Chapter 67 of the San Francisco Administrative Code. The request sought all writings
15 concerning the drafting and consideration of Ordinance No. 206-11 (File No. 110901). On or
16 about September 16, 2011, Ms. Madeleine Licavoli, Deputy Director, responded to our request on
17 San Francisco Board of Supervisors letterhead. Enclosed with her response was a copy of a *New*
18 *York Times* article by Clifford Krauss, entitled *Experts Support Hollow Point Bullets*. Attached to
19 Plaintiffs' Request for Judicial Notice and marked as "Exhibit E" is a true and correct copy of
20 Clifford Krauss, *Experts Support Hollow Point Bullets*, N.Y. Times, Mar. 6, 1997, provided to my
21 office by Ms. Licavoli.

22      7.   On or about September 7, 2011, my office sent a request for public records to the
23 City and County of San Francisco Clerk of the Board of Supervisors, pursuant to the California
24 Public Records Act, Government Code section 6250, et seq., and the San Francisco Sunshine
25 Ordinance, Chapter 67 of the San Francisco Administrative Code. The request sought all writings
26 concerning the drafting and consideration of Ordinance No. 206-11 (File No. 110901). On or
27 about September 16, 2011, Ms. Madeleine Licavoli, Deputy Director, responded to our request on
28 San Francisco Board of Supervisors letterhead. Enclosed with her response was a copy of the

1  Statement of Martin Fackler, M.D. submitted to the San Francisco Board of Supervisors in
2  opposition to Ordinance No. 206-11 (File No. 110901). Attached to Plaintiffs' Request for
3  Judicial Notice and marked as "Exhibit F" is a true and correct copy of Statement of Martin
4  Fackler, M.D. (Sept. 23, 2011) provided to my office by Ms. Licavoli.

5        8. On or about September 7, 2011, my office sent a request for public records to the
6  City and County of San Francisco Clerk of the Board of Supervisors, pursuant to the California
7  Public Records Act, Government Code section 6250, et seq., and the San Francisco Sunshine
8  Ordinance, Chapter 67 of the San Francisco Administrative Code. The request sought all writings
9  concerning the drafting and consideration of Ordinance No. 206-11 (File No. 110901). On or
10 about September 16, 2011, Ms. Madeleine Licavoli, Deputy Director, responded to our request on
11 San Francisco Board of Supervisors letterhead. Enclosed with her response was a copy of the
12 Statement of Stephen Helsley submitted to the San Francisco Board of Supervisors in opposition
13 to Ordinance No. 206-11(File No. 110901). Attached to Plaintiffs' Request for Judicial Notice
14 and marked as "Exhibit G" is a true and correct copy of Statement of Stephen Helsley (Sept. 23,
15 2011) provided to my office by Ms. Licavoli.

16       9. On or about May 7, 2012, I visited the official website of San Francisco
17 Government Television, on which videos and transcripts of the hearings of the San Francisco
18 Board of Supervisors, Public Safety Committee, are posted for public viewing. From that website,
19 I reviewed and printed a copy of the September 15, 2011, transcript of testimony before the Public
20 Safety Committee. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit H"
21 is a true and correct copy of Transcript, San Francisco Board of Supervisors, Public Safety
22 Committee Hearing (Sept. 15, 2011), *available at* http://sanfrancisco.granicus.com/
23 ViewPublisher.php? view_id=44 (Click "Caption Notes" for Sept. 15, 2011) (last accessed May
24 16, 2012).

25       10. On or about May 14, 2012, I visited the official website of San Francisco
26 Government Television, on which videos and transcripts of the hearings of the San Francisco
27 Board of Supervisors are posted for public viewing. From that website, I reviewed and printed a
28 copy of the September 27, 2011, transcript of testimony before the San Francisco Board of

1 Supervisors. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit I" is a true and correct copy of Transcript, San Francisco Board of Supervisors, Board of Supervisors Hearing (Sept. 27, 2011), *available at* http://sanfrancisco.granicus.com/ViewPublisher.php?view_id=10 (Click "Caption Notes" for Sept. 27, 2011) (last accessed May 16, 2012).

11. On or about May 14, 2012, I visited the official website of San Francisco Government Television, on which videos and transcripts of the hearings of the San Francisco Board of Supervisors are posted for public viewing. From that website, I reviewed and printed a copy of the October 4, 2011, transcript of testimony before the San Francisco Board of Supervisors. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit J" is a true and correct copy of Transcript, San Francisco Board of Supervisors, Board of Supervisors Hearing (Oct. 4, 2011), *available at* http://sanfrancisco.granicus.com/ViewPublisher.php?view_id=10 (Click "Caption Notes" for Oct. 4, 2011) (last accessed May 16, 2012).

12. On or about May 16, 2012, I visited the official website of the American Bar Association (ABA), on which sample products and publications of the ABA are posted for free public viewing. From that website, I reviewed and printed a copy of Chapter 1 of *Science for Lawyers*, a publication of the ABA Section of Science and Technology Law. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit K" is a true and correct copy of Lisa Steele, *Ballistics*, in *Science for Lawyers* (Eric York Drogin ed., A.B.A. Sec. of Sci. & Tech. Law 2008), *available at* http://apps.americanbar.org/abastore/products/books/abstracts/5450051chap1_abs.pdf (last accessed May 16, 2012).

13. On or about May 10, 2012, I visited the official website of the *New York Times*, on which archived copies of articles from the *New York Times* are posted for public viewing. From that website, I reviewed and printed a copy of Kit R. Roane's article, *In Many Cities, New Bullets Have Not Brought Complaints*. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit L" is a true and correct copy of Kit. R. Roane, *In Many Cities, New Bullets Have Not Brought Complaints*, N.Y. Times, July 9, 1998, *available at* http://www.nytimes.com/1998/07/09/nyregion/in-many-cities-new-bullets-have-not-brought-complaints.html (last accessed May, 16, 2012).

14. On or about September 7, 2011, my office sent a request for public records to the City and County of San Francisco Clerk of the Board of Supervisors, pursuant to the California Public Records Act, Government Code section 6250, et seq., and the San Francisco Sunshine Ordinance, Chapter 67 of the San Francisco Administrative Code. The request sought all writings concerning the drafting and consideration of Ordinance No. 206-11 (File No. 110901). On or about September 16, 2011, Ms. Madeleine Licavoli, Deputy Director, responded to our request on San Francisco Board of Supervisors letterhead. Enclosed with her response was a copy of a *Washington Post* article, entitled *More Powerful Ammo Studied By D.C. Police*. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit M" is a true and correct copy of Stephen J. Lynton & Alfred E. Lewis, *More Powerful Ammo Studied By D.C. Police*, Wash. Post, Nov. 5, 1976, provided to my office by Ms. Licavoli.

15. On or about September 7, 2011, my office sent a request for public records to the City and County of San Francisco Clerk of the Board of Supervisors, pursuant to the California Public Records Act, Government Code section 6250, et seq., and the San Francisco Sunshine Ordinance, Chapter 67 of the San Francisco Administrative Code. The request sought all writings concerning the drafting and consideration of Ordinance No. 206-11 (File No. 110901). On or about September 16, 2011, Ms. Madeleine Licavoli, Deputy Director, responded to our request on San Francisco Board of Supervisors letterhead. Enclosed with her response was a copy of a *Washington Star* article, entitled *District Police Moving To Get Bullets With More Stopping Action*. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit N" is a true and correct copy of Early Byrd & Zofia Smardz, *District Police Moving To Get Bullets With More Stopping Action*, Wash. Star., Nov. 27, 1976, provided to my office by Ms. Licavoli.

16. On or about May 16, 2012, I visited the official website of New York City, New York, which provides public access to hundreds of City services, forms, jobs, and resources. Certain official public records are also posted for public viewing. From that website, I reviewed and printed a copy of Report of the Committee on Hollow-Point Bullets Presented to the Civilian Complaint Review Board on July 8, 1998. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit O" is a true and correct copy of Report of the Committee on Hollow-Point

Bullets Presented to the Civilian Complaint Review Board on July 8, 1998, *available at* http://www.nyc.gov/html/ccrb/pdf/hollow.pdf (last accessed May, 16, 2012).

17. On or about May 16, 2012, I visited the official website of the Arkansas State Game and Fish Commission, on which the Commission's Code Book is posted for public viewing. From that website, I reviewed and printed a copy of *Certain Firearms and Ammunition Prohibited During Modern Gun Deer Seasons*, 002 Arkansas Code of Regulations section 6.02. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit P" is a true and correct copy of *Certain Firearms and Ammunition Prohibited During Modern Gun Deer Seasons*, 002 Ark. Code R. § 6.02, *available at* http://www.agfc.com/enforcement/Documents/agfc_code_of_regulations.pdf (last accessed May 16, 2012).

18. On or about May 14, 2012, I reviewed Michie's Legal Resources at www.michie.com, a product of LexisNexis.com, on which the New Jersey Administrative Code is posted for free public viewing. From that website, I reviewed and printed a copy of New Jersey Administrative Code section 7:25-5:23. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit Q" is a true and correct copy of N.J. Admin. Code § 7:25-5:23, *available at* http://www.michie.com/newjersey/lpext.dll?f=templates&fn=main-h.htm&cp= (last accessed May 16, 2012).

19. On or about May 16, 2012, I visited the official website of the New Mexico Department of Game & Fish, on which official notices and publications of the Department are posted for public viewing. From that website, I reviewed and printed a copy of *New Mexico Big-Game and Furbearer Rules & Information 2012-2013 License Year*. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit R" is a true and correct copy of N.M. Dep't of Game & Fish, *New Mexico Big-Game and Furbearer Rules & Information 2012-2013 License Year* 16 (2012), *available at* http://www.wildlife.state.nm.us/publications/documents/rib/2012/2012BIgGame.pdf (last accessed May 16, 2012).

20. On or about May 14, 2012, I visited LAWriter® Ohio Laws and Rules, a website on which the Ohio Revised and Ohio Administrative Codes are posted for free public viewing. From that website, I reviewed and printed a copy of Ohio Administrative Code section 901.12-1-

04. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit S" is a true and correct copy of Ohio Admin. Code 901.12-1-04, *available at* http://codes.ohio.gov/oac/901%3A12-1 (last accessed May 16, 2012).

21. On or about May 14, 2012, I visited the official website of the Washington State Legislature, on which the Washington Administrative Code (WAC) is posted for free public viewing. From that website, I reviewed and printed a copy of WAC section 16-24-040. Attached to Plaintiffs' Request for Judicial Notice and marked as "Exhibit T" is a true and correct copy of Wash. Admin. Code § 16-24-040, *available at* http://apps.leg.wa.gov/wac/default.aspx?cite=16-24-040 (last accessed May 16, 2012).

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 17, 2012.

_____
Clinton B. Monfort

| | |
|---|---|
| 1 | **UNITED STATES DISTRICT COURT** |
| 2 | **FOR THE NORTHERN DISTRICT OF CALIFORNIA** |
| 3 | **SAN FRANCISCO DIVISION** |

ESPANOLA JACKSON, PAUL COLVIN, ) **CASE NO.: CV-09-2143-RS**
THOMAS BOYER, LARRY BARSETTI, )
DAVID GOLDEN, NOEMI MARGARET )
ROBINSON, NATIONAL RIFLE ) **CERTIFICATE OF SERVICE**
ASSOCIATION OF AMERICA, INC., SAN )
FRANCISCO VETERAN POLICE )
OFFICERS ASSOCIATION, )
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiffs )
　　　　　　　　　　　　　　　　　　　)
　　　　　vs. )
　　　　　　　　　　　　　　　　　　　)
CITY AND COUNTY OF SAN )
FRANCISCO, THE MAYOR OF )
SAN FRANCISCO, AND THE CHIEF )
OF THE SAN FRANCISCO POLICE )
DEPARTMENT, in their official capacities, )
and DOES 1-10, )
　　　　　　　　　　　　　　　　　　　)
　　　　　Defendants. )
　　　　　　　　　　　　　　　　　　　)

IT IS HEREBY CERTIFIED THAT:

　　I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.

　　I am not a party to the above-entitled action. I have caused service of

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS;
DECLARATION OF CLINTON B. MONFORT IN SUPPORT**

**PART 1 OF 2; EXHIBITS A - I**

on the following party by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Wayne Snodgrass, Deputy City Attorney
Christine Van Aken, Deputy City Attorney
Office of the City Attorney
1 Drive Carlton B. Goodlett Place
City Hall, Room 234
San Francisco, CA 94102

　　I declare under penalty of perjury that the foregoing is true and correct. Executed on May 17, 2012.

　　　　　　　　　　　　　　　　　　　/s/ C. D. Michel
　　　　　　　　　　　　　　　　　　　C. D. Michel
　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs