1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  WAYNE SNODGRASS, State Bar #148137
   CHRISTINE VAN AKEN, State Bar #241755
3  Deputy City Attorneys
   1 Dr. Carlton B. Goodlett Place
4  City Hall, Room 234
   San Francisco, California 94102-4682
5  Telephone:     (415) 554-4633
   Facsimile:      (415) 554-4747
6  E-Mail:         christine.van.aken@sfgov.org

7  Attorneys for Defendants
   CITY AND COUNTY OF SAN FRANCISCO,
8  SAN FRANCISCO MAYOR, AND
   SAN FRANCISCO CHIEF OF POLICE

9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12

13

14  ESPANOLA JACKSON, PAUL COLVIN,        Case No. C09-2143 RS
    THOMAS BOYER, LARRY BARSETTI,
15  DAVID GOLDEN, NOEMI MARGARET          **JOINT CASE MANAGEMENT**
    ROBINSON, NATIONAL RIFLE             **CONFERENCE STATEMENT**
16  ASSOCIATION OF AMERICA, INC. SAN
    FRANCISCO VETERAN POLICE
17  OFFICERS ASSOCIATION,

18                  Plaintiffs,

19          vs.

20  CITY AND COUNTY OF SAN
    FRANCISCO, THE MAYOR OF SAN
21  FRANCISCO, and THE CHIEF OF THE SAN
    FRANCISCO POLICE DEPARTMENT, in
22  their official capacities,

23                  Defendants.

24

25

26

27

28

Joint Case Management Conf. Statement                     n:\govlit\li2012\091333\00783981.doc
**USDC No. C09-2143 RS**

The parties hereby submit this Joint Case Management Conference Statement.

**1.       Jurisdiction and Service**

The Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 because plaintiffs contend that San Francisco Police Code § 4512 violates their Second Amendment rights and that San Francisco Police Code § 613.10(g) violates their rights under the Second Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments.  All parties have been served and have appeared.

**2.       Facts**

The individual plaintiffs contend that they wish to store handguns in their homes unlocked for lawful self-defense purposes and to purchase ammunition prohibited by San Francisco Police Code § 613.10(g) for lawful self-defense purposes in their homes.  The entity plaintiffs contend that their members' rights are violated by the challenged ordinances.  Plaintiffs also contend that there are no factual issues in dispute as set forth in Plaintiffs' pending Motion for Judgment on the Pleadings because this case is a facial challenge to two government enactments and in light of this Court's Order Denying the City's Motion to Dismiss.

The City and County of San Francisco ("City") asserts that it has no knowledge of the individual plaintiffs' practices or wishes but wants to conduct discovery to determine whether the ordinances at issue can lawfully be applied to the individual plaintiffs and whether the individual plaintiffs in fact have standing to bring their claims.  The City also contends that modern lockboxes provide easy access to stored firearms, rendering them useable in the event of a self-defense emergency, and that conventional ammunition whose sale is not prohibited by the City's ammunition ordinance is sufficient for self-defense purposes.

**3.       Legal Issues**

San Francisco Police Code § 4512 requires that guns stored in the home either be carried on the person of an adult, under the control of a peace officer, or locked in a storage box or with a trigger lock.  Plaintiffs contend this ordinance violates their Second Amendment right to keep and bear arms for lawful self-defense purposes because that all enactments burdening self-defense in the home are either categorically invalid or subject to strict scrutiny. Plaintiffs also contend that that the government

cannot require residents to store their firearms inoperable at all times, including when Plaintiffs are most vulnerable to a criminal attack, and that such restrictions are invalid under any level of heightened scrutiny. The City contends that storage enactments are outside the scope of the Second Amendment right recognized by *District of Columbia v. Heller*, 554 U.S. 570 (2008) or alternatively that the City's storage ordinance passes intermediate scrutiny because it imposes a minimal burden on Second Amendment and is readily justified by the City's interest in protecting public safety.

San Francisco Police Code § 613.10(g) prohibits licensed ammunition dealers from selling what the City deems "enhanced lethality ammunition," including hollow point ammunition and ammunition that serves no sporting purpose. Plaintiffs contend that this ordinance violates their Second Amendment rights because it bans the sale of ammunition in common use for lawful self-defense purposes, and because the City's sporting purposes ban directly conflicts with the right to keep and bear arms for the core purpose of self-defense. The City contends that the Second Amendment does not protect exceptionally dangerous ammunition and firearms, that conventional ammunition is sufficient for self-defense purposes, and that its ordinance survives intermediate scrutiny because it is reasonably tailored to the City's interest in minimizing firearms injuries and fatalities.

Plaintiffs also contend that Police Code § 613.10(g) violates the due process clause because its definition "serves no sporting purpose" is vague and overbroad. The City contends that this is a common and readily understood term of art in gun control legislation.

The City contends that Plaintiffs lack standing to challenge the ordinances because they have not shown that the ordinances are reasonably likely to be applied to them or that they have violated the ordinances and received individualized threats of enforcement. The Court has denied the City's motion to dismiss the case on this basis. Dkt. 89.[1]

### 4.   Motions

Plaintiffs have filed a motion for partial judgment on the pleadings on their Second Amendment claims. This motion is fully briefed and set to be heard on July 12, 2012.

---

[1] Plaintiffs also challenged Police Code § 1290, which prohibits the discharge of firearms within city limits. Since this lawsuit was filed, the City has amended the discharge ban to provide an exception for discharge during a self-defense emergency in the home. Plaintiffs are no longer proceeding with this claim.

The parties anticipate filing motions for summary judgment.  The Court has set a final pretrial motions deadline of December 13, 2012.

The parties may also file discovery motions, as discussed *infra* in Section 8.

**5.     Amendment of Pleadings**

Plaintiffs have filed a First Amended Complaint.  The parties do not anticipate any further amendments to the pleadings.

**6.     Evidence Preservation**

Plaintiffs believe that all evidence that might be relevant to this dispute is in the Plaintiffs' possession or in the possession of Plaintiffs' counsel in Long Beach, California, and has been preserved as a matter of course.  The City believes that all evidence relevant to this dispute in the City's possession is the legislative file of the San Francisco Board of Supervisors for the relevant enactments and is preserved as a matter of course.

**7.     Disclosures**

The parties believe they have made full and timely initial disclosures.

**8.     Discovery**

In its Case Management Order of November 18, 2011 (Dkt. 101), the Court limited fact discovery as follows: (a) ten (10) non-expert depositions per party; (b) twenty-five (25) interrogatories per party, including all discrete subparts; (c) a reasonable number of requests for production of documents or for inspection per party; and (d) a reasonable number of requests for admission per party.

The City has propounded written discovery to the individual plaintiffs and wishes to depose the individual plaintiffs to learn about their firearm ownership and storage practices, where they purchase their ammunition, their experience with different kinds of ammunition, how they secure their guns to prevent theft, what individuals regularly or occasionally visit their homes, and their experience with different methods of firearms storage.  The City believes these depositions will inform whether plaintiffs have standing to maintain this case and whether the City's firearms and ammunition ordinances can lawfully be applied to plaintiffs.  To date, plaintiffs have not agreed that these depositions may be conducted, and the parties of agreed to table depositions until the Court has ruled

on Plaintiffs Motion For Judgment on the Pleadings to conserve client resources and in the interest of judicial economy. The City also intends to serve paper discovery on the organizational defendants. Plaintiffs do not believe that any material factual issues are in dispute, but reserve the right to propound written discovery depending upon the Court's ruling on Plaintiffs' Motion for Partial Judgment on the Pleadings.

Plaintiffs to date have provided limited responses to the City's discovery.  Plaintiffs contend that discovery is largely unnecessary in this case because it poses only legal questions and there are no material factual issues relevant to resolution of those legal issues.  In the event the Court denies plaintiffs' motion for partial judgment on the pleadings because of factual issues, however, plaintiffs may wish to take discovery.

In light of the parties' disagreement over whether depositions of the plaintiffs should occur, and their belief that this Court's ruling on plaintiffs' motion for partial judgment on the pleadings would inform the parties whether the Court believes any facts are relevant to the resolution of this case, the parties presented a stipulation and proposed order to the Court extending the discovery dates in this case beyond the motion for partial judgment on the pleadings.  Dkt. 120, 121.  The Court did not endorse the parties' proposed order.

The parties therefore wish to discuss the discovery schedule and current limits on the scope of discovery with the Court at this case management conference.

The current discovery schedule in this case is as follows (per Dkt. 101):

| | |
|---|---|
| Aug. 25, 2012 | Fact discovery closes (the parties have stipulated to extend this deadline to October 1) |
| Sept. 1, 2012 | Plaintiffs' expert disclosures |
| Sept. 15, 2012 | Defendant's expert disclosures |
| Oct. 1, 2012 | Expert discovery closes |

**9.     Class Actions**

Not applicable.

**10.     Related Cases**

The Ninth Circuit has not yet determined what standard of review applies to Second Amendment claims.  *See Nordyke v. King*, No. 07-15763, 2012 WL 1959239 (9th Cir. June 1, 2012) (*en banc*).  There are cases pending before the Ninth Circuit that may address this issue, including

*Peruta v. San Diego*, Ninth Circuit Case No. 10-56971, *Richards v. Prieto*, Ninth Circuit Case No. 11-16255, and *Mehl v. Blanas*, Ninth Circuit Case No. 08-15773, which are fully briefed. (These cases were stayed pending *Nordyke*. The stays in *Peruta* and *Richards* were recently lifted.) *Peruta* and *Mehl* involves challenges to San Diego's and Sacramento's administration of concealed weapons licenses, respectively, and *Prieto* involves a challenged to California statutes regulating licenses to carry firearms. These cases will not directly control the issues in this case. The City notes that these cases may provide a standard of review for Second Amendment claims that will be applicable here. Plaintiffs note that these cases may not address the standard of review applicable to restrictions on the core right to keep and bear arms in the home for self-defense because those cases involve the right to carry firearms in public.

**11.    Relief**

Plaintiffs seek a declaration that the challenged statutes are unconstitutional and an injunction prohibiting the City from implementing them. Plaintiffs also seek attorneys' fees pursuant to 42 U.S.C. § 1988. Plaintiffs do not seek damages.

**12.    Settlement and ADR**

Because this case presents questions of law and facial challenges to legislative enactments, the parties do not believe that settlement is possible.

**13.    Consent to Magistrate Judge**

The parties do not consent to a magistrate judge for all purposes.

**14.    Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

Plaintiffs believe that the Court can resolve their Second Amendment claims on the pleadings, as indicated by their motion for partial judgment on the pleadings. The parties do not otherwise believe the case can be narrowed by motion or stipulation.

**16.    Expedited Trial Procedure**

The parties do not believe this case can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.    Scheduling**

This Court has set a schedule for expert designations and discovery cutoffs, as discussed above.  The deadline for hearing dispositive motions is December 13, 2012.  The pretrial conference is set for February 14, 2013, at 10:00 a.m.  Trial is set for February 25, 2013, at 9:00 a.m.  *See* Dkt. 101.

**18.    Trial**

The parties expect, if plaintiffs' motion for partial judgment on the pleadings is not granted in full, that this case can be resolved by summary judgment.  If trial is necessary, the case will be tried to the Court.  The parties anticipate no more than 2 days for trial.

**19.    Disclosure of Non-party Interested Entities or Persons**

Neither Plaintiffs nor the City have any interested entities or persons to disclose.

Dated: July 6, 2012

>               DENNIS J. HERRERA
>               City Attorney
>               WAYNE SNODGRASS
>               CHRISTINE VAN AKEN
>               Deputy City Attorneys
>
>
>          By:_____/s/_____.
>               CHRISTINE VAN AKEN
>
>          Attorneys for Defendants
>
>
>
>          MICHEL & ASSOCIATES, P.C.
>
>
>          By:_____/s/_____.
>               CLINTON B. MONFORT*
>               Attorney for Plaintiffs

* The filer of this document attests that concurrence in the filing of this document has been obtained from this signatory.