C. D. Michel - S.B.N. 144258
Glenn S. McRoberts - S.B.N. 144852
Clinton B. Monfort - S.B.N. 255609
Anna M. Barvir - S.B.N. 268728
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite 200
Long Beach, CA 90802
Telephone: 562-216-4444
Facsimile: 562-216-4445
Email: cmichel@michellawyers.com

Attorneys for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ESPANOLA JACKSON, PAUL COLVIN, THOMAS BOYER, LARRY BARSETTI, DAVID GOLDEN, NOEMI MARGARET ROBINSON, NATIONAL RIFLE ASSOCIATION OF AMERICA, INC., SAN FRANCISCO VETERAN POLICE OFFICERS ASSOCIATION, <br><br> Plaintiffs <br><br> vs. <br><br> CITY AND COUNTY OF SAN FRANCISCO, THE MAYOR OF SAN FRANCISCO, AND THE CHIEF OF THE SAN FRANCISCO POLICE DEPARTMENT, in their official capacities, and DOES 1-10, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. **C09-2143-RS**

**PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION TO DISMISS PLAINTIFF PAUL COLVIN; NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF THOMAS BOYER; POINTS AND AUTHORITIES IN SUPPORT; DECLARATION OF CLINTON B. MONFORT**

Fed. R. Civ. P. 41(a)

Date:     November 8, 2012
Time:     1:30 p.m.
Place:    Courtroom 3 - 17th Floor
           450 Golden Gate Ave.
           San Francisco, CA 94102

<u>**NOTICE OF MOTION AND MOTION**</u>

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**: Notice is hereby given that on November 8, 2012, at 1:30 p.m., or as soon thereafter as counsel may be heard by the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, California, in the courtroom of the Honorable Judge Richard Seeborg, Plaintiffs will and hereby do move for voluntary dismissal of certain individual plaintiffs' claims pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

Plaintiffs will seek an order dismissing all claims of the individual plaintiffs Thomas Boyer and Paul Colvin against all defendants. Mr. Colvin seeks dismissal of his claims against defendants due to his age, serious medical condition, and unreliable memory. The City does not oppose Mr. Colvin's dismissal. Dismissal of Mr. Boyer's claims is proper because he has legitimate concerns regarding his continued participation in this lawsuit, and because the City cannot establish any legally cognizable prejudice resulting from his removal.

This motion shall be based on this notice of motion and motion, the memorandum of points and authorities in support, the declarations filed concurrently herewith, and upon any further matters the Court deems appropriate.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     INTRODUCTION**

Plaintiffs Colvin and Boyer initially joined this lawsuit to secure the ability to exercise their right to keep and bear arms within the City and County of San Francisco free from threat of criminal prosecution in the same manner that all other Americans do. But, in light of Mr. Colvin's age, memory loss, and current medical condition and in light of Mr. Boyer's legitimate fears of harassment and retaliation by the City, they have each realized that the pressures and risks of actively participating in this lawsuit have become too great. No matter how deeply and sincerely they believe the challenged ordinances unconstitutionally infringe upon their Second Amendment liberties, the risks are simply not worth the fight. And they each seek dismissal from this lawsuit.

The City has indicated it will not oppose Mr. Colvin's dismissal, but seems insistent on forcing Mr. Boyer to continue his active participation in this lawsuit over his legitimate concerns.

Through past discovery efforts, the City delved into irrelevant and private details about Mr. Boyer's gun ownership and possession, and now seeks to keep him in the case and compel him to disclose such details when all he seeks now is to be released from the case and to be left alone.

Defendants will suffer no legally cognizable prejudice if the court dismisses Mr. Boyer at this time. The City has expended no significant time or effort in specifically defending itself against Mr. Boyer's claims. Plaintiffs have neither engaged in excessive delay nor demonstrated a lack of diligence in prosecuting their claims. Mr. Boyer has explained his legitimate reasons for seeking dismissal. And the City has not yet filed a motion for summary judgment, such that might suggest Mr. Boyer seeks dismissal of his claims to prevent an unfavorable final ruling on the merits. Indeed, four individual plaintiffs and two organizational plaintiffs remain willing and able to continue pursuit of their identical claims and they each remain available for deposition.

Absent any legal harm to the City by Mr. Boyer's dismissal, the Court should reject the City's attempt to coerce his continued participation and grant Plaintiffs' request to dismiss the claims of both Mr. Boyer and Mr. Colvin against all defendants.

## II.  THE COURT SHOULD GRANT PLAINTIFFS' UNOPPOSED MOTION TO DISMISS PLAINTIFF PAUL COLVIN

The City has indicated that it will not oppose Plaintiffs' motion to dismiss Mr. Colvin's claims against all defendants, based on his age, medical condition, and unreliable memory. Declaration of Clinton B. Monfort ("Monfort Decl.") ¶ 2. As such, Plaintiffs request this Court issue an order granting Plaintiffs' Unopposed Motion to Dismiss Plaintiff Paul Colvin and dismissing all claims brought by Mr. Colvin against all defendants.

## III.  PLAINTIFFS' MOTION TO DISMISS PLAINTIFF THOMAS BOYER IS PROPER BECAUSE MR. BOYER HAS LEGITIMATE CONCERNS REGARDING HIS CONTINUED PARTICIPATION AND BECAUCE THE CITY WILL SUFFER NO LEGAL PREJUDICE

Rule 41(a)(2) of the Federal Rules of Civil Procedure allows a plaintiff, pursuant to court order, to voluntarily dismiss an action by court order at any time. *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)). Even when the defendant has filed an answer and refuses to

stipulate to a voluntary dismissal, the Court has discretion to grant a motion for voluntary dismissal "upon such terms and conditions as [it] deems proper." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993) (quoting Fed. R. Civ. P. 41(a)(2)). The Court should freely grant a motion for voluntary dismissal unless the defendant can demonstrate that it will suffer some "plain legal prejudice" as a result. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). Because Mr. Boyer has legitimate concerns regarding his continued participation in this lawsuit, and because the City cannot establish any legally cognizable prejudice resulting from Mr. Boyer's dismissal, the Court should grant Plaintiffs' request.

## A. Mr. Boyer Has Legitimate Concerns Regarding His Continued Participation in this Lawsuit and Seeks Dismissal of His Claims

Mr. Boyer previously faced harassment from the City and its agents which followed his participation in other litigation against the City. Boyer Decl. ¶ 3. He legitimately fears further retaliation from the City and, for that reason, he wishes to be released from the case at this time. Boyer Decl. ¶ 3.

Additionally, Mr. Boyer is HIV positive, and he believes that his ongoing participation in this lawsuit and the stress it causes is deleterious to his health. Boyer Decl. ¶ 5. For this additional reason, Mr. Boyer wishes to be dismissed from this lawsuit. Boyer Decl. ¶ 5.

Further, in December 2011, during the preparation of responses to the City's written discovery, Mr. Boyer first became concerned that the types of questions posed by the City would expose to the government personal information regarding, among other things, the types and number of firearms he owns. Boyer Decl. ¶ 2. He was particularly concerned about requests for an itemized list of all firearms and ammunition he had possessed at any point and for any duration since 2007,[1] Boyer Decl. ¶ 2, the answers to which would entail the creation of a de facto

---

[1] The City specifically asked Mr. Boyer to identify "each firearm that has been in [his] private residence while in your possession, custody or control at any time since August 2007, including but not limited to its make, model and serial number and the period of time during which [he] kept that firearm in [his] home." Pl. Boyer's Resp. to Defs.' Interrogs. Set One 4 (attached as Ex. B to Monfort Decl.). The City also asked him to "[i]dentify every type of ammunition [he] has purchased for or used in each of the firearms [he] identified in response to Interrogatory No. 2, including but not limited to its manufacturer or brand name, caliber, jacket construction, place of

registration of his gun collection with the City. Mr. Boyer agreed to provide substantive and relevant responses to the City's written discovery, but Plaintiffs' counsel raised numerous objections consistent with Mr. Boyer's concerns. *See, e.g.*, Pl. Boyer's Resp. to Defs.' Interrogs. Set One 4-8 (attached as Ex. B to Monfort Decl.). Mr. Boyer, then satisfied that his sensitive, personal information would not be divulged to the City, elected to remain a party to this action for the time. Boyer Decl. ¶ 2.

In recent weeks, however, Mr. Boyer again raised concerns that his continued participation in this lawsuit would ultimately result in the City learning of his sensitive, personal information and further intimidation and harassment, similar to that faced following his past participation in litigation against the City. Boyer Decl. ¶ 4. Because the City is the party seeking to force Mr. Boyer's deposition (and continued participation in this suit), the common avenues for protecting a party's privacy, including the filing of deposition testimony under seal, are insufficient to alleviate these concerns. Mr. Boyer further fears retaliation his continued participation in this lawsuit in any other capacity, and he wishes to be removed from the lawsuit to prevent this.

For each of these reasons, Mr. Boyer seeks dismissal of his claims against all defendants. The identical claims of Plaintiffs Jackson, Barsetti, Golden, Robinson, the National Rifle Association, and the San Francisco Veteran Police Officers Association would remain.

### B. The City Cannot Establish Any Legally Cognizable Prejudice Resulting From Dismissal

Dismissal of Mr. Boyer's claims is proper because the City cannot establish any legally cognizable prejudice that dismissal of Mr. Boyer's claims would invite upon it. When ruling on a Rule 41 motion to dismiss, the district court must first determine whether the defendant will suffer legal prejudice. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994). Legal prejudice "is just that – prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). To decide the question of "legal prejudice" to a defendant, courts generally consider: (1) The defendant's effort and expense

---

purchase and date of purchase." Pl. Boyer's Resp. to Defs.' Interrogs. Set One 6(attached as Ex. B to Monfort Decl.).

PLAINTIFFS' MOTION TO DISMISS PLAINTIFFS COLVIN & BOYER    C-09-2143-RS

involved in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation of need to take a dismissal; and (4) whether summary judgment has been filed by the defendant. *United States v. Berg*, 190 F.R.D. 539, 543 (E.D. Cal. 1999).[2] None of these factors counsel in favor of denying Mr. Boyer's request to be released from this lawsuit.

First, there remain in this litigation four individual plaintiffs, who are each willing and physically able to continue pursuit of their identical claims against all defendants. Any effort or expense the City has already expended in preparing this case for summary judgment or trial will undoubtedly be essential to the City's continued defense against the remaining plaintiffs' claims. Further, any efforts directed toward Mr. Boyer alone have been insufficient to justify denial of Mr. Boyer's request for dismissal. Indeed, his claims are identical to those remaining, the City's previously raised standing and ripeness defenses applied equally to each individual plaintiff, Mr. Boyer's deposition has not yet taken place, and the only written discovery propounded on Mr. Boyer was simply copied from the discovery propounded on every other individual plaintiff.[3] All of these points make it highly unlikely that the City has spent any significant time or effort defending itself specifically against Mr. Boyer's claims.

Further, Plaintiffs have not engaged in "excessive delay" or shown a "lack of diligence" in prosecuting their claims. While it is true this case was filed some three years ago, the long procedural history is not the fault of Plaintiffs. In fact, all proceedings were stayed for more than a year – on the parties' stipulation – pending the determination of whether the Second Amendment applies against the states. Min. Order, Aug. 27, 2009 [Doc. No. 21]. And even then, the City itself opposed Plaintiffs' motion to lift that stay when the U.S. Supreme Court ruled in *McDonald v.*

---

[2] Conversely, courts have concluded that the following harms do not constitute the required legal prejudice: (1) any harm flowing from defendant facing prospect of second lawsuit or plaintiff merely gaining a tactical advantage; (2) uncertainty because a dispute remains unresolved; (3) expenses incurred in defending against a lawsuit; and (4) the threat of future litigation. *Petaluma City Sch. Dist. v. Victor D.*, No. 00-01979, 2001 WL 492466, at *2 (N.D. Cal. May 3, 2001).

[3] *Compare* Defs.' Interrogs. to Pl. Espanola Jackson Set One  (attached as Ex. B to Monfort Decl.), *with* Pl. Boyer's Resp. to Defs.' Interrogs. Set One (attached as Ex. B to Monfort Decl.).

1  *City of Chicago*, 561 U.S. 2025, 130 S. Ct. 3020 (2010), that it does. Defs.' Partial Oppn. Mot.

2  Relief from Stay [Doc. No. 32.]. The City thereafter filed its second Rule 12(b)(1) motion to

3  dismiss, arguing that Plaintiffs lacked standing to challenge the ordinances and the case was not

4  yet ripe for review. Defs.' Mem. Supp. Mot. Dismiss [Doc. No. 61] 12:17-20. That motion was

5  not heard until May 5, 2011, and it was not decided until September 27, 2011. Min. Entry, May 5,

6  2011 [Doc. No. 81]; Order Den. Mot. Dismiss for Lack of Standing [Doc. No. 89].) As a result,

7  the City was not even required to file its answer until October 17, 2011. Order Setting Deadline to

8  Resp. to Compl. [Doc. No. 91]. And since that time, Plaintiffs have continued to seek the prompt

9  conclusion on its merits, filing a motion for judgment on the pleadings and a motion for

10  preliminary injunction. Pls.' Mot. Partial J. Pldgs. [Doc. No. 109]; Pls.' Mot. Prelim. Inj. [Doc.

11  No. [Doc. No. 136]. As such, denial of Mr. Boyer's request on grounds of delay or lack of

12  diligence is improper.

13       Third, Mr. Boyer has explained his need to dismiss his claims against all defendants in Part

14  II.A. above and in his supporting declaration. In light of Mr. Boyer's legitimate concerns, forcing

15  his continued participation is not warranted as the City can show no other legally cognizable

16  prejudice.

17       The final factor also weighs in favor of granting dismissal as no motion for summary

18  judgment has yet been filed by the City, and so Mr. Boyer does not seek dismissal of his claims

19  simply to prevent an unfavorable final ruling on the merits.

20       As an aside, the City will suffer no legal harm from being unable to pursue the deposition of

21  Mr. Boyer as a party if the Court dismisses his claims. It is Plaintiffs' position that the individual

22  circumstances of *any* person are irrelevant to the merits of this facial challenge. To the extent the

23  City disagrees, any testimony it could elicit regarding Mr. Boyer's individual circumstances or his

24  personal desire or ability to engage in Second Amendment conduct would certainly be irrelevant

25  to the determination of whether the remaining plaintiffs' claims have merit.

26       In sum, the City suffers no legally cognizable harm from Mr. Boyer's dismissal at this

27  juncture, all four factors weigh in Plaintiffs' favor, and Plaintiffs' motion for voluntary dismissal

28  of Mr. Boyer's claims against all defendants should be granted.

III.  **CONCLUSION**

Based on the foregoing, Plaintiffs respectfully request that this Court grant Plaintiffs' Unopposed Motion to Dismiss Plaintiff Paul Colvin. Plaintiffs further request that this Court grant Plaintiffs' Motion to Dismiss Plaintiff Thomas Boyer.

Date: October 3, 2012                    **MICHEL & ASSOCIATES, P.C.**

                                         _s/ C. D. Michel_____
                                         C. D. Michel
                                         Attorney for Plaintiffs

## DECLARATION OF CLINTON B. MONFORT

I , Clinton B. Monfort, declare as follows:

1. I am over the age of eighteen and not a party to this action. I am an attorney licensed to practice law before all district courts in the State of California. I am an associate attorney at the law firm Michel & Associates, P.C., attorneys of record for plaintiffs in this action.

2. On or about September 19, 2012, I contacted Ms. Christine Van Aken, counsel of record for defendants, via e-mail regarding her client's position regarding the dismissal of plaintiffs Colvin and Boyer's claims. Ms. Van Aken responded via email on September 20, 2012, indicating that the City would oppose dismissal as to both plaintiffs. In a responsive email to Ms. Van Aken, I clarified that Mr. Colvin's age, medical condition, and unreliable memory made it impossible for him to continue as a plaintiff, and that Mr. Boyer had faced harassment from agents of the City and County of San Francisco ("the City") during his participation in previous litigation against the City and reasonably feared similar retaliation in connection with this lawsuit. In light of that further information, Ms. Van Aken stated that she would not object to Mr. Colvin's dismissal, but would continue to object to Mr. Boyer's dismissal.

3. On or about November 17, 2011, the City served Plaintiffs David Golden, Espanola Jackson, Thomas Boyer, Larry Barsetti, Noemi Margaret Robinson, and Paul Colvin with a first set of interrogatories. Each plaintiff was asked identical questions. As an example of the written discovery propounded on plaintiffs, attached hereto as "Exhibit A" is a true and correct copy of Plaintiff [sic] City and County of San Francisco's Interrogatories to Espanola Jackson (Set One).

4. On or about December 16, 2012, Plaintiff Thomas Boyer responded to the City's first set of written interrogatories. Plaintiff Boyer's original response was served on defendants by my office via mail. Attached hereto as "Exhibit B" is a true and correct copy of Plaintiff Thomas Boyer's Response to Defendants City and County of San Francisco Interrogatories Set One.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 3, 2012.

_____
Clinton B. Monfort

1    **UNITED STATES DISTRICT COURT**

2    **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

3    **SAN FRANCISCO DIVISION**

4    ESPANOLA JACKSON, PAUL COLVIN, ) **CASE NO.: CV-09-2143-RS**
     THOMAS BOYER, LARRY BARSETTI, )
5    DAVID GOLDEN, NOEMI MARGARET )
     ROBINSON, NATIONAL RIFLE ) **CERTIFICATE OF SERVICE**
6    ASSOCIATION OF AMERICA, INC., SAN )
     FRANCISCO VETERAN POLICE )
7    OFFICERS ASSOCIATION, )
                                        )
8        Plaintiffs )
                                        )
9        vs. )
                                        )
10   CITY AND COUNTY OF SAN )
     FRANCISCO, THE MAYOR OF )
11   SAN FRANCISCO, AND THE CHIEF )
     OF THE SAN FRANCISCO POLICE )
12   DEPARTMENT, in their official capacities, )
     and DOES 1-10, )
13                                      )
         Defendants. )
14   _____ )

15   IT IS HEREBY CERTIFIED THAT:

16       I, the undersigned, am a citizen of the United States and am at least eighteen years of age.
     My business address is 180 E. Ocean Blvd., Suite 200, Long Beach, California, 90802.
17
         I am not a party to the above-entitled action. I have caused service of
18
     **PLAINTIFFS' NOTICE OF UNOPPOSED MOTION AND MOTION TO DISMISS**
19   **PLAINTIFF PAUL COLVIN; NOTICE OF MOTION AND MOTION TO DISMISS**
     **PLAINTIFF THOMAS BOYER; POINTS AND AUTHORITIES IN SUPPORT;**
20   **DECLARATION OF CLINTON B. MONFORT**

21   on the following party by electronically filing the foregoing with the Clerk of the District Court
     using its ECF System, which electronically notifies them.
22

23   Wayne Snodgrass, Deputy City Attorney
     Christine Van Aken, Deputy City Attorney
24   Office of the City Attorney
     1 Drive Carlton B. Goodlett Place
25   City Hall, Room 234
     San Francisco, CA 94102
26
         I declare under penalty of perjury that the foregoing is true and correct. Executed on
27   October 3, 2012.
                                        /s/ C. D. Michel_____
28                                      C. D. Michel
                                        Attorney for Plaintiffs

                                        9
     PLAINTIFFS' MOTION TO DISMISS PLAINTIFFS COLVIN & BOYER   C-09-2143-RS